# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

September 21, 2023

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Court House
500 Pearl Street
New York, Ny 10007

      Re:    <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

      The Defendants respectfully submit this joint letter on behalf of the parties, as directed by the Court, in advance of the September 26, 2023 conference.

**<u>The Government's Position</u>**

      The Government writes to (a) provide an update on the status of the response of J.P. Morgan Chase ("JPMC") to the Government's grand jury subpoenas, and (b) raise an issue related to any advice-of-counsel defense offered by defendants and the resolution of privilege issues. These issues are addressed below.[1]

      **A.  JPMC Subpoena Response Update**

      At the August 23, 2023 conference, the Court set a deadline of October 13, 2023, for completion of JPMC's response to the Government's subpoenas. The Court also directed JPMC

---

[1] Shortly before 5 p.m. today, the Government received the defendants' proposed draft of a joint letter, revising the draft that the Government provided to the defendants at 1:15 p.m. and raising an entirely new issue, related to the JPMC custodian list. In multiple meet and confers between the parties, including as recently as last night, the Government asked the defendants what issues they intended to raise in the joint letter and at the forthcoming conference, and the defendants never indicated that they would be raising the custodian issue. The Government will therefore respond to that new issue in a separate letter tomorrow.

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Honorable Judge Alvin K. Hellerstein
September 21, 2023
Page 2

to provide privilege logs on a rolling basis, every two-to-three weeks. Following the August 23, 2023 conference, the Government conveyed the Court's directives to counsel for JPMC and provided a copy of the transcript.

Based on subsequent conferrals with counsel for JPMC, the Government understands that JPMC expects to meet the Court's October 13 deadline and complete its subpoena response by the that date. For clarity, JPMC also expects to complete and produce its remaining privilege logs by the October 13 deadline as well.

The Government understands JPMC has been working expeditiously to complete its response to the subpoenas and its privilege review. Since the August 23 conference, JPMC has produced tens of thousands of records for which no claim of partial or full privilege is being made, and estimates that it will produce up to, or more than, an additional 100,000 documents to complete its response. Since the August 23 conference, JPMC has provided privilege logs on a rolling basis as directed by the Court. Specifically, JPMC has provided three privilege logs and associated productions, comprising approximately 7,527 documents that are either being redacted or withheld in full based on privilege.

The Government's third-party electronic database vendor is processing many of these productions from JPMC to the Government so that they can in turn be produced by the Government to JPMC. The Government has been coordinating with that vendor in an effort to expedite and streamline the turnaround time for such productions, with a goal of having the entirety of JPMC's productions sent to the defense by the time of the October 24, 2023 conference.

   B.  Privilege Issues

The Government does not expect to raise any challenges to JPMC's claims of privilege to date at the September 26 conference. Nevertheless, the Government notes an issue that may be relevant to the Court's ultimate rulings regarding privilege and attorney advice—namely, whether either defendant will seek to offer an advice-of-counsel defense.

To pursue such a defense, a defendant typically impliedly waives the privilege. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). Pretrial notice is therefore necessary to conduct discovery into potentially privileged areas. Further complicating and necessitating early resolution, where the attorney-client privilege is likely controlled by a corporation, the Court may need to resolve whether the defendant can rely on evidence that is protected by a company's privilege. *See United States v. Milton*, 626 F. Supp. 3d 694, 702-03 (S.D.N.Y. 2022) (denying the defendant's constitutional claim that "privileged communications become discoverable simply because a defendant wishes to use those communications in his defense"). The Government therefore seeks to alert the Court of this potential issue which may be relevant to the defendants' privilege challenges and the Court's resolution of those challenges.

On September 6, 2023, the Government sent a written request to defense counsel seeking prompt notice of either defendant's intention to pursue an advice of counsel defense and to provide the details and bases of such a defense. On September 7, 2023, defense counsel for Javice declined

Honorable Judge Alvin K. Hellerstein
September 21, 2023
Page 3

to provide such notice and declined to provide a date for such notice while there remained outstanding productions from JPMC.

As the Court considers the schedule for resolution of any privilege disputes, the Government respectfully submits that the Court should also set a deadline by which the defendants must inform the Government of their intention to pursue such a defense.

**The Defendants' Position**

As directed by the Court at the status conference held on August 23, 2023 (the "August 23 Conference"), the Defendants write to update the Court on: (1) the status of document productions by JPMC; (2) the status of JPMC's rolling privilege logs and Defendant's review of same; and (3) two issues on which the Government and Defendants are at an impasse. The Government and Defendants will come prepared to discuss the below at the September 26, 2023 status conference.

### A. Status of JPMC Document Productions

At the August 23 Conference, the Court ordered JPMC to produce privilege logs on a rolling basis. The Court ordered the Parties to confer during the weeks of September 4 and September 18 to narrow the outstanding privilege issues ahead of the September 26 status conference. Aug. 23, 2023 Hr'g Tr. ("Aug. 23 Tr.") 19:21-24. The parties have conferred on three separate occasions. Based on the Government's representations during the conferrals, Defendants understand that the Government has not yet produced all privilege logs in the case, and Defendants anticipate receiving several more privilege logs (together, containing anywhere from ten to twenty thousand entries) and many more redacted documents (potentially in the thousands or tens of thousands).

The Government has thus far produced four privilege logs from JPMC listing 7,527 redacted or withheld documents, as detailed below.

Log 1 – produced to Defendants on August 23, 2023

- 84 documents (9 withheld, 72 redacted)

Log 2 – produced to Defendants on September 11, 2023

- 3,674 documents (all withheld)

Log 3 – produced to Defendants on September 18, 2023

- 2,263 documents (4 withheld, 2,259 redacted). The 2,259 redacted documents on this log have not been produced to Defendants.

Log 4 – produced to Defendants on September 20, 2023

- 1,506 documents (1,416 withheld, 90 redacted)

Honorable Judge Alvin K. Hellerstein
September 21, 2023
Page 4

The Government produced Logs 3 and 4, which include a substantial majority of the entries, only within the past three days. As such, Defendants have not had an opportunity to meaningfully review or challenge the entries on those logs. Moreover, because Defendants have received fewer than 100 of the nearly 2,500 redacted documents that correspond to the entries on Logs 1 and 3, we are not able to meaningfully discuss those redactions. Notwithstanding those limitations, on September 19, 2023, with consent of the Government, Defendants emailed their initial set of objections to Privilege Logs 1 and 2 directly to JPMC. Defendants' challenges relate to 476 documents, most of which are documents withheld in their entirety. Defendants have not yet received a response from JPMC.

### B. Custodian List[2]

At the August 23 Conference, the Court ordered Defendants to provide the Government with a list "of those potential custodians of Chase who should be asked to search their files." *See* Aug. 23 Tr. 17:11–14; *see id*. (ordering "by . . . September 1, all identifications by defendants of those potential custodians of Chase who should be asked to search their files will be given to the government"). Defense counsel confirmed on the record "the Court's directive [that] we will provide, by the end of next week, a list of custodians which we assume, based on the Court's comments today, [they] will add to the custodian list of the government's and JP Morgan's and at that time, if there is any issue, we will bring it to the Court's attention. But so long as they're going to eventually comply with this very old subpoena and search the relevant parties' names, that's going to be sufficient for the defense at this stage." *Id.* at 17:1–9. The Court's directive followed Defendants' repeated request for internal communications among key bank personnel, many of whom were not named in the custodian list JPMC provided to the Government.

Defendants complied with the Court's directive and sent a letter with their supplemental custodian list ("Defendants' Custodian List")—along with clarifying questions about JPMC's custodian list—to the Government on September 1, 2023. Defendants' Custodian List identified the individuals who Defendants believe in good faith are likely to possess information material to

---

[2] Defendants disagree in numerous respects with the Government's recitation of the facts in footnote 1. The Parties discussed the substance of this submission only once: on the evening of September 20. Defendants never committed to limiting their portion of the submission to specific issues.

Further, the custodian issue raised herein is not "entirely new." The Government refused to engage with Defendants about custodians on the September 7 meet and confer, despite Defendants' good faith efforts to come to an agreement or, at the very least, narrow the scope of the parties' disagreement. Instead, the Government invited Defendants to seek relief from the Court. The Government's suggestion that it had insufficient time to respond to this issue is simply wrong. Nevertheless, Defendants reserve the right to respond to any other submission the Government might file on this or any other matter.

the defense. Defendants also understand that JPMC has collected but not searched many of these individuals' electronically stored documents and/or email inboxes.

Despite the Court's instruction, the Government has refused to confer with Defendants about the custodians or engage further about Defendants' supplemental custodian list at all. As Defendants previously advised the Court, JPMC's document production appears to omit highly relevant custodians including merger decision-makers, JPMC executives involved in diligence and the data requests at the core of the Government's case, and even JPMC personnel identified in the Government's own complaint. The Government has indicated it will not engage on this topic absent a further order from this Court. As a result, the parties have made no progress on this issue and remain in the exact same position as they were at the last conference. Accordingly, they require the Court's further relief to move this forward.

### C. Advice of Counsel Defense

On September 6, 2023, the Government requested by letter that the Defendants disclose whether they plan to rely on an advice of counsel defense at trial. Defendants informed the Government that its request that Defendants immediately determine and disclose whether they will rely on *any* particular defense before discovery has been completed, prior to resolution of privilege disputes, before motion practice has even begun, and well before a trial date is set, is premature, and that Defendants are not in any position to determine and disclose this without having yet received a substantial portion of Rule 16 discovery or addressed pending privilege issues. Among other things, JPMC has withheld as privileged communications involving the Defendants themselves in which they communicated with attorneys both prior to and after the JPMC acquisition. Defendants currently do not have access to those materials and thus cannot evaluate the viability of the advice of counsel defense or the potential scope of any subject-matter waiver resulting from the assertion of such a defense.

The Government is not entitled to have notice of defenses now. *See United States v. Ray*, No. 20-CR-110 (LJL), 2021 WL 5493839, at *5, *7 (S.D.N.Y. Nov. 22, 2021) (determining that the Defendant need not inform the government of its intention to assert an advice of counsel defense prior to the close of the government's case in chief); *cf.* Fed. R. Cr. P. 12 (addressing certain notices that defense must provide prior to trial but not requiring notice of advice of counsel defense).

During conferrals with the Government, the Government indicated that they plan to raise this issue with Your Honor at the forthcoming conference.

Honorable Judge Alvin K. Hellerstein
September 21, 2023
Page 6

Respectfully submitted,

/s/ Sean S. Buckley
Sean S. Buckley
Steven G. Kobre
Alexandria E. Swette
KOBRE & KIM LLP
800 Third Ave
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
Sean.Buckley@kobrekim.com
Steven.Kobre@kobrekim.com
Alexandria.Swette@kobrekim.com

Sydney Sgambato Johnson (pro hac vice)
KOBRE & KIM LLP
1919 M Street, NW
Washington, DC 20036
Telephone: (202) 664-1900
Facsimile: (202) 664-1920
Sydney.Johnson@kobrekim.com

*Counsel for Defendant Olivier Amar*

/s/ Alex Spiro
Alex Spiro
Maaren A. Shah
Samuel Nitze
JP Kernisan
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10038
Telephone: 202-538-8122
Facsimile: 202-538-8100
alexspiro@quinnemanuel.com
maarenshah@quinnemanuel.com
samuelnitze@quinnemanuel.com
jpkernisan@quinnemanuel.com

*Attorneys for Defendant Charlie Javice*

cc:     All counsel of record (via ECF)