UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
UNITED STATES OF AMERICA,                  :
:
-against-                                  :      **ORDER REGULATING**
:      **PROCEEDINGS**
CHARLIE JAVICE and OLIVIER AMAR,           :
:      23 Cr. 251 (AKH)
Defendants.               :
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendants Charlie Javice and Olivier Amar move to compel the government to obtain additional production from J.P. Morgan Chase (JPMC), the alleged victim in this case, pursuant to Fed. R. Crim. P. 16. Defendants argue that the government has control, and therefore is in constructive possession, of these documents given the relationship between the government and JPMC in prosecuting this case, and that the documents may be material to their defense. The government maintains that it has produced to Defendants all responsive documents in its custody, possession or control, and that it has satisfied all its discovery obligations.

      I heard argument on November 2, 2023. Defendants' motion is denied, with narrow exceptions discussed below. My rulings are reflected in the transcript of argument. A brief summary follows.

      JPMC, although the victim of defendants' alleged fraud, is not part of the government's prosecution team. The government subpoenaed all relevant documents from JPMC via a number of grand jury subpoenas, itemized in its memorandum in opposition, and produced the same to Defendants. Defendants complain that JPMC withheld a large number of

1

documents, itemized on an extensive privilege log, and that the government should be required to litigate improper claims of privilege. Defendants complain also that JPMC should have searched the files held by additional custodians, and names several of them.

The government represents that it has obtained, and turned over, all documents "material" for the prosecution or defense, as Rule 16 requires. It does not have an obligation to litigate documents withheld by JPMC in good faith because of privilege. *See United States v. Hunter*, 32 F.4th 22, 36 (2d Cir. 2022); *United States v. Stewart*, 433 F.3d 273 (2d Cir. 2006). The documents lawfully withheld by JPMC are not in the government's custody, possession, or control. *Cf., United States v. Stein*, 488 F. Supp. 2d 350, 363 (S.D.N.Y. 2007) (where deferred prosecution agreement ("DPA") gave government "unqualified right" to demand documents). Defendants' effort to link an entirely unrelated DPA to this case has no merit.

Defendants argue that the government should require JPMC to enlarge the number of custodians whose files should be searched. Defendants are unable to relate their request to any category of relevant or material documents and, with two exceptions, their arguments are denied. As to Mark Goldstein and Adam Shpiro, however, Defendants' motions are granted. Goldstein and Shpiro were identified in the Government's Complaint as recipients of Defendants' alleged fraudulent conduct, and they may possess relevant and material documents. The Government should require JPMC to search for, and produce, under the existing subpoenas, responsive documents in the files and emails of these two custodians. This ruling extends, as well, to all other JPMC officers or employees referenced in the Complaint. *See United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (considering the production of "files mentioned in the indictment" in ruling the defendants had "all information needed to prepare for

trial"). The government shall seek, and produce, all such documents by November 17, 2023. In all other respects, the motion is denied.

Defendants gave notice that they may seek production, by Rule 17(c) subpoena, of particular documents withheld by JPMC and identified in its privilege log. Subpoenas are issued upon request by the Clerk; a judge's signature is not required. Fed. R. Civ. P. 17(a). In light of the complexity of this case, Defendants do not have to wait until the eve of trial to issue such a subpoena. If JPMC seeks to quash the subpoena, or any of its demands, the subpoena should give notice that any such motion to quash should be filed by December 1, 2023.

## CONCLUSION

Defendants' Rule 16 motion is denied in substantial part and granted in part. The Clerk shall terminate ECF No. 57. The next status conference in this case will be held January 17, 2024 at 11 a.m. in Courtroom 14D. I intend to Rule on any motion to quash at that time. The final pre-trial conference before trial will be held October 15, 2024 at 11 a.m. Trial shall begin October 28, 2024 at 10:00 a.m. Because of the many attorneys involved and the complexity of this case, these dates are not adjournable absent a showing of good cause. On motion of the government and defendants' consent, time is excluded to January 17, 2024. The government may move to exclude additional time at that conference.

SO ORDERED.

Dated:   November 7, 2023
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3