

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

December 1, 2023

**By ECF**

The Honorable Alvin K. Hellerstein
Room 1050
Daniel Patrick Moynihan
United States Courthouse, Room 1050
500 Pearl Street
New York, New York 10007

**Re:**   *United States v. Charlie Javice and Olivier Amar*, **23 Cr. 251 (AKH)**

Dear Judge Hellerstein:

On behalf of JPMorgan Chase Bank, N.A. ("JPMC"), we write to provide an update to the Court with respect to this Court's orders dated November 2, 2023 and November 7, 2023 that any JPMC motion to quash Rule 17(c) subpoenas be filed by today, December 1, 2023. We advised both Javice's and Amar's counsel of our intention to file this letter and solicited their positions, which they have provided and are included at the end of this letter.

On November 9, 2023, defendants Charlie Javice and Olivier Amar each served a subpoena pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure on JPMC in connection with the above-referenced case (the "Subpoenas"). Both Javice's and Amar's counsel stated their availability to meet and confer at our convenience. Yesterday, we sought clarification from the Court as to whether a meet and confer was required pursuant to the Court's orders and were informed that the Court would like the parties to meet and confer in advance of filing any motion to confer, and that if more time is required to meet and confer, to inquire as to whether defense counsel would consent to an extension of time for JPMC to file any motion to quash the Subpoenas. We then contacted defense counsel and requested to meet and confer any time today. Counsel for Javice and Amar stated that they were unavailable today. We asked whether they would consent to an extension of time for JPMC's deadline to file any motion to quash so that the meet and confer could occur prior to JPMC's filing of a motion to quash. As described below, both counsel for Javice and Amar oppose any time extension of today's deadline.

In light of defense counsels' unavailability to meet and confer today and opposition to an adjournment of the motion deadline, JPMC plans to file its motion to quash today by the Court's deadline. JPMC is prepared to meet and confer with both sets of defense counsel next week; we

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rio de Janeiro  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington DC  Associated offices: Budapest  Jakarta  Shanghai FTZ  Ulaanbaatar  Zagreb.  Business Service Centers: Johannesburg  Louisville.  For more information see www.hoganlovells.com

intend to meet and confer with Amar's counsel on Monday, December 4, and are awaiting a proposed date from Javice's counsel. If there are any new developments that bear on the motion as a result, JPMC and defense counsel can file a joint submission to advise the Court of any updates. Given the Court's stated preference for the meet and confer to occur before JPMC's filing of any motion, JPMC wanted to apprise the Court of the current status should the Court wish to hear from JPMC and defense counsel for Javice and Amar on this issue prior to JPMC's filing of its motion later today.

We also wish to advise the Court that the Subpoenas together contain a staggering 65 requests for documents. We have spent the past three weeks diligently working to review and research possible responses to 65 extensive and detailed documents requests and simply were not in a position to engage in a meaningful meet and confer session at any earlier time. In addition, it was not clear to us that a meet and confer was required under the Court's orders, which is why we sought clarification on this point from the Court before discussing it with defense counsel.

From Javice's Counsel:

Counsel for Ms. Javice opposes the requested extension of time and has asked that we include the following statement of its reasons: Counsel for Ms. Javice served a Rule 17 subpoena on JPMC on November 9, 2023, fully three weeks ago, under cover of an email that offered to meet and confer at the bank's convenience. JPMC's counsel made no effort to confer until suggesting, late on November 30, 2023, that we confer today, December 1, 2023, the deadline set by the Court for JPMC to produce documents responsive to Ms. Javice's subpoena or file a motion to quash. Counsel for Ms. Javice is not available to confer until early next week. In any event, it is hard to think that the request for conferral, essentially without notice and on the date of the production deadline, was offered in good faith, at least to the extent conferral is meant to provide a meaningful opportunity for compromise or narrowing of issues in dispute. The request for an extension is only the latest in a long series of delays in this case that have served to block Ms. Javice's access to essential documents even now, nearly 8 months after her arrest. Counsel for Ms. Javice thus opposes the request for an extension of time.

From Amar's Counsel:

Mr. Amar similarly objected to an extension of today's deadline. JPMC's request to meet and confer hours before the motion was due suggests an attempt to satisfy the conferral obligation in form only rather than engaging in a good faith productive process, which the Court's rules envision. As indicated in the November 9 correspondence transmitting the subpoena to JPMC, Mr. Amar has been and remains willing to meet and confer with JPMC. To the extent such conferral results in negotiations that moot elements of JPMC's motion, JPMC and Mr. Amar agree they can file a joint submission informing the Court of any issues no longer requiring the Court's attention.

- 3 -

Please do not hesitate to contact us if you have any questions.

Sincerely,

*/s/ Allison M. Wuertz*

Kristy J. Greenberg
Allison M. Wuertz
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
Tel. (direct):  (212) 918-3219/3067
kristy.greenberg@hoganlovells.com
allison.wuertz@hoganlovells.com

cc: Counsel of Record (via ECF)