UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Charlie Javice and Olivier Amar.

*Defendants.*

**Protective Order**
**Case No. 1:23-cr-00251-AKH**

Upon the application of Non-Party JPMorgan Chase Bank, N.A. ("JPMC"), with the consent of the undersigned counsel, and Charlie Javice and Olivier Amar ("Defendants") having sought the production of documents, objects and information under Fed. R. Crim. P. 17, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material**. JPMC will make disclosure to Defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 17, all of which will be referred to herein as "Disclosure Material." JPMC's Disclosure Material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; (ii) would risk prejudicial pretrial publicity if publicly disseminated; (iii) may be produced with more limited redactions than would otherwise be necessary; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material**.  Certain of JPMC's Disclosure Material, referred to herein as "Sealed Material," contains information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity, including (i) internal competitive business intelligence and/or market analyses; (ii) internal financial data and/or projections; (iii) internal communications concerning JPMC's strategic priorities; (iv) information regarding confidential business initiatives; (v) information regarding potential business opportunities; (vi) information regarding current transactions and related financial information; and (vii) customer and/or third-party financial information.

3. **Attorney's Possession Only ("APO") Material**.  Certain materials in this case may raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations.  Disclosure Material produced by JPMC to Defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by JPMC in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material."  Any material designated as APO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

4. Disclosure Material shall not be disclosed by Defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or X (f/k/a "Twitter"), to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

5.  Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of JPMC or Order of the Court, and may be disclosed by defense counsel to:

> a.  Defendants;
>
> b.  Personnel for whose conduct defense counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action; and
>
> c.  Prospective witnesses for purposes of defending this action.

6.  APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by Defendants, except in the presence of Defendants' counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by Defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

7.  The limitations on the handling of Disclosure Material described above do not apply to materials that Defendants or their counsel have obtained independently of JPMC's anticipated production(s) or through other third party or public sources.

## Other Provisions

8.  This Order does not prevent the use or disclosure of any Disclosure Material in any hearing, argument, or trial held in this action, or to any judge or magistrate judge, for purposes of this action but shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution.  Nothing in this Order prevents or otherwise limits the ability of Defendants to produce the Disclosure Material to the Government in order to comply with their disclosure obligation in this case, with the understanding that such produced

material will be subject to the existing or forthcoming Protective Order(s) with the Government, including but not limited to the Protective Order in this case. *See* Dkt. No. 37. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

9.  JPMC's designation of material will be controlling absent contrary order of the Court. However, JPMC may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to JPMC or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

### Retention of Jurisdiction

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

*Greg Andres*
_____
Greg D. Andres
Sidney Bashago
Katherine Swan
Michelle Adler
Christian Hines
Counsel for JPMC

Date: _____ March 15, 2024 _____

*JP Kernisan*
_____
Alex Spiro
Samuel Nitze
Erica Perdomo
JP Kernisan
Maaren Alia Shah
Counsel for Charlie Javice

Date: _____ March 15, 2024 _____

_____
Steven G. Kobre
Sean S. Buckley
Alexandria Swette
Counsel for Olivier Amar

Date: March 15, 2024

SO ORDERED:

Dated: New York, New York
       March 15   , 2024

_____
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE