UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
UNITED STATES OF AMERICA,                     :
                                              :    **ORDER REGARDING NOTICE**
   -against-                                 :    **BY DEFENDANTS OF**
                                              :    **INTENTION TO RELY ON**
CHARLIE JAVICE and OLIVIER AMAR,              :    **ADVICE OF COUNSEL**
                                              :    **DEFENSE TO NEGATIVE**
                        Defendants.    :    **UNLAWFUL INTENT**
                                              :
                                              :    23 Cr. 251 (AKH)
                                              :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The parties agree that by September 6, 2024, each defendant will give notice if he or she intends to present a defense based on advice of counsel. Each defendant is so-ordered.

      The parties dispute what such disclosure should include. The government argues that the "specific bases, and scope" of the defense should be provided, including:

    (a) which attorneys, if any, the defendants purportedly relied on;

    (b) the timing and substance of the alleged advice upon which the defendants relied; and

    (c) all documents (including attorney-client and attorney work product documents) currently in the defendants' possession, custody, or control that support or might impeach or undermine any such defense.

ECF No. 148. Defendants state that they are "not able to comply with the full scope of the government's broad and unusual disclosure demand at this time." *Id.*

      A disclosure is meaningless without content. Defendants, if they intend to present advice-of-counsel evidence or arguments at trial, shall identify the attorney or attorneys who gave the advice, when they gave the advice, and if oral, the substance of the advice, or, if written,

1

the documents upon which defendants relied. Defendants state that they may be unable to disclose documents possessed by JPMC due to its assertion of the attorney–client privilege. Defendants shall identify any such documents and, if not produced by JPMC, file a motion to seek disclosure.

SO ORDERED.

Dated:  August 20, 2024
        New York, New York

                                              ALVIN K. HELLERSTEIN
                                              United States District Judge