AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| CHARLIE JAVICE and OLIVIER AMAR | ) Case No. 1:23-Cr-00251 (AKH) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Securities and Exchange Commission, 100 F St., Washington, DC 20549

_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE APPENDIX A

| Place: Kobre & Kim LLP, Attn: Sean S. Buckley<br>800 Third Avenue, New York, NY 10022 | Date and Time: 01/23/2025 5:00 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/09/2025

ACTING CLERK OF COURT

_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ **Olivier Amar and Charlie Javice**, who requests this subpoena, are:

Sean S. Buckley, Kobre & Kim LLP, 800 3rd Ave. New York, NY 10022, Sean.Buckley@kobrekim.com, 212-488-1200
Erica Perdomo, Quinn Emanuel LLP, 295 5th Ave., New York, NY, ericaperdomo@quinnemanuel.com, 305-402-4880

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No. 1:23-Cr-00251 (AKH)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____    _____
                                                                      *Server's signature*

                                             _____
                                             *Printed name and title*

                                             _____
                                             *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# APPENDIX A

## DEFINITIONS

1. **"Document(s)"** has the meaning ascribed to that term in S.D.N.Y Local Rule 26.3 and Federal Rule of Civil Procedure 34(a)(1)(A) and means any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained directly, or, if necessary, after translation by the responding party into a reasonably usable form."

2. **"DOJ"** means and includes the Department of Justice, and all of its employees, consultants, offices, departments, divisions, and branches located in the United States or elsewhere.

3. **"FDIC"** means and includes the Federal Deposit Insurance Corporation, and all of its employees, consultants, offices, departments, divisions, and branches located in the United States or elsewhere.

4. **"SEC"** means and includes the Securities and Exchange Commission, and all of its employees, consultants, offices, departments, divisions, and branches located in the United States or elsewhere.

## INSTRUCTIONS

1. In addition to the requirements set forth in the S.D.N.Y. Local Rules, which are incorporated herein by reference, the following instructions apply to each Request.

2. The SEC is required to produce every responsive document requested in its native format.

3. Computer files and similar electronic records should be produced in a readable and text-searchable form. Any password-protected documents shall be produced with applicable passwords. Any documents that contain color shall be produced in color.

4. To the extent there are no documents responsive to a particular request, please indicate that in your response. If a document once existed and has been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and the details concerning its non-existence.

5. To the extent that a document otherwise responsive to any request is withheld on the ground(s) that it is subject to the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, please provide a log that identifies each such document and the specific reason for which it is being withheld in sufficient detail to allow assessment of the validity of the withholding.

6. If the SEC redacts any portion of a document, please stamp the word "REDACTED" on each portion that contains redactions and provide the reason for the redactions in sufficient detail to allow assessment of the validity of the claim for redaction

**DOCUMENT REQUESTS**

1. All written notes, memoranda, summaries, outlines, communications (to include emails, instant messages, text messages, and chats) or other documents created by the SEC, whether contemporaneous or not, that quote, summarize, memorialize, or reflect statements or the substance of statements of the individual interviewed during the following interviews conducted by the DOJ, SEC, and/or FDIC:

    a. Interview of ▮▮▮▮▮▮▮▮ on February 7, 2023;

    b. Interviews of ▮▮▮▮▮▮▮▮ on January 30, 2023, and July 24, 2024;

    c. Interview of ▮▮▮▮▮▮▮▮ on June 14, 2023;

    d. Interview of ▮▮▮▮▮ on June 26, 2024;

    e. Interviews of ▮▮▮▮▮▮▮▮ on June 5, 2023, July 20, 2023, and September 5, 2024;

    f. Interview of ▮▮▮▮▮▮▮▮ on April 17, 2023;

    g. Interviews of ▮▮▮▮▮ on March 28, 2023, July 30, 2024, and December 10, 2024;

    h. Interviews of ▮▮▮▮▮▮ on February 1, 2023, and June 13, 2024;

    i. Interviews of ▮▮▮▮▮▮ on February 8, 2023, and August 12, 2024;

    j. Interview of ▮▮▮▮▮▮▮▮ on June 28, 2024;

    k. Interview of ▮▮▮▮▮▮▮▮▮▮ on June 11, 2024;

    l. Interviews of ▮▮▮▮▮▮▮ on February 1, 2023, and August 20, 2024; and

    m. Interview of ▮▮▮▮▮ on June 28, 2023.

3