UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

CHARLIE JAVICE and
OLIVIER AMAR,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:   23 Cr. 251 (AKH)
:
:


**THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**


                MATTHEW PODOLSKY
                Chief Counsel to the Acting United States Attorney
                Attorney for the United States, Acting under
                Authority Conferred by 28 U.S.C. § 515


Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia Kostopoulos
Assistant United States Attorneys

*- Of Counsel -*

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

## Introduction

We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial. For this reason, I am going to ask you certain questions. They are not meant to pry unnecessarily into your personal life, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case. If your answer to one of my questions concerns private information, please let me know and we can discuss it out of the hearing of the other potential jurors.

## The Charges

1.      Before I begin, let me tell you a little bit about the case. This is a criminal case. The defendants have been charged with violating certain provisions of the criminal laws of the United States. The charges against the defendants are contained in an Indictment that was voted by a Grand Jury. The Indictment is not evidence itself; instead, it is merely a document that contains certain charges that the Government is required to prove beyond a reasonable doubt.

2

2.      The defendants in this case are Charlie Javice and Olivier Amar.  I will summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3.      Charlie Javice was the founder and CEO of a start-up company called Frank. Frank offered an online tool that helped students file financial aid applications.  Olivier Amar was the Chief Growth Officer for Frank.  The Indictment alleges that, in connection with the defendants' efforts to sell Frank to a larger company, Javice and Amar committed fraud by submitting false information about Frank's customers to companies who were considering acquiring Frank, including to J.P. Morgan Chase, which I will refer to as "JPMC."  JPMC paid $175 million to acquire Frank, and Javice and Amar made millions of dollars from the acquisition.

4.      The Indictment charges Javice and Amar in four counts.  Count One charges the defendants with conspiring to commit wire fraud and bank fraud on JPMC and other companies who considered acquiring Frank.  Count Two charges the defendants with committing wire fraud on JPMC and the other companies.  Count Three charges the defendants with committing bank fraud on JPMC and the other companies.  Count Four charges the defendants with committing securities fraud on JPMC and the other companies.

5.      The defendants deny the charges and have entered a plea of not guilty.

6.      Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it?

7.      Are you or have you been a customer of Frank?

8.      Have you heard anything about this case, in the newspaper, on the radio, on the Internet, on television, in podcasts, or from others?  *(If yes, the Government would respectfully request that the Court follow up, at side bar, if appropriate, with the following)*:

3

a.      How did you hear about the case? (*e.g.*, a friend, the newspaper, television). What did you hear/read/see?

b.      Based on anything that you have read, seen, or heard, have you formed any opinions about the investigation, the case, the charges, or the defendant that might make it difficult for you to be a fair and impartial juror in this case?

9.      Do any of you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

## General Questions

10.     The trial is expected to last approximately four weeks.  The Court expects that the court day will last from about [*Daily Start and Finish Time*]. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to last that long?

11.     Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

12.     Do you have any difficulty in understanding or reading English?

13.     Do you have any other medical problems that might interfere with your service as a juror in this case?

## The Parties

14.     As I noted before, the defendants in this case are Charlie Javice and Olivier Amar.  [*Please ask each defendant to rise when identified.*]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?  To your knowledge, do any of your relatives, friends or associates know the defendant?

4

15.     Javice is represented today by Ronald Sullivan of Ron Sullivan Law PLLC; Jose Baez of Baez Law Firm; David Siegal, Eoin Beirne, and Ellen Shapiro of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.; and Sara Clark and Erica Perdoma of Quinn Emanuel Urqhart & Sullivan.  Do any of you know or have you had any dealings with these attorneys, or any individuals in their office?

16.     Amar is represented by Sean Buckley, Steven Kobre, and Alexandria Swette of Kobre & Kim.  Do any of you know or have you had any dealings with these attorneys, or any individuals in their office?

17.     The United States is represented in this case by Matthew Podolsky, Chief Counsel to the Acting United States Attorney, acting under authority conferred by 28 U.S.C. § 515. Appearing on his behalf in this case will be Assistant United States Attorneys Rushmi Bhaskaran, Nicholas W. Chiuchiolo, Micah F. Fergenson, and Georgia Kostopolous, and paralegals Michael Gartland and Christopher Harris.  Does any juror know, or has any juror had any dealings, directly or indirectly, with Mr. Podolsky, Ms. Bhaskaran, Mr. Chiuchiolo, Mr. Fergenson, Ms. Kostopolous, Mr. Gartland, or Mr. Harris, or with any other member of the staff of the United States Attorney's Office for the Southern District of New York?

18.     The Assistant United States Attorneys will also be assisted in this case by Jeremy Rosenman and Jamie Brooks, Special Agents with the Federal Deposit Insurance Corporation, or FDIC.  Have you or your family members or close friends had any dealings, either directly or indirectly, with Special Agents Rosenman or Brooks?  The FDIC?

**Other Persons and Entities**

19.     During the trial, the Government will present evidence in the form of witness testimony.  The Government expects that the following people may be witnesses or may be

mentioned in testimony or exhibits. *[The Government will provide the Court with a list of relevant names/witnesses/entities shortly before trial.]*  Do any of you know any of the people I have just named?

## Relationship with Government

20.    Do any of you know, or have any association - professional, business, or social, direct or indirect - with any member of the staff of the United States Attorney's Office for the Southern District of New York?  The FDIC?

21.    Have you, any member of your family, or any close friend ever been employed by any law enforcement agency – federal, state, or local?  Would your dealings with this person prevent you from rendering a fair and impartial verdict here?

22.    Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office?  For or against the FDIC? For or against any other law enforcement agency?

23.    Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias, prejudice, or other feelings for or against JPMC?

24.    Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States?  Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

## Prior Jury Service

25.    Have you ever at any time served as a member of a grand jury, whether in the federal, state, or county courts? *[If answer is "Yes," the Court is respectfully asked to explain*

*that the burden of proof in the grand jury – probable cause – is different from the burden of proof at trial – beyond a reasonable doubt*]

26.    Have you ever served as a juror in either the state or federal courts?

(a)    If so, when and in what court did you serve?  What type of case?

(b)    Without revealing the verdict, did the jury reach a verdict?

(c)    Was there anything about that experience that would impact your ability to sit as a fair and impartial juror in this case?

### Experience as a Witness, Defendant, or Crime Victim

27.    Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?  Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

28.    Have you ever been a witness or a complainant in any federal or state prosecution?

29.    Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

30.    Have you, has any member of your family, any associate, or close friend, ever been charged with a crime?  If so, do you believe that those charges were fairly brought?

31.    Have you, or have any of your relatives, associates, or close friends, ever been the subject of any investigation, accusation, or charges by any federal or state grand jury, or by any Congressional committee?

32.    Have you, or any of your close friends or relatives, ever been a victim of a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each crime.*]

33.    Have you, or any of your close friends or relatives, ever been stopped or questioned by any member of FDIC or other law enforcement agency?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by law enforcement*.]

<u>**Case-Specific Questions**</u>

34.    During this trial, you will hear evidence regarding the company Frank, a company that, among other things, offered an online tool that helped students file financial aid applications.  Do you have any familiarity with Frank?  Are any of you familiar with, or have you had any dealings, directly or indirectly, with Frank?

35.    Does the fact that the charges involve fraud, as I described earlier, affect your ability to render a fair verdict?

36.    You will hear that Frank was a start-up company.  Are any of you, or your family members or close friends, entrepreneurs, or have you, your family members, or close friends worked at a start-up?  Will your experience affect your ability to be fair and impartial in this case?

37.    You will hear evidence in this case about the acquisition of companies.  Do any of you have familiarity or experience with the acquisition of a company? Will your experience affect your ability to be fair and impartial in this case?

38.     Have any of you, or your family members or close friends, ever worked in in the financial industry? Will your experience affect your ability to be fair and impartial in this case?

39.     Have you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes or should not be prosecuted federally?

40.     Have any of you ever invested money in a start-up company? Will your experience as an investor in start-ups affect your ability to be fair and impartial in this case?

41.     Is there anything about your views on banks or the financial services industry, that will affect your ability to be fair and impartial in this case?

42.     Have you been involved in an offense involving fraud? Have you ever been a victim of fraud? Do you have a relative, close friend or associate who has been involved in an offense involving fraud? Have you or any member of your family, or a close friend, had any experiences of any kind, directly or indirectly, with fraud, and in particular fraud related to an investment?

43.     Do any of you feel that you have strong policy views on the crimes charged in the Indictment, including wire fraud, bank fraud, and securities fraud, that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

### Witnesses

44.     The Government witnesses in this case will include agents and analysts from law enforcement agencies or the U.S. Attorney's Office.  Would any of you be more likely to believe a witness merely because he or she is a law enforcement officer?  Would any of you be less likely to believe a witness merely because he or she is a law enforcement officer?

45.     [*If* necessary] You also may hear testimony from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

### Evidence

46.     Some of the evidence in this case was obtained through searches conducted by law enforcement officers.  This evidence was obtained lawfully.  Do you have any beliefs or experiences that would interfere with your ability to fairly evaluate this evidence along with all of the other evidence that will be introduced at this trial?

47.     Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

### Function of the Court and Jury

48.     The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  In other words, when I give you instructions about the law at the close of this trial, you are required to accept the law as stated and apply it to determine whether or not the defendant is guilty as charged in the Indictment.  With this in mind, is there any juror who feels that for any reason he or she is not either willing or able to apply the law as stated by the Court?

49.     Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in a particular count of the Indictment unless a jury, after having heard

all of the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count.  Would you have difficulty accepting and applying this rule of law?

50.    Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

51.    Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to guilt or innocence of either defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of either defendant?

52.    It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

53.    Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

## Other Biases

54.    In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

55.     I believe this case may generate some publicity.  Will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers or on the Internet or listening to any radio or television reports or podcasts concerning the case until after it is over? If not, please raise your hand.

### Juror's Background & Affiliations

56.     Please provide the following background information:

(a)     How old are you?

(b)     What is the county and general section or community of your residence?

(c)     What is the highest level of schooling you have completed?

(d)     Who else lives in your home with you, if anyone?

(e)     Do you have any children?  If so, what are their ages and what do they do?

(f)     How long have you lived at your present address?  [*If less than five years, please inquire as to prior residence.*]

(g)     What is your occupation?

(h)     What is your current employment status?  [*If retired, please inquire as to former occupation.*]

(i)     [*If employed*]: What is the name of your employer?

(j)     What are your position and responsibilities at your job?

(k)     How long have you been employed in your current job?  [*If present employment is for less than five years, please inquire as to prior employment.*]

(l)     [*If married or has domestic partner*]: What is your spouse's or

partner's profession, business or occupation?  [*If spouse is retired, please inquire as to occupation before retirement.*]

          (m)       What newspapers, magazines or websites do you read and how often?

          (n)        What television programs do you regularly watch?

### Requested Instructions Following Impaneling of the Jury

57.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family and your friends.  If your friends or family ask you about the trial, you may simply tell them that you are a juror in a criminal case and that the judge has instructed you not to discuss it.

58.     I know that many of you use cellphones, smartphones, the Internet and other tools of technology.  You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, iPhone, text messaging, or on Twitter, through any blog or website, through any Internet chat room, or by way of any other social networking websites, including Facebook, LinkedIn, Instagram, SnapChat, and YouTube.  *See United States v. Ganias*, 12-240 Cr, at 15 (2d Cir. June 17, 2014). Similarly, you must not use these tools to post any information about the case on the Internet. Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not consult reference works or dictionaries, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case,

this type of case, the parties in this case, or anyone else involved in this case. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law.

59.     If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should tell that person that you cannot discuss the case and immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

Dated:   New York, New York
         January 13, 2025

                                    Respectfully submitted,

                                    MATTHEW PODOLSKY

                                    Chief Counsel to the Acting United States Attorney
                                    Attorney for the United States, Acting under
                                    Authority Conferred by 28 U.S.C. § 515

                          By:       _____
                                    Rushmi Bhaskaran
                                    Nicholas W. Chiuchiolo
                                    Micah F. Fergenson
                                    Georgia Kostopoulos
                                    Assistant United States Attorneys
                                    Telephone: (212) 637-2439 / 1247 / 2190 / 2212