# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

January 16, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States v. Charlie Javice and Olivier Amar*,
 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

We write respectfully on behalf of Defendant Olivier Amar in opposition to the Government's motion to compel (ECF No. 190). The Government's motion asserts that Mr. Amar has failed to satisfy his obligations under Federal Rules of Criminal Procedure 26.2 and 16(b)(1) and the Court's scheduling order (ECF No. 163). That is wrong. Rather, Mr. Amar has complied, and will continue to comply, with his obligations under both of these Rules and in accordance with this Court's directives.

The Government distorts the Federal Rules and weaponizes the Court's order in an effort to gain a tactical advantage by compelling Mr. Amar to preview his defense weeks before trial. The Government's requests have no basis in law, run contrary to Mr. Amar's constitutional right to present a defense if he so chooses, and seek to shift the Government's own burden to the defense. The Court should reject the Government's invitation to expand a criminal defendant's disclosure obligations in a manner designed strategically to benefit the Government, to the detriment of the accused's constitutional right to defend himself.

As set forth below, the Court should deny the motion for two reasons: (1) Rule 26.2 does not provide for disclosure of the wide-ranging materials that the Government now seeks (including defense counsel's notes of interviews with witnesses); and (2) neither Rule 16 nor Rule 17 requires the production of all returns from Rule 17 subpoenas, which the Government in any event lacks standing to challenge. The Government's motion seeks both to dramatically expand the

Americas (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
APAC (Hong Kong, Seoul, Shanghai), Caribbean (BVI, Cayman Islands), EMEA (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Alvin K. Hellerstein, U.S.D.J.
January 16, 2025
Page 2

information to which it is entitled and, at the same time, curtailing the collection of evidence to which the defense is entitled. It should be denied.

I. **Rule 26.2 Forecloses The Government's Request To Disclose And Produce Attorney Meeting Notes With Potential Defense Witnesses**

Rule 26.2 delineates what is required to be disclosed by a criminal defendant. The requirements are narrowly tailored, and for good reason. Specifically, Rule 26.2(a) defines the ambit of disclosure for a criminal defendant as follows:

> **(a) Motion to Produce.** After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, *any statement of the witness* that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a) (emphasis added). A "statement" of the witness—the *only* material required to be produced pursuant to Rule 26.2(a)—is defined as follows:

> (f) **"Statement" Defined.** As used in this rule, a witness's "statement" means:
>
> > (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
> >
> > (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
> >
> > (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2(f). The limitations on what constitutes a statement, when it must be disclosed, and how it must be disclosed are clear.

Despite these limitations, the Government now seeks disclosure and production of any "notes, communications, reports (drafts or finals), or similar materials derived from defense witnesses." Mot. at 5. In other words, the Government is seeking here notes or memoranda, if any, prepared by defense counsel from discussions with defense witnesses (including expert witnesses). But Rule 26.2, by its terms, does not mandate disclosure of the broad panoply of documents sought by the Government. Specifically, none of the requested materials constitute a "statement" that must be disclosed under Rule 26.2. "Absent any indication that [a witness] signs, adopts, vouches for, or intends to be accountable for the contents of the notes, the rough notes taken in a witness interview cannot be considered the [witness's] statement." *United States v. Scotti*, 47 F.3d 1237,

Hon. Alvin K. Hellerstein, U.S.D.J.
January 16, 2025
Page 3

1249 (2d Cir. 1995) (citing Rule 26.2(f)(1)); *see United States v. Sainato*, 29 F. Supp. 2d 116, 118 (E.D.N.Y. 1998) (holding that law enforcement's "rough, choppy, disjointed, scattered jottings full of sentence fragments" were not "exact recordings of the witness' statements" and thus were not discoverable under Rule 26.2); *see also United States v. Thompson*, No. CR-09-88-FVS, 2011 WL 4368925, at *4 (E.D. Wash. Sept. 19, 2011) ("No doubt, both the handwritten notes and the memoranda closely track the answers given by the interviewees . . . [n]evertheless, the material in the notes and memoranda cannot be said to be the interviewees' 'own words [;] . . . fully and without distortion[.]'" (quoting *Palermo v. United States,* 360 U.S. 343, 352, 79 S.Ct. 1217, 3 L.Ed.2d 1287, 1959-2 C.B. 480 (1959))).[1]

Tellingly, the Government's single-paragraph attempt to justify its entitlement to these materials is bereft of legal authority, *see* Mot. at 2, because there is none. To the contrary, the requested materials are expressly exempted from a criminal defendant's disclosure obligations under the Rules. Rule 16(b)(2) exempts from disclosure "reports, memoranda, or other documents made by . . . the defendant's attorney . . . during the case's investigation or defense" and "a statement made to . . . the defendant's attorney . . . by [] a government or defense witness." Ignoring the fact that the requested materials are shielded under Rule 16(b)(2), the Government makes its request pursuant to Rule 26.2, but, as discussed above, Rule 26.2 forecloses this request as well. The Government's instant motion is nothing more than a thinly-veiled attempt to make an end run around these established rules and precedents in order to obtain a tactical advantage over a criminal defendant.

The Government's request fails for the independent reason that attorney work product is not discoverable under either Rule 26.2(f) or Rule 16. *See United States v. Arias*, 373 F. Supp. 2d 311, 313 (S.D.N.Y. 2005) ("Since the notes constitute work product, they are privileged" and "as

---

[1] To the extent that the Government's request is intended to obtain "notes of meetings or conversations with [Defendants'] proposed expert witnesses," Mot. at 2, this request fails. The Government provides no authority to establish that Rule 26.2 applies to expert witnesses. At least one court in this Circuit has questioned whether it does. *See United States v. Patel*, No. 3:21-CR-220 (VAB), 2023 WL 2643815, at *36 (D. Conn. Mar. 27, 2023) ("Additionally, even if Rule 26.2 applied to expert witnesses, which the Government has not provided any case law to establish, any such request under this rule is premature."). This makes eminent sense: Rule 16(b)(1)(C) governs expert disclosures in criminal cases. Here, Mr. Amar has met his expert disclosure obligations, and the Government has everything it is entitled to. On July 15, 2024, in compliance with Rule 16(b)(1)(C), counsel for Mr. Amar provided a disclosure of expert witnesses and anticipated testimony that Mr. Amar may present at trial, reserving the right "to supplement and/or amend" as needed. On August 9, 2024, the Government requested that counsel for Mr. Amar provide "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for them" (quoting Rule 16(b)(1)(C)(iii)). In the spirit of good faith and to avoid unnecessary motion practice, counsel for Mr. Amar provided an additional disclosure on August 29, 2024. The Government made no further objection or request for expert disclosures under Rule 16(b)(1)(C), nor has it objected to Mr. Amar's expert witness disclosures under Rule 16 in its most recent motion to preclude expert witnesses, filed January 13, 2025 (ECF No. 205).

Hon. Alvin K. Hellerstein, U.S.D.J.
January 16, 2025
Page 4

material reflecting an attorney's opinions, conclusions, mental impressions or legal theories, they are subject to a heightened level of protection . . . Indeed, there is authority suggesting that in criminal cases, that protection is even *further* heightened;" and "'documents made by a defendant's attorneys . . . in connection with the case are not discoverable.'" (quoting *In re Grand Jury Subpoenas,* 959 F.2d 1158, 1166 (2d Cir.1992)).); *U.S. v. Dayan*, No. S3 03 CR. 1471 (HB), 2004 WL 2937859, at *1–2 (S.D.N.Y. Dec. 20, 2004) (defense counsel's "mental impressions, notes, and questions for counsel . . . plainly do not constitute a witness statement," and in any event, "also reflect the mental impressions and thought processes of counsel, which entitles them to protection under the work product doctrine."); *see also B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc.*, 171 F.R.D. 57, 67 (S.D.N.Y. 1997) (attorney notes of meetings with expert witnesses are "governed by the work product doctrine, and the court holds that it is because it was prepared by the attorney in anticipation of litigation, as is required by Rule 26(b)(3).'" (quoting *Upjohn v. United States*, 449 U.S. 383, 400, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981))).

The Government's claim that it is entitled to Defendants' witness interview notes because it has disclosed some 174 sets of notes from some 51 individuals misses the mark. *See* Mot. at 2 n.2. The Government's disclosure requirements stem from the fact that it not only bears the burden of proof in a criminal trial, but that it also must ensure that its prosecution is consistent with principles of due process, including those established by *Brady*, *Gigilio*, and their progeny. The defense, by contrast, bears no burden of proof, may elect never to offer the evidence or testimony contemplated by Rule 26.2, and certainly has no ability to run afoul of constitutional due process protections. Accordingly, the Government's efforts to ascribe to a criminal defendant the prophylactic measures that it has implemented in furtherance of these constitutional concerns should be rejected. There is no principled—let alone prudential—basis for requiring the disclosures the Government now seeks. The information the Government's motion seeks will inform neither a gating issue that the Court needs to address outside the presence of the jury nor any other pretrial consideration. Instead, the motion is premised solely upon a desire by the Government to obtain an impermissible and unjust peek into defense strategy.

## II.     Neither Rule 16 nor Rule 17 Supports the Government's Motion

Mr. Amar is in full compliance with his Rule 16(b) obligations, and the Government's insinuations to the contrary are without merit. Mr. Amar has informed the Government that he has disclosed, and intends to continue to promptly disclose as he continues to prepare for trial, any documents that he plans to introduce in his case-in-chief. Thus, if Mr. Amar obtains Rule 17 subpoena returns that he intends to use in his case-in-chief, he will disclose them. Rule 16 requires nothing more.

Having been informed of this, the Government nevertheless seeks to require production of "any Rule 17 subpoena returns in [Defendant Amar]'s possession . . . in accordance with Rule 16." Mot. at 5. This request, too, has no support in the Rules and should be rejected. The plain text of Rule 16 requires disclosure of documents only if "(i) the item is within the defendant's possession, custody, or control; ***and*** (ii) the defendant intends to use the item ***in the defendant's case-in-chief*** at trial." Fed. R. Crim. P. 16(b)(1)(A) (emphasis added).  Rule 16 does not create limitless affirmative discovery obligations for defendants, but rather targets materials that defendants intend to use in their case-in-chief. *See* Fed. R. Crim. P. 16(b)(1)(A)(ii); *United States v. Golston*, 2024

Hon. Alvin K. Hellerstein, U.S.D.J.
January 16, 2025
Page 5

U.S. Dist. LEXIS 31321, at *3 (S.D.N.Y. Feb. 23, 2024) ("Rule 16(b) requires the defendant, if he requested and received disclosure from the Government under Rule 16(a)(1)(E), to reciprocally disclose evidence that he "intends to use . . . in [his] case-in-chief at trial." (citing Fed. R. Crim. P. 16(b)(1)(A))).

The Government's insistence that Mr. Amar must produce all Rule 17 subpoena returns—regardless of whether those returns will be used for the defense's case-in-chief—in order to comply with Rule 16 is wrong. Indeed, the Government does not (because it cannot) point to any provision within Rule 16, Rule 17, or within any other Rule that requires the overbroad relief that the Government seeks.

On this issue, while the Government's Motion is styled as one to compel, the Government effectively seeks to quash Defendants' Rule 17(c) subpoena to the SEC (and to effectively chill any future subpoenas). The Government argues that such subpoenas improperly seek to obtain impeachment materials. *See* Mot. at 3-4. As a preliminary matter, the Government does not have standing to challenge the SEC subpoena or any pending Rule 17(c) subpoena. A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed matter. *See United States v. Reyes*, 162 F.R.D. 468, 470-71 (S.D.N.Y. 1995) (citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121 (2d Cir. 1975) *and In re Grand Jury Subpoena Duces Tecum Dated May 9, 1990*, 741 F. Supp. 1059, 1060 n. 1 (S.D.N.Y. 1990), *aff'd*, 956 F.2d 1160 (2d Cir. 1992)). Here, the Government cannot claim either.

Putting aside the Government's lack of standing, the Government is wrong about what Rule 17(c) permits. Rule 17(c) authorizes the use of "pre-trial subpoenas" to obtain admissible evidence, as well as "service of subpoenas that are returnable at trial ('trial subpoenas') to obtain impeachment material." *United States v. Percoco*, No. 16 Cr. 776 (VES), 2018 WL 9539131, at *1 (S.D.N.Y. June 14, 2018) (citation omitted); *United States v. Seabrook*, No. 16-CR-467 (ALC), 2017 WL 4838311, at *2 (S.D.N.Y. Oct. 23, 2017); *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980). Numerous courts in this District "have concluded that trial subpoenas seeking evidence for impeachment are permissible under Rule 17(c)." *United States v. Cole*, No. 19 CR. 869 (ER), 2021 WL 912425, at *4 (S.D.N.Y. Mar. 10, 2021) (collecting cases).

*United States v. Goldstein*, No. 21 CR. 550 (DC), 2023 WL 3662971, at *4 (E.D.N.Y. May 25, 2023), is instructive. There, Judge Chin (sitting by designation) assessed the propriety of Rule 17(c) subpoenas reissued by defendant to two prospective third-party government witnesses and investigative bodies, after the documents requested were narrowed in scope. 2023 WL 3662971, at *1. In requiring production of the requested materials, the Court found:

> I acknowledge that the kinds of **impeachment materials** Defendants seek . . . are **integral to the defense**, and that the right to confront one's accusers is meaningless if a defendant is denied the reasonable opportunity to obtain material evidence that could be **crucial to that cross-examination**.

2023 WL 3662971, at *4 (emphasis added) (citing *United States v. Tucker*, 249 F.R.D. 58, 67 (S.D.N.Y. 2008)). The subpoenas here, too, seek impeachment material that is integral to the

Hon. Alvin K. Hellerstein, U.S.D.J.
January 16, 2025
Page 6

defense and crucial for cross-examination.[2] These subpoenas are, therefore, permissible, and the Government's disguised efforts to quash them should be denied.

*   *   *

For the foregoing reasons, the Court should deny the Government's motion.[3]

Respectfully submitted,

/s/ *Sean S. Buckley*
Sean S. Buckley
Jonathan D. Cogan
Matthew I. Menchel
Alexandria E. Swette
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 380-1253
Facsimile: (212) 488-1220
Sean.Buckley@kobrekim.com
Jonathan.Cogan@kobrekim.com
Matthew.Menchel@kobrekim.com
Alexandria.Swette@kobrekim.com

*Counsel for Defendant Olivier Amar*

---

[2] At most, the authority that the Government cites stands for the proposition that *pre-trial* subpoenas seeking impeachment material are premature. *See* Mot. at 4 (citing *United States v. Kaufman*, No. 13 CR 411-02 JMF, 2014 WL 2048198, at *10 (S.D.N.Y. May 19, 2014)). If the Court agrees with that position, Mr. Amar would be amenable to simply adjusting the return date for these subpoenas to have them be returnable at trial if that would resolve this issue.

[3] Counsel for Ms. Javice has informed us that she joins this letter in part as follows: "Defendant Charlie Javice joins Section I of this letter, and she joins Section II to the extent applicable to her. Ms. Javice also confirms that she has satisfied her Rule 16 obligations generally. Any separate challenges to the adequacy of Ms. Javice's expert disclosures, *see* ECF No. 205, will be addressed in separate briefing.