

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 22, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

    The Government respectfully writes to provide the Court with proposed questions for the *Curcio* hearing requested in the Government's letter of January 20, 2025. *See* Dkt. 217. A proposed script is attached hereto.

        Respectfully submitted,

        DANIELLE SASSOON
        United States Attorney

By:    /s/
        Rushmi Bhaskaran
        Nicholas W. Chiuchiolo
        Micah F. Fergenson
        Georgia Kostopoulos
        Assistant United States Attorneys
        212-637-2439 / -1247 / -2190 / -2212

**GOVERNMENT'S PROPOSED *CURCIO* QUESTIONS**
**AS TO CHARLIE JAVICE**

The Government respectfully requests the Court include the following questions in its examination of defendant Charlie Javice pursuant to the procedures outlined in *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982). The Government respectfully requests that the Court address Ms. Javice personally, seek to elicit narrative answers from Ms. Javice, and give Ms. Javice an opportunity to consider the Court's advice and review it with her counsel prior to accepting a waiver, pursuant to *United States v. Rodriguez*, 968 F.2d 130, 138–39 (2d Cir. 1992).

**I. Introductory Questions**

1. How old are you?

2. How far did you go in school?

3. Do you currently consult a doctor for any condition?

4. Are you currently under the influence of alcohol or drugs of any kind?

5. Is there anything about those conditions or medications that affects your ability to see and hear clearly, or to understand what's going on here today?

6. Are you feeling well enough to proceed with this hearing today?

**II. Circumstances of Representation**

7. Do you understand that you are currently represented by attorney David Siegal, who is sitting next to you today?

8. Because Mr. Siegal represented you in connection with the internal investigation conducted by J.P. Morgan Chase ("JPMC"), Mr. Siegal likely has first-hand knowledge of certain facts that might be relevant to the question of whether you are guilty of the offenses charged in the Indictment. For example, Mr. Siegal could have first-hand knowledge of your statements to JPMC investigators during interviews about your conduct in connection with JPMC's acquisition and due

diligence. Mr. Siegal could also have first-hand knowledge of representations made to JPMC on your behalf regarding your use of personal texting for business matters. These topics could be relevant to the issue of whether you committed the charged offenses. Do you understand that?

9. Therefore, it is possible that, if your case proceeds to trial, the Government might seek to call Mr. Siegal as a witness against you, though that is not certain at this time. Do you understand?

10. If that were to happen, it is very likely that I would not permit Mr. Siegal to be your lawyer at trial, because a lawyer cannot represent a defendant that he also has to testify against. Do you understand that?

11. Do you understand that, because of his personal involvement as a potential witness in this case, a conflict of interest exists that could impact the way in which Mr. Siegal gives you advice about the case?

12. Because of this conflict, I wish to advise you of certain matters. You should understand that under the United States Constitution and the laws of this country, you are entitled to the aid and assistance of counsel at all times in these proceedings. You are entitled to counsel of your own choice unless there is a strong legal reason for disqualifying that attorney. Do you understand that?

13. It is essential to the idea of an adequate defense in a criminal proceeding that your attorneys have no conflicts or adverse interests of any kind. That is to say, he or she cannot, unless it is with your knowledge and consent, have any conflicting interest in the case. You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty. The purpose of this law is to ensure that you have the full devoted defense furnished to you by an attorney who has no other possible interest of any kind in

this matter. Do you understand that?

14. Even apart from possibly being unable to represent you at trial, Mr. Siegal's personal involvement in the case could, even if only subconsciously, limit or hinder steps or actions that he might otherwise take during these proceedings, or arguments that he might otherwise make, or advice he might otherwise give you in the course of his representation of you. For example, because Mr. Siegal received requests from JPMC and made representations to JPMC on your behalf, he might be likely to take the view that he relied on the accuracy of representations from you in responding to any requests from JPMC or conveying any information on your behalf. He might therefore be less likely to argue that he made a mistake in the way he communicated information on your behalf in response to requests from JPMC, or when making representations to JPMC.

15. Similarly, because he might have that inclination not to recommend certain arguments, Mr. Siegal's view of how weak or strong your case is might be affected, and that might affect any advice he gives you about whether to plead guilty or go to trial. Do you understand that?

16. Similarly, even if he wasn't called at a witness at trial, Mr. Siegal may be prohibited, because of first-hand knowledge of certain events, from questioning witnesses with whom he had communications or from making certain arguments to the jury. If Mr. Siegal did question witnesses, Mr. Siegal's personal involvement could, even if only subconsciously, limit or hinder the types of questions he would ask of witnesses in your defense. Do you understand that?

17. Do you understand that knowing that he might have to testify at trial, which he may or may not want to do, might also impact Mr. Siegal's advice to you about whether to plead guilty or go to trial, even if only subconsciously. Do you understand that?

18. Do you understand that these are only examples of how Mr. Siegal's advice to you

might be affected by his personal involvement, and that there could be other ways?

19. So that I can be sure you understand completely, please describe for me, in your own words, your understanding of the conflict of interest that Mr. Siegal's faces because of his personal knowledge of certain facts arising from JPMC's internal investigation.

20. In a moment I am going to ask you whether you want to proceed with Mr. Siegal as one of your lawyers.  Before I ask you that, though, do you understand that, if you decide to proceed with Mr. Siegal and waive any conflict that might exist, if you are convicted, you will probably not be able to appeal or collaterally attack your conviction based on any purported ineffectiveness of your counsel stemming from the conflicts that you waived?  Do you understand that?

21. Do you understand that an appellate court, or a court sitting in collateral review of your conviction, will take into account your consent to the continued representation by Mr. Siegal and will probably decide that you have given up your right to complain of any problems stemming from the effects on Mr. Siegal's representation of you from his personal knowledge of the case and his status as a potential witness?  Do you understand that?

22. Have you received any inducement or promise that may have influenced your decision on whether to waive these conflicts?

23. Have you been threatened in any way concerning your decision on this issue?

24. Have you discussed these conflict-of-interest matters with Mr. Siegal?

25. Are you satisfied with Mr. Siegal's representation of you so far?

26. Have you consulted with another attorney, who does not have a potential conflict of interest in this case, to advise you about these conflict issues?

27. Do you wish to have any further opportunity to consult with that lawyer or Mr. Siegal

before you make your decision?

28. Are there any matters that I have discussed with you, or matters that I have not discussed with you, that you wish to have explained further?

29. Having considered the way in which Mr. Siegal's representation of you may be impacted, do you wish to waive the conflict of interest and continue with Mr. Siegal as your lawyer?

30. Is your waiver of your right to conflict-free representation voluntary and made of your own free will?

31. And do you understand that if this case goes to trial, we may need to continue to examine this issue, and it is very possible that I would then disqualify Mr. Siegal from serving as your lawyer at trial?

### III. Questions for Mr. Siegal

32. Have you discussed the conflicts of interest I have just mentioned with Ms. Javice?

33. Do you feel that she understands the possible risks of being represented by a lawyer with potential conflicts of interest?

34. Knowing that you might have personal knowledge of certain aspects of the alleged charges that the Government has brought, and knowing that you might possibly be a witness if this case were to proceed to trial and, regardless, may be unable to perform certain cross-examinations or arguments at trial, do you feel that you will be able to set aside any impacts of those matters and fully and effectively represent your client in these proceedings?

*** 

35. Is there anything else that either side would like the Court to state or inquire about in this regard before I accept the defendant's waiver?