UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

UNITED STATES OF AMERICA,

   -against-

CHARLIE JAVICE and OLIVIER AMAR,

                     Defendants.

-------------------------------------------------------------- x

**ORDER AND OPINION
DENYING MOTION TO
SEVER**

23 Cr. 251 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendants Charlie Javice and Olivier Amar are charged with several crimes arising out of a scheme to fraudulently misrepresent information about their company, TAPD, Inc., d/b/a Frank ("Frank") to potential acquiring companies. Defendant Javice was the founder and Chief Executive Officer of Frank, and Defendant Amar the Chief Growth Officer.

      The Superseding Indictment alleges the following facts. From about June 2021 through November 2022, Defendants Javice and Amar together agreed to and then did submit false and fraudulent statements and representations about Frank and its user data to two banks, including JP Morgan Chase Bank, N.A. ("JPMC"), in order to induce those banks to acquire Frank, thereby defrauding the banks out of millions of dollars. JPMC ultimately acquired Frank for $175 million. The Government intends to argue that the Defendants worked closely together in furtherance of a joint scheme in which they solicited fabricated data and then falsely represented to JPMC and other potential acquirers that Frank had 4.25 million users when in fact it had 300,000 users.

      Defendant Javice now moves to sever her trial from that of Defendant Amar, arguing that severance is required under Fed. R. Crim. P. 14(a) in order to preserve her right to a fair trial. For the reasons below, Defendant Javice's motion to sever the trial is denied.

## LEGAL STANDARD

Joinder of multiple criminal defendants is permissible under Rule 8(b) of the Federal Rules of Criminal Procedure "if [the defendants] are alleged to have participated in the same transaction, or in the same series of transactions, constituting an offense or offenses." The Second Circuit has understood this rule to permit joinder where the allegedly unlawful acts are "'unified by some substantial identity of facts or participants or arise out of a common plan or scheme.'" *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003) (quoting *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989)).

A defendant may move for severance under Rule 14 of the Federal Rules of Criminal Procedure "[i]f the joinder of offenses or defendants . . . for a trial appears to prejudice a defendant or the government." However, the "preference in the federal system [is] for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998). The presumption is so strong that the "principles that guide the district court's consideration of a motion for severance usually counsel denial." *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993). Thus, "[a] defendant who seeks separate trials carries a heavy burden of showing that joinder will result in substantial prejudice." *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994). The prejudice must be "sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials." *United States v. Panza*, 750 F.2d 1141, 1149 (2d Cir. 1984); *see also Richardson v. Marsh*, 481 U.S. 200, 210 (1987) ("It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case

beforehand"). Even where a risk of prejudice is shown, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539.

The Second Circuit has held that "[m]ere antagonism between the defenses is not enough" to require severance; instead the conflict must be "so irreconcilable that acceptance of one defendant's defense will lead the jury to convict the other." *U.S. v. Serpoosh*, 919 F.2d 835, 837-38 (2d Cir. 1990).

## DISCUSSION

Defendant Javice raises two arguments in favor of severance: that Defendant Amar's intended defense is antagonistic and mutually exclusive to her own, and that a joint trial would present evidentiary problems.

As to the first point, after hearing from Defendant Amar *ex parte* and *in camera*, I find that Defendant Javice will not suffer substantial prejudice from a joint trial. The defenses are not so mutually antagonistic as to rise to that level. I find further that any risk of prejudice to Defendant Javice is outweighed by considerations of judicial economy, given the complex and lengthy nature of the trial and the substantial overlap in evidence and witnesses as against each Defendant. *See Marsh*, 482 U.S. at 210; *see also United States v. Galchanskaya*, No. 98 Cr. 1368, 2000 WL 1134481, at *2 (S.D.N.Y. Aug. 10, 2000) ("It is obvious, and it is the law, that joint trials conserve judicial resources, reduce the burdens on citizens who must serve as jurors and avoid the need of having witnesses repeat testimony at successive trials"). Where necessary, limiting instructions will be given to the jury to reduce the risk of prejudice to Defendant Javice.

Defendant Javice's evidentiary concerns are speculative, but I will address the potential issues that may arise under the Sixth Amendment's Confrontation Clause. The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "The

3

Supreme Court has recognized, however, that in a multi-defendant trial, where an accusatory statement is admissible as to one defendant but not others, courts can often employ a proper limiting instruction to eliminate any Confrontation Clause concerns arising as to the other defendants, and can trust jurors to abide by such an instruction." *U.S. v. Kahale*, 789 F.Supp.2d 359, 388 (E.D.N.Y. 2009) (citing to *Marsh*, 481 U.S. at 207).

Defendant Javice also argues that limiting instructions do not always suffice. In *Bruton v. United States*, the Supreme Court held that when a non-testifying co-defendant's statements specifically inculpating the defendant are introduced at a joint trial, limiting instructions are not "an adequate substitute for [the defendant's] constitutional right to cross-examination." 391 U.S. 123, 135-37 (1968). However, the Supreme Court later held that no such Confrontation Clause concern exists when the non-testifying co-defendant's confession is admitted with a proper limiting instruction and when "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Marsh*, 481 U.S. at 211. Indeed, the Second Circuit has held that "a redacted statement in which the names of co-defendants are replaced by neutral pronouns, with no indication to the jury that the original statement contained actual names, and where the statement standing alone does not otherwise connect co-defendants to the crimes, may be admitted without violating a co-defendant's *Bruton* rights," though the preference is to eliminate any reference to a co-defendant's existence altogether. *U.S. v. Jass*, 569 F.3d 47, 56, 56 n.5 (2d Cir. 2009).

At this point, all of this is speculative. No *Bruton*-type statement has been identified. To the extent that a *Bruton* problem does arise at trial, redactions will sufficiently cure the concern.

## CONCLUSION

Defendant Javice's motion to sever trial is denied.  The Clerk shall terminate the motion, ECF No. 184.


SO ORDERED.

Dated:      January 23, 2025
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge