UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLIE JAVICE and OLIVIER AMAR,<br><br>Defendants. | Case No. 1:23-CR-251 (AKH) |

**OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE DEFENDANT CHARLIE JAVICE'S EXPERT WITNESSES**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

LEGAL STANDARD .................................................................................................................. 2

ARGUMENT ................................................................................................................................ 3

    I.    The Testimony of Dr. Konstantinos Psounis Should Not Be Precluded ............................ 3

        A.   Dr. Psounis is Eminently Qualified ................................................................... 3

        B.   Dr. Psounis's Proposed Testimony Is Relevant and Helpful to the Jury ........................ 4

        C.   Dr. Psounis's Testimony Does Not Risk Confusing or Misleading the Jury ................. 5

    II.   The Testimony of Ms. Carla Holtze Cell Should Not Be Precluded .................................. 6

        A.   Ms. Holtze Cell Is An Expert on Digital Analytics and Marketing ................................ 6

        B.   Ms. Holtze Cell's Proposed Testimony Is Relevant and Necessary ............................... 7

        C.   The Government Mischaracterizes Ms. Holtze Cell's Disclosure .................................. 8

CONCLUSION ............................................................................................................................. 9

**TABLE OF AUTHORITIES**

**Page(s)**

*Amorgianos* v. *Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002) .................................................................................................. 6

*Crown Cork & Seal Co., Inc. Master Retirement Trust* v. *Credit Suisse First Boston Corp.*,
   Nos. 12-cv-05803-JLG, 12-cv-05804-JLG, 12-cv-05805-JLG, 12-cv-07263-JLG,
   12-cv-07264-JLG, 2013 WL 978980 (S.D.N.Y. Mar. 12, 2013) .............................................. 7

*Envy Branding, LLC* v. *William Gerard Group, LLC*,
   Case No. 20-cv-03182 (JLR), 2024 WL 869156 (S.D.N.Y. Feb. 29, 2024) ............................... 6

*Highland Capital Management L.P.* v. *Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008) ..................................................................................... 2

*Lion Oil Trading & Transp., Inc.* v. *Statoil Marketing and Trading (US) Inc.*,
   Nos. 08-cv-11315 (WHP), 09-cv-2081 (WHP),
   2011 WL 855876 (S.D.N.Y. Feb. 28, 2011) ............................................................................ 3

*McCullock* v. *H.B. Fuller Co.*,
   61 F.3d 1038 (2d Cir. 1995) ................................................................................................... 7

*Nike, Inc.* v. *StockX LLC*,
   No. 22-cv-0983 (VEC), 2024 WL 3361411 (S.D.N.Y. Jul. 10, 2024) ...................................... 5

*Nimely* v. *City of New York*,
   414 F.3d 381 (2d Cir. 2005) ................................................................................................... 2

*SEC* v. *iFresh, Inc.*,
   No. 22-cv-3200 (ARR) (SJB), 2024 WL 416709 (E.D.N.Y. Feb. 5, 2024) .............................. 7

*SEC* v. *Ripple Labs, Inc.*,
   No. 20-cv-10832 (AT), 2023 WL 5670711 (S.D.N.Y. Mar. 6, 2023) ........................... 4, 5, 7, 8

*United States v. Johnson*,
   No. 16-cr-457-1 (NGG), 2017 WL 11490479 (E.D.N.Y. Aug. 4, 2017) .................................. 8

*United States v. Jones*,
   No. 16-cr-0553 (AJN), 2018 WL 1115778 (S.D.N.Y. Feb. 27, 2018) ..................................... 2

*United States* v. *Kwok*,
   No. 23-cr-118 (AT), 2024 WL 1773143 (S.D.N.Y. Apr. 24, 2024) .......................................... 8

## PRELIMINARY STATEMENT

Defendant Charlie Javice respectfully submits this opposition to the government's motion to preclude the testimony of two of her expert witnesses, Dr. Konstantinos Psounis and Ms. Carla Holtze Cell. ECF No. 205. Both witnesses are integral to the defense's case, offering specialized, admissible testimony that addresses complex technical and industry-specific issues central to the government's allegations. Dr. Psounis, an eminent expert in data modeling and computational systems, and Ms. Holtze Cell, a recognized authority in digital analytics, will provide critical context and insights that will assist the jury in evaluating the evidence and understanding key issues, including the meaning of website "users," the role of synthetic data, the standard practices of companies like Frank in managing and presenting user information, as well as methods employed to evaluate website user engagement. Understanding how these technologies work will help to educate the jury members about important concepts beyond their common understanding. This information will better enable the jury to evaluate the defendants' intent and the accuracy of representations made to J.P. Morgan Chase ("JPMC") in response to questions posed by JPMC during the acquisition process.

The government's motion to exclude Ms. Javice's experts relies on mischaracterizations of the expert disclosures, an unjustifiably narrow interpretation of the scope of expert testimony, and a flawed assumption that jurors are incapable of evaluating expert testimony fairly and critically. These arguments ignore the purpose of Rule 702, which is to ensure that jurors are equipped with specialized knowledge that enhances their ability to understand technical and specialized evidence.

Both experts are qualified under the liberal standards of admissibility established by Rule 702, and their testimony is not only relevant but also crucial to a fair adjudication of the charges against Ms. Javice. The government's effort to preclude these experts risks depriving the jury of

essential testimony that will shed light on the factual disputes at the heart of this case, thereby undermining the integrity of the trial process.

For these reasons, and as detailed further below, the Court should deny the government's motion to preclude the testimony of Dr. Psounis and Ms. Holtze Cell and allow the jury to hear and evaluate their expert testimony.

## LEGAL STANDARD

Federal Rule of Evidence 702 provides that "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify" if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a). "It is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions." *Nimely* v. *City of New York*, 414 F.3d 381, 395–96 (2d Cir. 2005) (collecting cases). Therefore, "the rejection of expert testimony is the exception rather than the rule." *Highland Capital Management L.P.* v. *Schneider*, 551 F. Supp. 2d 173, 185 (S.D.N.Y. 2008) (citing Advisory Committee Notes to the 2000 Amendments to Fed. R. Evid. 702); *see also United States v. Jones*, No. 16-cr-0553 (AJN), 2018 WL 1115778, at *9 (S.D.N.Y. Feb. 27, 2018) ("standard for relevance," including for expert testimony is "very low") (internal quotation marks omitted).

2

**ARGUMENT**

I.  **The Testimony of Dr. Konstantinos Psounis Should Not Be Precluded**

   A. **Dr. Psounis is Eminently Qualified**

Dr. Psounis's expertise is grounded in his extensive academic and professional credentials, as outlined in his disclosure. As a professor of Electrical and Computer Engineering at the University of Southern California, he has published more than 120 research papers and is a recognized expert in data modeling, machine learning, and algorithm design. These qualifications make him uniquely suited to explain the contextual variability of terms like "user," "subscriber," and "customer," and their usage in the industry.

Dr. Psounis's extensive academic and professional background in engineering, data systems, and computational analysis demonstrates that he is well-qualified to provide expert testimony in this case. The government's attempt to diminish his expertise by suggesting his opinions rely solely on publicly available information misunderstands the role of expert testimony. Dr. Psounis's synthesis of technical knowledge and its application to industry practices is precisely what makes his testimony valuable to the jury. *See Lion Oil Trading & Transp., Inc.* v. *Statoil Marketing and Trading (US) Inc.*, Nos. 08-cv-11315 (WHP), 09-cv-2081 (WHP), 2011 WL 855876, at *1 (S.D.N.Y. Feb. 28, 2011) ("An expert need not be disqualified merely because he or she does not possess experience tailored to the precise product or process that is the subject matter of the dispute.") (internal quotation marks omitted).

3

### B. Dr. Psounis's Proposed Testimony Is Relevant and Helpful to the Jury

The heart of the government's case against the Defendant rests on her statements to JPMC about the number of Frank "users" and alleges that the Defendant misrepresented how many "users" Frank actually had. Dr. Psounis intends to testify that the meaning of the term "users" in the context of consumer engagement can have multiple definitions, including, among other things, "visitors," "unique visitors," "active users," "registered users," and "paying users." *See* ECF No. 205-1 (Expert Notice and Disclosure of Dr. Konstantinos Psounis (the "Psounis Notice")) at 3–5. This proposed testimony is highly relevant to the jury's understanding of what the term "user" meant in communications with JPMC and therefore should be admitted under Rule 702. *See SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT), 2023 WL 5670711, at *17 (S.D.N.Y. Mar. 6, 2023) (denying motion to preclude defendant's expert testimony where expert testified that a key term in the government's case "has multiple meanings in different contexts").

The government contends that Dr. Psounis's proposed testimony about the term "user" is "self-evident." As the variety of definitions listed above demonstrates, there is nothing self-evident about the term "user," and Dr. Psounis's proposed testimony about how it can mean different things in different contexts in the area of consumer engagement can only help the jury to determine what the Defendant intended it to mean in the context of this case. *See Ripple Labs, Inc.*, 2023 WL 5670711, at *6 (expert testimony was admissible "because it will assist the trier of fact—who will likely be unfamiliar with customary practices and requirements in the securities industry—to understand the nature of the SEC's charges") (citing another source).

The government also intends to present evidence about Defendant's use of synthetic data and data appending. Dr. Psounis's proposed testimony on these highly technical and complex topics—testimony based on his unique background and specialized expertise—will greatly

4

enhance the jury's understanding of this evidence, and accordingly it should be admitted under Rule 702. *See Nike, Inc.* v. *StockX LLC*, No. 22-cv-0983 (VEC), 2024 WL 3361411, at *15 (S.D.N.Y. Jul. 10, 2024) (finding that "technology underlying NFTs is plainly beyond the ken of the average juror, and is, therefore, an appropriate subject matter for expert testimony").

### C. Dr. Psounis's Testimony Does Not Risk Confusing or Misleading the Jury

The government's reliance on Rule 403 to argue potential jury confusion is misplaced. Dr. Psounis's testimony is relevant and tied to the factual disputes in this case. His expert testimony will help the jury understand technical and specialized concepts, such as the meaning of the term "user" in the website user engagement space and the use of synthetic data and data appending. *See Ripple Labs. Inc.*, 2023 WL 5670711, at *6 ("Far from confusing the jury, [expert's] opinions would assist the jury in understanding a technical and specialized industry. Any potential risk of confusing the jury is not substantially outweighed by the probative value of [the expert's] testimony]."). The government points out that it expects to call the data scientist used by Frank to create a synthetic data set as one of its witnesses at trial. Much of Dr. Psounis's testimony may be obviated depending on the testimony of the data scientist. But Dr. Psounis will be at the ready to correct any incorrect technical testimony given by the data scientist or to fill in any gaps beyond the expertise of the data scientist that would be helpful for the jury to understand.

Should Ms. Javice decide to call him to the stand, the government will have the opportunity to challenge Dr. Psounis's testimony and sources on cross-examination, but his testimony should not be precluded before the Court has an opportunity to evaluate its relevance and importance in the context of trial. *See Amorgianos* v. *Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) (cross-examination and presentation of contrary evidence are the appropriate means for

attacking otherwise admissible expert testimony); *Envy Branding, LLC* v. *William Gerard Group, LLC*, Case No. 20-cv-03182 (JLR), 2024 WL 869156, at *9 (S.D.N.Y. Feb. 29, 2024) (same).

## II. The Testimony of Ms. Carla Holtze Cell Should Not Be Precluded

### A. Ms. Holtze Cell Is An Expert on Digital Analytics and Marketing

Ms. Holtze Cell is an industry leader and expert in the fields of digital and internet marketing and growth strategy, digital and internet analytics, and digital media strategy. With more than fifteen years in the digital analytics sector, Ms. Holtze Cell is familiar with the digital products and services utilized to capture website user information, the process of enhancing and augmenting such information and developing marketing strategies based on such information. Ms. Holtze Cell works with internet metrics monitoring tools in her professional work and understands their capabilities and how they are used to interpret and utilize internet and website user traffic and metrics.

Notwithstanding the condescending and dismissive tone of the government's commentary on Ms. Holtze Cell's experience, she is more than qualified to opine on the relevant topics, even without teaching or academic research experience. *See McCullock* v. *H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) ("Disputes as to the strength of [an expert's] credentials . . . go to the weight, not the admissibility, of his testimony."); *Ripple Labs. Inc.*, 2023 WL 5670711, at *4 (lack of formal training did not justify preclusion where expert's "practical experience and specialized knowledge qualify him to provide expert testimony under Rule 702"). The government's statements that Ms. Holtze Cell has never previously offered expert testimony nor has published peer-reviewed articles attempt to impose requirements where none exist. *See SEC* v. *iFresh, Inc.*, No. 22-cv-3200 (ARR) (SJB), 2024 WL 416709, at *4 (E.D.N.Y. Feb. 5, 2024) ("There is no requirement that a witness have previously testified as an expert to be qualified . . . nor must an

expert have published scholarly articles on the subject matter at issue to be qualified under Rule 702") (collecting cases); *see also Crown Cork & Seal Co., Inc. Master Retirement Trust* v. *Credit Suisse First Boston Corp.*, Nos. 12-cv-05803-JLG, 12-cv-05804-JLG, 12-cv-05805-JLG, 12-cv-07263-JLG, 12-cv-07264-JLG, 2013 WL 978980, at *2 (S.D.N.Y. Mar. 12, 2013) ("Any one of the qualities listed in Rule 702—knowledge, skill, experience, training, or education—may be sufficient to qualify a witness as an expert").

### B. Ms. Holtze Cell's Proposed Testimony Is Relevant and Necessary

The government seeks to dismiss Ms. Holtze Cell's proposed testimony as irrelevant to its fraud allegations. On the contrary, her intended testimony will focus on "aspects of industry standard measurement tools and tactics used by digital companies, like Frank, to monitor and analyze website users and user metrics[.]" *See* ECF No. 205-2 (Expert Notice and Disclosure of Ms. Carla Holtze Cell (the "Holtze Cell Notice")) at 2. Her opinions will directly address whether Defendant's actions regarding Frank's users were consistent with standard industry practices, or whether they reflected fraudulent intent or material misrepresentations, which is central to the government's allegations, and therefore should be admitted under Rule 702. *See Ripple Labs. Inc.*, 2023 WL 5670711 at *6 (expert testimony "about industry norms and practices, and how Defendants' actions deviated from such norms and practices, may be relevant to the fact finder's assessment" of Defendants' state of mind); *see also United States v. Johnson*, No. 16-cr-457-1 (NGG), 2017 WL 11490479, at *2 (E.D.N.Y. Aug. 4, 2017) ("Expert testimony need not always take the form of an opinion, and may include explanations of areas of specialized knowledge relevant to understanding the facts of the case.").

7

### C. The Government Mischaracterizes Ms. Holtze Cell's Disclosure

Contrary to the government's assertion, Ms. Holtze Cell's disclosure meets the requirements of Fed. R. Crim. P. 16. The disclosure identifies the specific topics of her testimony, her methodology, and the relevance of her opinions to the case. While the government claims the disclosure lacks detail, Ms. Holtze Cell's anticipated testimony is sufficiently outlined to provide a fair opportunity for cross-examination and rebuttal. However, if the Court finds that her disclosure does not meet Rule 16's requirements, Ms. Holtze Cell should be permitted to supplement her disclosure to ensure compliance. *See United States* v. *Kwok*, No. 23-cr-118 (AT), 2024 WL 1773143, at *3 (S.D.N.Y. Apr. 24, 2024) (noting that "[c]ourts regularly require parties to supplement their Rule 16 disclosures when they are insufficient" and permitting defendant to supplement his expert disclosures where the Court found "exclusion too harsh a remedy").

## CONCLUSION

For the foregoing reasons, the government's motion to preclude Defendant's experts should be denied.

Respectfully submitted,

DATED: January 27, 2025

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Sara C. Clark*

Sara Clark (*pro hac vice*)
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7100
saraclark@quinnemanuel.com

Erica Perdomo (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
ericaperdomo@quinnemanuel.com

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**

David Siegal
Ellen Shapiro
919 Third Avenue
New York, NY 10022
Telephone: (212) 935-3000
dmsiegal@mintz.com
eshapiro@mintz.com

Eóin P. Beirne (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
epbeirne@mintz.com

**BAEZ LAW FIRM**

Jose Baez (*pro hac vice*)
Rosemarie E.W. Peoples (*pro hac vice*)
1200 Brickell Avenue
Miami, FL 33131
Telephone: (305)-999-5100
jose@baezlawfirm.com
rosemarie@baezlawfirm.com

**RONALD SULLIVAN PLLC**

Ronald Sullivan (*pro hac vice*)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 313-8313
rsullivan@ronaldsullivanlaw.com

*Counsel for Defendant Charlie Javice*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2025, I caused a copy of the foregoing document to be served via ECF on counsel of record.

By: */s/ Sara C. Clark*

10