UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CHARLIE JAVICE and OLIVIER AMAR,

Defendants.

23-cr-00251-AKH

**JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Greg D. Andres
Sidney Bashago
Katherine Swan
Michelle Adler
Christian Hines
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

January 31, 2025

*Attorneys for JPMorgan Chase Bank, N.A.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
BACKGROUND .............................................................................................................................. 1
ARGUMENT .................................................................................................................................... 3
   A.   The Requested Evidence Falls Outside the Scope of Any Existing Rule 17(c) Subpoena ........................................................................................................................ 3
   B.   Defendants Impermissibly Seek the Requested Evidence for the Sole Purpose of Impeaching Prospective Government Witnesses ............................................................ 4
   C.   Disclosure of the Responses is Precluded Under the Plain Language of Federal Rule of Criminal Procedure 17(h) .................................................................................... 8
CONCLUSION ................................................................................................................................. 9

## TABLE OF AUTHORITIES

CASES              PAGE(S)

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
498 U.S. 533 (1991) .................................................................................................................. 8

*United States v. Avenatti*,
No. 19-CR-373, 2020 WL 508682 (S.D.N.Y. Jan. 31, 2020) ................................................. 6

*United States v. Barnes*,
No. 04-CR-186, 2008 WL 9359654 (S.D.N.Y. Apr. 2, 2008) ............................................... 7

*United States v. Bases*,
No. 18-CR-48-1, 2021 WL 6621287 (N.D. Ill. Apr. 22, 2021) ............................................. 9

*United States v. Bergstein*,
788 F. App'x 742 (2d Cir. Sept. 16, 2019) ........................................................................... 8

*United States v. Binday*,
No. 12-CR-152, 2013 WL 4494659 (S.D.N.Y. Aug. 15, 2013) ............................................ 7

*United States v. Blakstad*,
No. 19-CR-486, 2020 WL 5992347 (S.D.N.Y. Oct. 9, 2020) ............................................... 5

*United States v. Blondet*,
No. 16-CR-387, 2022 WL 485031 (S.D.N.Y. Feb. 16, 2022) ............................................... 7

*United States v. Boyle*,
No. 08-CR-523, 2009 WL 484436 (S.D.N.Y. Feb. 24, 2009) ............................................... 5

*United States v. Carroll*,
No. 19-CR-545, 2020 WL 104813 (S.D.N.Y. Jan. 9, 2020) ................................................. 7

*United States v. Cherry*,
876 F. Supp. 547 (S.D.N.Y. 1995) ....................................................................................... 5

*United States v. Cole*,
No. 19-CR-869, 2021 WL 912425 (S.D.N.Y. Mar. 10, 2021) .............................................. 6

*United States v. Drakopoulos*,
No. 02-CR-504, 2003 WL 21143080 (E.D.N.Y. Jan. 13, 2003) ........................................... 8

*United States v. Ferguson*,
No. 06-CR-137, 2007 WL 2815068 (D. Conn. Sept. 26, 2007) ............................................ 5

*United States v. Goldstein*,
No. 21-CR-550, 2023 WL 3662971 (E.D.N.Y. May 25, 2023) ............................................ 6

*United States v. Nachamie*,
91 F. Supp. 2d 552 (S.D.N.Y. 2000) .................................................................................... 6

*United States v. Nelson*,
No. 10-CR-414, 2011 WL 2207584 (S.D.N.Y. June 3, 2011) .............................................. 6

*United States v. Nixon*,
  418 U.S. 683 (1974) ........................................................................................................... 6

*United States v. Percoco*,
  No. 19-CR-776, 2018 WL 9539131 (S.D.N.Y. June 14, 2018) ........................................... 6

*United States v. Phoenix*,
  No. 14-CR-318, 2015 WL 6094882 (N.D. Cal. Oct. 16, 2015) ............................................ 9

*United States v. Ray*,
  337 F.R.D. 561 (S.D.N.Y. 2020) ........................................................................................ 7

*United States v. Seabrook*,
  No. 16-CR-467, 2017 WL 4838311 (S.D.N.Y. Oct. 23, 2017) ............................................ 6

*United States v. Shea*,
  No. 20-CR-412, 2022 WL 13847351 (S.D.N.Y. Oct. 24, 2022) .......................................... 7

*United States v. Skelos*,
  No. 15-CR-317, 2018 WL 2254538 (S.D.N.Y. May 17, 2018) ....................................... 6, 7

*United States v. Tucker*,
  249 F.R.D. 58 (S.D.N.Y. 2008) .......................................................................................... 6

*United States v. Vasquez*,
  258 F.R.D. 68 (E.D.N.Y. 2009) .......................................................................................... 9

*United States v. Weissman*,
  No. 01-CR-529, 2002 WL 31875410 (S.D.N.Y. Dec. 26, 2002) ......................................... 5

*United States v. Wey*,
  252 F. Supp. 3d 237 (S.D.N.Y. 2017) ................................................................................. 3

*United States v. Xu*,
  No. 23-CR-133-5, 2024 WL 4504352 (S.D.N.Y. Oct. 16, 2024) ........................................ 5

*United States v. Zhu*,
  No. 13-CR-761, 2014 WL 5366107 (S.D.N.Y. Oct. 14, 2014) ....................................... 8, 9

STATUTES & RULES

Fed. R. Crim. P. 17 ................................................................................................................ *passim*

**PRELIMINARY STATEMENT**

Defendants Charlie Javice and Olivier Amar have moved to compel nonparty JPMorgan Chase Bank, N.A. (the "Bank") (i) to identify the 145 current or former Bank employees who completed a custodial questionnaire that was drafted and distributed by the Bank's in-house lawyers to identify sources of materials relevant to the subject matter of this litigation, and (ii) to produce certain of those questionnaire responses themselves. This demand falls outside the scope of any existing Rule 17(c) subpoena in this case, and, because Defendants seek this evidence solely for impeachment purposes, their request would be precluded under any Rule 17(c) subpoena. Moreover, the plain language of Federal Rule of Criminal Procedure 17(h) itself blocks production of the employee responses, as courts across the Second Circuit and beyond have recognized. The Court should deny the Motion in full.

**BACKGROUND**

Over one year ago, this Court narrowed Defendants' Rule 17(c) subpoena (issued on Nov. 9, 2023) and ordered the Bank to produce documents responsive to the following topics concerning its acquisition of Frank:

> [the Bank's process of] overseeing and conducting due diligence prior to the acquisition date and, post the acquisition date, analyzing, assessing, and using Frank's customer list for the following business purposes: marketing based on or concerning Frank's user base, existing partnerships, and post-acquisition discussions regarding pre-acquisition valuation.

(Third Order Regulating Proceedings ("Third Order") ¶ 1 (Dkt. No. 87).)[1] The Court limited the Bank's review to a control group of 14 custodians, (*id.*), and concluded that, to the extent Defendants sought materials beyond this scope, their demands were "too broad and not fit for a

---

[1] Although Defendants Javice and Amar each filed individual Rule 17(c) subpoenas, (*see* Dkt. Nos. 74-2, 3), the Court appeared to treat them as a unitary instrument, (*see generally* Third Order), and Defendants themselves now refer only to a "Rule 17 subpoena" (i.e., singular), (*see* Defs.' Mot 1). For purposes of this brief, therefore, the Bank refers to the original Rule 17(c) subpoena as a single entity.

1

[Rule] 17(c) subpoena[,]" (Hearing Tr. (Jan. 17, 2024) ("Jan. 2024 Hearing Tr."), at 6:21–22 (Dkt. No. 101)).

Since then, the Bank has made—in the Court's words—"a substantial documentary production" and has "function[ed] in good faith" with respect to its discovery obligations. (Hearing Tr. (Aug. 6, 2024), at 4:6–7, 10 (Dkt. No. 146).) Over the course of this matter, that has entailed the production of over 338,000 documents, including emails, text messages, and non-email documents. In September 2024, following two hearings and extensive briefing by Defendants and the Bank, the Court denied Defendants' prior Motion to Compel, (Dkt. No. 152), except as to approximately 5,000 documents that the Bank was ordered to re-review, (Order Regulating Proceedings 1–2 (Dkt. No. 163)).[2] On January 13 and January 29, 2025, the Bank received additional Rule 17(c) subpoenas from Defendants unrelated to this Motion.[3]

Defendants now bring the instant Motion to compel production of two categories of evidence, purportedly pursuant to their original Rule 17(c) subpoena as narrowed by the Court. First, Defendants request the identities of 145 current and former employees who responded to custodial questionnaires that were drafted and distributed by the Bank's in-house lawyers to identify sources of materials relevant to the subject matter of this litigation (the "Respondent Identities"). (See Defs.' Mot. to Compel ("Defs.' Mot."), at 1 (Dkt. No. 237).)[4] Second,

---

[2] The Court also observed at that time that the Bank's "privilege log was made in good faith, [its] revisions to the log were made pursuant to court order without indication of bad faith, and JPMorgan Chase ha[d] not waived its privilege." (Order Regulating Proceedings 1.)

[3] The Rule 17(c) subpoena issued on January 13 requests "[d]ocuments contained within the personnel file(s)" of two former Frank employees, Patrick Vovor and Behram Panthaki. The Rule 17(c) subpoena issued on January 29 requests archived copies of the Frank website and personnel files of certain current and former Bank and/or Frank employees.

[4] As relevant to Defendants' Motion, one of the inquiries on the questionnaire pertained to employees' use of text messages and other messaging applications for business purposes.

2

Defendants seek the responses to those questionnaires themselves for any individual who appears on the Government's witness list (the "Responses"). (*See id.*)

## ARGUMENT

Defendants are not entitled to the Respondent Identities or the Responses themselves, both of which fall outside the scope of an existing Rule 17(c) subpoena and, because they are being impermissibly sought for the sole purpose of impeaching prospective Government witnesses, would fall outside the scope of any Rule 17(c) subpoena. In addition, the plain language of Federal Rule of Criminal Procedure 17(h) precludes disclosure of the Responses.

### A. The Requested Evidence Falls Outside the Scope of Any Existing Rule 17(c) Subpoena

As numerous courts, including this one, have recognized, "Rule 17(c) subpoenas are not tools of discovery in criminal cases, and, accordingly, they are not to be used as general fishing expeditions." *United States v. Wey*, 252 F. Supp. 3d 237, 253 (S.D.N.Y. 2017) (citations, brackets, and internal quotation marks omitted) (gathering cases). (*See also* Jan. 2024 Hearing Tr. 4:3–4 ("Clearly 17(c) was not intended to be a discovery weapon the way it is used in civil cases . . . .").) That is why the Court granted in part the Bank's December 2023 Motion to Quash, (Dkt. No. 75), and limited the scope of materials Defendants may seek under their initial Rule 17(c) subpoena. The information and materials now requested in Defendants' Motion fall well beyond the categories of responsive evidence described in the Court's January 2024 Order narrowing the original Rule 17(c) subpoena. (*See* Third Order ¶ 1.) Moreover, as discussed below, because Defendants seek these materials solely for impeachment purposes, their request would be impermissible under any Rule 17(c) subpoena.

The Respondent Identities and Responses are relevant neither to the Bank's pre-acquisition oversight and due diligence, nor to its analysis, assessment, or use of Frank's

3

customer list after the acquisition. (*See id.*) While Defendants assert (in a footnote) that "JPMC is required to produce the requested certifications" pursuant to their original Rule 17(c) subpoena as narrowed by the Court, their sole support for that proposition is ¶ 19 of the subpoena's "Instructions" section, which provides that "Documents not otherwise responsive to these Requests shall be produced if [they] concern, pertain to, relate to, mention, discuss, refer to, describe, or explain the Documents which are called for by these Requests." (Defs.' Mot. 2 n.3 (citing Dkt. No. 74-2).)[5]  It is unclear how the Respondent Identities and Responses meet this definition—let alone how they fall within scope of the substantive categories set forth by the Court. (*See* Third Order ¶ 1.) Without a Rule 17(c) subpoena that covers the requested information and materials (which, for reasons outlined below, the Bank would move to quash), Defendants are entitled to neither the Respondent Identities nor the Responses.

### B. Defendants Impermissibly Seek the Requested Evidence for the Sole Purpose of Impeaching Prospective Government Witnesses

Even if there were a Rule 17(c) subpoena that covered Defendants' request, the Court could deny the Motion for a second, independent reason: Defendants seek the Respondent Identities and Responses for the sole purpose of impeaching prospective Government witnesses, which is not permitted under Rule 17(c). Defendants' brief appears to acknowledge that the sole purpose of seeking this evidence is to impeach the credibility of certain witnesses. (*See* Defs.'

---

[5] The "Requests" referenced in ¶ 19 refer to the narrowed set of categories described by the Court in its January 2024 Order. As discussed in the Background section above, those topics are: "[the Bank's process of] overseeing and conducting due diligence prior to the acquisition date and, post the acquisition date, analyzing, assessing, and using Frank's customer list for the following business purposes: marketing based on or concerning Frank's user base, existing partnerships, and post-acquisition discussions regarding pre-acquisition valuation." (Third Order ¶ 1.)

Mot. 2–3 (referencing witness credibility, prior inconsistent statements, and impeachment evidence as the bases for relevance).)[6]

"Courts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment." *United States v. Cherry*, 876 F. Supp. 547, 553 (S.D.N.Y. 1995); *see also, e.g.*, *United States v. Boyle*, No. 08-CR-523, 2009 WL 484436, at *2 (S.D.N.Y. Feb. 24, 2009) ("[T]o the extent defendant is seeking impeachment material, documents are not evidentiary for Rule 17(c) purposes if their use is limited to impeachment."); *United States v. Weissman*, No. 01-CR-529, 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) (gathering cases that "articulate an absolute prohibition on the use of a Rule 17(c) subpoena solely for impeachment purposes"). For this reason, courts in this District (and beyond) routinely deny subpoena requests where, as here, the evidence is being sought solely for purposes of impeachment. *See, e.g.*, *United States v. Xu*, No. 23-CR-133-5, 2024 WL 4504352, at *2 (S.D.N.Y. Oct. 16, 2024) (denying defendant's request to serve Rule 17(c) subpoenas on third parties in part because the proposed subpoenas "swept in a host of irrelevant and inadmissible materials, including . . . materials sought only for purposes of impeachment"); *United States v. Blakstad*, No. 19-CR-486, 2020 WL 5992347, at *12 (S.D.N.Y. Oct. 9, 2020) (denying motion for issuance of Rule 17(c) subpoena where the defendant was "fishing for impeachment evidence for use against [a prospective witness]"); *United States v. Ferguson*, No. 06-CR-137, 2007 WL 2815068, at *2 (D. Conn. Sept. 26, 2007) (granting

---

[6] Apart from impermissibly seeking the Respondent Identities and Responses solely for purposes of impeachment, Defendants have not explained how this evidence would be relevant as it relates to individuals who have not been called to testify at trial.

5

motions to quash Rule 17(c) subpoenas issued to third parties that were sought solely for impeachment purposes).[7]

One case cited by Defendants with respect to a separate legal issue—*United States v. Goldstein*, No. 21-CR-550, 2023 WL 3662971 (E.D.N.Y. May 25, 2023)—suggests that defendants may use a Rule 17(c) subpoena to seek evidence solely for impeachment purposes on the grounds that such evidence could be material to a defense. *See id.* at *3. The basis for that assessment, though, is a pair of cases—*United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008), and *United States v. Nachamie*, 91 F. Supp. 2d 552 (S.D.N.Y. 2000)—that numerous courts in this District have criticized and declined to follow. In *Tucker* and *Nachamie*, the court concluded that the standard for issuance of a Rule 17(c) subpoena set forth by the Supreme Court in *United States v. Nixon*, 418 U.S. 683 (1974)—i.e., relevancy, admissibility, and specificity— should not apply when "production is requested by (A) a criminal defendant; (B) on the eve of trial; (C) from a non-party; (D) where the defendant has an articulable suspicion that the documents may be material to his defense." *United States v. Nelson*, No. 10-CR-414, 2011 WL 2207584, at *3 (S.D.N.Y. June 3, 2011) (summarizing *Tucker* and *Nachamie*). In that context, the *Tucker/Nachamie* court argued, the defendant should be required to meet a "less restrictive test" that asks whether the subpoena request "is (1) reasonable, construed as material to the

---

[7] Defendants cite *United States v. Cole*, No. 19-CR-869, 2021 WL 912425 (S.D.N.Y. Mar. 10, 2021), for the proposition that courts in the Second Circuit "have concluded that trial subpoenas seeking evidence for impeachment are permissible under Rule 17(c)." (Defs.' Mot. 6 (quoting *Cole*, 2021 WL 912425, at *4).) That characterization omits a key detail. Each of the four cases cited by *Cole* stands for the proposition "that production of impeaching evidence pursuant to Rule 17(c) is not required until *after* the witness testifies." *United States v. Skelos*, No. 15-CR-317, 2018 WL 2254538, at *2 (S.D.N.Y. May 17, 2018) (emphasis added); see also *United States v. Avenatti*, No. 19-CR-373, 2020 WL 508682, at *3 (S.D.N.Y. Jan. 31, 2020) ("Unlike subpoenas that are returnable prior to trial, . . . subpoenas for impeachment material are only returnable if and when the witness who has made the statement takes the stand and testifies." (citation, internal quotation marks, and alterations omitted)); *United States v. Percoco*, No. 16-CR-776, 2018 WL 9539131, at *1 (S.D.N.Y. June 14, 2018) (stating same proposition); *United States v. Seabrook*, No. 16-CR-467, 2017 WL 4838311, at *2 (S.D.N.Y. Oct. 23, 2017) ("Impeachment evidence is insufficient to require its production in advance of trial. This is because impeachment material is not relevant for production until a witness has testified." (citation omitted)).

defense, and (2) not unduly oppressive for the producing party to respond to." *Id.* (citation and internal quotation marks omitted).

This "less restrictive test" is not binding and has been widely criticized by other courts in this District. *See, e.g.*, *United States v. Shea*, No. 20-CR-412, 2022 WL 13847351, at *2 (S.D.N.Y. Oct. 24, 2022) (applying the *Nixon* standard and observing that "*Tucker* is not prevailing law in this district" (record citation and internal quotation marks omitted)); *United States v. Blondet*, No. 16-CR-387, 2022 WL 485031, at *1 n.2 (S.D.N.Y. Feb. 16, 2022) (noting that *Tucker* has "been criticized," and that "the Second Circuit and district courts in this Circuit have almost unanimously deviated from *Tucker* and applied the *Nixon* standard to Rule 17(c) subpoenas requested by a defendant" (citations and internal quotation marks omitted)); *United States v. Ray*, 337 F.R.D. 561, 573 n.4 (S.D.N.Y. 2020) ("The Second Circuit has routinely applied the *Nixon* standard to Rule 17(c) subpoenas requested by a defendant, and *Tucker* has not generally been followed in this Circuit." (citation omitted)); *United States v. Carroll*, No. 19-CR-545, 2020 WL 104813, at *2 (S.D.N.Y. Jan. 9, 2020) ("The Court evaluates Rule 17 subpoena requests applying the factors set forth by the Supreme Court in [*Nixon*], not the factors preferred by Judge Scheindlin in [*Nachamie*]."); *Skelos*, 2018 WL 2254538, at *1 ("[C]ourts in the Second Circuit have almost unanimously applied *Nixon* to subpoenas served on third-parties." (gathering cases)); *United States v. Binday*, No. 12-CR-152, 2013 WL 4494659, at *1 (S.D.N.Y. Aug. 15, 2013) ("Until the Supreme Court or the Second Circuit accepts Judge Scheindlin's analysis in [*Nachamie*]—which has not yet happened—this court will follow the Supreme Court's decision in [*Nixon*], which binds me and which is not by its terms limited to subpoenas issued by the Government."); *United States v. Barnes*, No. 04-CR-186, 2008 WL 9359654, at *3 (S.D.N.Y. Apr. 2, 2008) ("[A]ll district courts within the Second Circuit, aside from the *Tucker* court, have

7

applied the *Nixon* analysis to third-party subpoenas issued by the defense."); *see also United States v. Bergstein*, 788 F. App'x 742, 746 (2d Cir. Sept. 16, 2019) (summary order) ("We have . . . applied the *Nixon* standard to Rule 17(c) subpoenas requested by a defendant, as have district courts in this Circuit." (citations omitted)); *United States v. Drakopoulos*, No. 02-CR-504, 2003 WL 21143080, at *1 n.1 (E.D.N.Y. Jan. 13, 2003) (observing that *Nachamie*'s "relaxed standard" was "proposed in dicta by Judge Scheindlin of the Southern District of New York, [and] is not binding").

Because Defendants seek the requested evidence solely for impeachment purposes, the Court should deny the Motion, consistent with the well-established approach in this District.

### C. Disclosure of the Responses is Precluded Under the Plain Language of Federal Rule of Criminal Procedure 17(h)

Apart from the grounds for denial set forth above, Defendants' request for the Responses faces an additional hurdle—the plain language of Rule 17(h). "No party," the Rule states, "may subpoena a statement of a witness or of a prospective witness under this rule." Fed. R. Crim. P. 17(h). Mindful that procedural rules must be interpreted according to their plain language, *see Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991), courts have consistently interpreted this provision to bar Rule 17(c) subpoenas seeking third-party witness statements.

In *United States v. Zhu*, No. 13-CR-761, 2014 WL 5366107 (S.D.N.Y. Oct. 14, 2014), for example, the court concluded that "[e]ven if [the] information" sought through the defendant's Rule 17(c) subpoena were relevant, the evidence "likely constitute[d] 'statement[s] of a witness or of a prospective witness' that Rule 17(h) mandates are 'not subject to subpoena'" and quashed the request on this basis. *Id.* at *3 (last alteration in original). Likewise, in *United States v. Vasquez*, 258 F.R.D. 68 (E.D.N.Y. 2009), the court reasoned that "if the statements sought [by

8

the defendant] were made by individuals the Government intends to call as witnesses at the trial," the defendant "would still not be entitled to them now because Rule 17(h) expressly precludes a party from subpoenaing a witness statement." *Id.* at 73.  Courts outside this Circuit have reached the same conclusion.  In *United States v. Bases*, No. 18-CR-48-1, 2021 WL 6621287 (N.D. Ill. Apr. 22, 2021), the court noted that "[t]he language of Rule 17(h) could not be more definitive[,] . . . [a]nd the vast majority of courts have prohibited efforts to seek witness statements from third-parties for this reason." *Id.* at *2 (gathering cases); *see also, e.g.*, *United States v. Phoenix*, No. 14-CR-318, 2015 WL 6094882, at *3 (N.D. Cal. Oct. 16, 2015) (quashing Rule 17(c) subpoena seeking "all previous statements or interviews of any anticipated government witness" based in part on the plain language of Rule 17(h)).

Relying on *Goldstein*, Defendants urge the Court to adopt a novel textual interpretation of Rule 17(h).  (*See* Defs.' Mot. 4–5.)  Such an interpretation is contrary to the plain language of the Rule, runs counter to the approach adopted by the "vast majority of courts," *Bases*, 2021 WL 6621287, at *2, and has been rejected by another court in this District, *see Zhu*, 2014 WL 5366107, at *3 n.3 (describing as "without merit" the argument "that Rule 17(h) applies only to witness statements already in the Government's possession").

In light of the plain language of Rule 17(h) as interpreted and applied by courts in this District and beyond, the Court should deny Defendants' request for the Responses.[8]

## CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Motion in full.

---

[8] Separately, because the Responses were provided in response to confidential custodial questionnaires drafted and distributed by the Bank's in-house lawyers (i) in anticipation of litigation and (ii) for the purpose of providing legal advice—including with respect to collection, preservation, witness identification, and case strategy—their disclosure would implicate significant issues related to attorney-client privilege and the attorney work-product doctrine, the protections of which the Bank does not intend to waive.