UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

CHARLIE JAVICE and OLIVIER AMAR,

Defendants.

Case No.: 1:23-cr-00251-AKH

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**

JPMC miscomprehends both the scope of Defendants' constitutional right to prior witness statements under Rule 17 and their requested relief as to statements of witnesses on the government's witness list. As JPMC's arguments fail from top to bottom, the Court should grant Defendants' motion to compel.

JPMC's assertion that there is a blanket prohibition against seeking prior witness statements through Rule 17 is undermined by its own citations. ECF No. 245 at 5 (collecting cases for the proposition that "[c]ourts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment"). For example, in *United States v. Weissman*, 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002), cited by JPMC, the court recognized that a defendant may properly subpoena prior witness statements via Rule 17 "where it is known with certainty before trial that the witness will be called to testify, the admissibility determination, within the meaning of *Nixon,* can be made before trial, and the statements properly may be considered evidentiary." *Id.* *2. Indeed, impeachment materials may be "useful and evidentiary," bringing them under Rule 17's purview. *Id.* Just so here. Thus, the prior witness statements sought by Ms. Javice and Mr. Amar should be produced. ECF No. 237 at 2-4.

Nor is Defendants' request a fishing expedition. ECF No. 245 at 2. Rather, Ms. Javice and Mr. Amar seek only that which is permitted under Rule 17 and necessary to secure their constitutional rights under the Sixth Amendment, *Brady*, and *Giglio*. That is, the prior statements of witness who appear on the government's witness list. ECF No. 237 at 1-2.

*     *     *

To protect Ms. Javice's and Mr. Amar's constitutional right to confront witnesses against them, Defendants respectfully request the Court grant their motion to compel.

[*Remainder of page intentionally blank.*]

DATED: February 3, 2025

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Erica Perdomo*

Erica Perdomo (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
ericaperdomo@quinnemanuel.com

Sara Clark (*pro hac vice*)
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7100
saraclark@quinnemanuel.com

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**

David Siegal
Ellen Shapiro
919 Third Avenue
New York, NY 10022
Telephone: (212) 935-3000
dmsiegal@mintz.com
eshapiro@mintz.com

Eóin P. Beirne (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
epbeirne@mintz.com

**BAEZ LAW FIRM**

Jose Baez (*pro hac vice*)
Rosemarie E.W. Peoples (*pro hac vice*)
1200 Brickell Avenue
Miami, FL 33131
Telephone: (305)-999-5100
jose@baezlawfirm.com
rosemarie@baezlawfirm.com

**RONALD SULLIVAN PLLC**

Ronald Sullivan (*pro hac vice*)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 313-8313
rsullivan@ronaldsullivanlaw.com

*Counsel for Defendant Charlie Javice*

**KOBRE & KIM LLP**

Alexandria E. Swette
Sean S. Buckley
Jonathan D. Cogan
Daisy Joo
800 Third Ave.
New York, NY 10022
Tel: (212) 488-1200
Alexandria.Swette@kobrekim.com
Sean.Buckley@kobrekim.com
Jonathan.Cogan@kobrekim.com
Daisy.Joo@kobrekim.com

Matthew I. Menchel
201 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
Tel: (305) 967 6100
Matthew.Menchel@kobrekim.com

Erika L. Berman (*pro hac vice* forthcoming)

1919 M Street, NW
Washington, DC 20036
Tel: (202) 664-1900
Erika.Berman@kobrekim.com

*Counsel for Defendant Olivier Amar*

[*Remainder of page intentionally blank.*]

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, I caused a copy of the foregoing document to be served via ECF on counsel of record.

By: */s/ Erica Perdomo*