UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-                                                Case No.: 1:23-cr-00251-AKH

CHARLIE JAVICE and OLIVIER AMAR,

Defendants.

## DEFENDANT CHARLIE JAVICE'S NOTICE OF JOINDER

Defendant Ms. Javice joins in the points and arguments made by Mr. Amar in his reply memorandum filed in further support of the Motion to Suppress Google Drive Materials Seized Pursuant to the Google Warrant.  ECF No. 250.

For all the reasons set forth in Mr. Amar's reply, the Government's argument that Ms. Javice lacks standing to seek to suppress the searches of her Google Drive account is without merit. Indeed, the Government has effectively conceded the opposite, as demonstrated by its own conduct in the course of this case, including its treatment of the fruits of the searches in question.  The Government treated Mr. Amar's and Ms. Javice's drive contents separately from the outset, producing to each the *contents of his or her own account*, while withholding from each the other's materials, thereby acknowledging the patent personal nature of each defendant's interest in the content of his or her own drive.  As the Government stated at the hearing on January 23, 2024, it "received files from Google for what's called a Google Drive account . . . for the two work accounts used at Frank by the defendants, *each defendant*.  The government produced in full to each defendant *that defendant's account*."  (1/23/24 Hearing Tr., at 36.)  Ms. Javice received a copy of that drive in October 2023 and understands that on the same day the government sent a drive to

Mr. Amar with the contents of his Google Drive account. (*See* cover letter dated October 31, 2023 from the Government to Ms. Javice's counsel, attached hereto as Exhibit A).

Further, the Government's contention that Ms. Javice somehow signed away any reasonable expectation of privacy she had in her Frank Google Drive account by dint of the Merger Agreement is similarly meritless. Ms. Javice was not a party to the Merger Agreement in her individual capacity, and accordingly, nothing about that agreement did or could have resulted in her being stripped of her privacy expectations in the Google drives. Indeed, a Delaware Court has already ruled that "the fact that Javice was a signatory [to the merger agreement] on behalf of Frank does not render her a party to the agreement in her personal capacity," and further, that she is not "personally bound by the merger agreement." See *Javice v. JP Morgan Chase Bank, N.A. et al.*, 2022-1179-KSJM (Del. Ch. May 8, 2023) Tr. at 18-22 (attached hereto as Exhibit B) Accordingly, that court concluded that the merger agreement could not have divested her of rights existing independently of the merger agreement. The same logic applies here: the merger could not have removed Ms. Javice's protected privacy interests in her Google Drive.

For these reasons and those in Mr. Amar's reply submission, Ms. Javice respectfully requests the Court grant the Motion to Suppress and grant the same relief to Ms. Javice as is requested by Mr. Amar.

Respectfully submitted,

Dated: February 3, 2025

**MINTZ, LEVIN, COHN, FERRIS,**
**GLOVSKY & POPEO, P.C.**

By: _____
David M. Siegal
Ellen Shapiro
919 Third Avenue
New York, NY 10022
Telephone: (212) 935-3000
dmsiegal@mintz.com
eshapiro@mintz.com

Eóin P. Beirne (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
epbeirne@mintz.com

**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
Sara Clark (*pro hac vice*)
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7100
saraclark@quinnemanuel.com

Erica Perdomo (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
ericaperdomo@quinnemanuel.com

**BAEZ LAW FIRM**
Jose Baez (*pro hac vice*)
Rosemarie E.W. Peoples (*pro hac vice*)
1200 Brickell Avenue
Miami, FL 33131
Telephone: (305)-999-5100
jose@baezlawfirm.com
rosemarie@baezlawfirm.com

**RONALD SULLIVAN PLLC**
Ronald Sullivan (*pro hac vice*)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 313-8313
rsullivan@ronaldsullivanlaw.com

*Counsel for Defendant Charlie Javice*

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 3, 2025, I caused a copy of the foregoing document to be served via ECF on counsel of record.

By: _____
David M. Siegal