# EXHIBIT B

```
                                                                 1


     IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

CHARLIE JAVICE,                         :
                                        :
              Plaintiff,                :
                                        :
         v.                             : C.A. No.
                                        : 2022-1179-KSJM
JP MORGAN CHASE BANK, N.A., JPMORGAN    :
CHASE & CO., and TAPD, LLC,             :
                                        :
              Defendants.               :
----------------------------------------x

OLIVIER AMAR,                           :
                                        :
              Plaintiff,                :
                                        :
         v.                             : C.A. No.
                                        : 2023-0040-KSJM
JP MORGAN CHASE BANK, N.A., JPMORGAN    :
CHASE CO., and TAPD, LLC,               :
                                        :
              Defendants.               :

                         - - -

              Chambers
              Leonard L. Williams Justice Center
              500 North King Street
              Wilmington, Delaware
              Monday, May 8, 2023
              11:00 a.m.

                         - - -
BEFORE:  HON. KATHALEEN ST. J. McCORMICK, Chancellor
                         - - -

   BENCH RULING RE CROSS-MOTIONS FOR SUMMARY JUDGMENT

------------------------------------------------------
              CHANCERY COURT REPORTERS
          Leonard L. Williams Justice Center
                500 North King Street
             Wilmington, Delaware 19801
                   (302) 255-0521
```

2

```
 1  APPEARANCES: (via telephone)

 2         MICHAEL A. BARLOW, ESQ.
            SAMUEL D. CORDLE, ESQ.
 3         PETER C. CIRKA, ESQ.
            Abrams & Bayliss LLP
 4               -and-
            MAAREN A. SHAH, ESQ.
 5         JAN-PHILIP KERNISAN, ESQ.
            of the New York Bar
 6         Quinn Emanuel Urquhart & Sullivan LLP
              for Plaintiff Charlie Javice
 7
            JACOB KIRKHAM, ESQ.
 8         STEVEN G. KOBRE, ESQ.
            Kobre & Kim LLP
 9              for Plaintiff Olivier Amar

10         PETER J. WALSH, JR., ESQ.
            MICHAEL A. PITTENGER, ESQ.
11         HAYDEN J. DRISCOLL, ESQ.
            REECE BARKER, ESQ.
12         Potter, Anderson & Corroon LLP
              for Defendants
13

14                      - - -

15

16

17

18

19

20

21

22

23

24
```

1    dispute.  The subsequent language states: "for which
2    such Indemnitee is not entitled to indemnification or
3    advancement of expenses pursuant to the Organizational
4    Documents of the Company or pursuant to this Section
5    6.2."
6               Both sides argue that the contractual
7    language is unambiguous.  The Plaintiffs interpret the
8    clause set off by the comma to mean that the carve-out
9    only applies to claims for advancement not already
10   covered by Section 6.2 or Frank's bylaws.  The
11   Defendants interpret the clause to mean that
12   Plaintiffs are divested of all advancement rights,
13   regardless of source, for breach-related conduct.
14              I'll stop to acknowledge that neither
15   Plaintiffs signed the merger agreement in their
16   personal capacity, although Section 6.2(g) identifies
17   indemnitees — which includes Plaintiffs — as
18   third-party beneficiaries of Section 6.2.
19              The Defendants argue that Plaintiffs
20   are nevertheless personally bound by the contractual
21   waiver because both Plaintiffs are identified as
22   "Knowledged" persons in Section 1.1 of the merger
23   agreement.  Under the merger agreement's definition of
24   that term, however, this merely means that the

1   Plaintiffs' actual knowledge can be imputed to Frank.
2   It would be a stretch, in my view, to say that this
3   term rendered the Plaintiffs parties to the agreement.
4                Also, it is true, as the Defendants
5   said, that Javice signed the merger agreement on
6   behalf of Frank in her capacity as its CEO.  But,
7   again, the fact that Javice was a signatory on behalf
8   of Frank does not render her a party to the agreement
9   in her personal capacity.  In fact, the preamble of
10  the merger agreement states that it is entered into
11  only by JPMorgan Bank, its merger subsidiary, and
12  Frank.  The preamble does not list Javice as a
13  contracting party.  Later, in Section 9.16, the merger
14  agreement defines those parties identified in the
15  preamble as the "Contracting Parties."
16               Since the Defendants are unable to
17  show that Plaintiffs are personally bound by the
18  merger agreement as parties, Defendants are left to
19  argue that Section 6.2(i) bound Plaintiffs as
20  third-party beneficiaries.
21               Both sides quote from this court's
22  2007 decision in *NAMA Holdings, LLC v. Related World*
23  *Market Center, LLC*.  That decision states that a
24  third-party beneficiary cannot "cherry-pick certain

18

1   provisions of a contract which it finds advantageous
2   ... while simultaneously discarding corresponding
3   contractual obligations which it finds distasteful."
4   The Defendants argue that the Plaintiffs cannot claim
5   the benefits of the broad advancement rights granted
6   in Section 6.2(a) without acknowledging the
7   limitations on those rights imposed in Section 6.2(i).
8                   The Defendants in my view are
9   partially correct, but only to the extent that the
10  Plaintiffs seek to enforce advancement rights bestowed
11  on them by the merger agreement.
12                  In the words of the *NAMA* decision,
13  "intended third-party beneficiaries may enforce an
14  agreement's provision," but "[m]ere incidental
15  beneficiaries have no legally enforceable rights under
16  a contract."  And, quoting another portion of *NAMA*, "A
17  third-party beneficiary is an incidental beneficiary
18  unless the parties to the contract intended to confer
19  a benefit upon it."
20                  The parties do not dispute that Amar
21  or Javice are intended third-party beneficiaries to
22  the merger agreement.  So, to the extent they seek to
23  enforce their advancement rights under that agreement,
24  the Plaintiffs cannot cherry-pick which parts apply to

1  them.  If the Plaintiffs rely upon the merger
2  agreement, they opt into that agreement and take the
3  good with the bad.
4           The Defendants, however, overextend
5  their argument based on the Plaintiffs' status as
6  third-party beneficiaries.  They state that the terms
7  of the merger agreement can eliminate the Plaintiffs'
8  rights in other instruments, even though the
9  Plaintiffs did not negotiate those terms in their
10 personal capacity.
11          But that is not how third-party
12 beneficiary status works, as I understand it.  It
13 would be a strange world if two contracting parties,
14 by making someone a third-party beneficiary to their
15 contract, could completely divest that third party of
16 contract rights they possess independently of the new
17 contract.  That would not be tenable.  It would also
18 be inconsistent with the fundamental tenets of
19 contract law, requiring a meeting of the minds to
20 create contractual obligations.
21          Here, the Plaintiffs do not seek to
22 enforce their rights under the merger agreement
23 exclusively.  Instead, they foremost seek to implicate
24 their rights under Frank's bylaws.  So even if Section

1  6.2(i) operates the way Defendants say it does, that
2  provision cannot eliminate Plaintiffs' advancements
3  rights, which were created outside the merger
4  agreement before the merger agreement was executed.
5              Although framed in terms of
6  third-party beneficiary rights, part of Defendants'
7  argument also implicates the doctrine of novation.  In
8  other words, Defendants effectively state that
9  Plaintiffs' third-party beneficiary status to the
10 merger agreement novates parts of Frank's bylaws that
11 created advancement rights before the merger,
12 re-conditions those rights on Section 6.2(i), and
13 binds the Plaintiffs only to the new Section 6.2(i).
14             To quote *Aveta Inc. v. Bengoa*, "[a]
15 novation extinguishes a prior contract and replaces it
16 with a new [one]."  The court in *Schwartz v.*
17 *Centennial Insurance Company* iterated the four
18 elements required for novation: "(1) a valid
19 pre-existing obligation; (2) a valid new contract; (3)
20 extinction of the old contract; and (4) the consent of
21 all parties to the novation transaction."  As the
22 *Schwartz* court also stated, "[w]hile a novation can be
23 implied from the acts of the parties, it must be clear
24 that a novation is intended."

1       Defendants do not cite any authority
2  for their view that being a third-party beneficiary to
3  a contract is enough to novate prior agreements.  Nor
4  am I aware of any.  *NAMA*, for instance, does not
5  support the Defendants' position.  That case requires
6  third-party beneficiaries to a contract to accept the
7  contract, but the court did not require third-party
8  beneficiaries to relinquish any and all rights they
9  possessed from a separate agreement with one of the
10 contracting parties.  So, even following *NAMA*, parties
11 to an agreement cannot simply waive a third-party
12 beneficiary's separate and independent rights.
13          So as you can tell, I'm concerned with
14 where Defendants' positions would leave third-party
15 beneficiaries, generally.  It has not been disputed
16 that Plaintiffs' liability would be "by reason of the
17 fact" of acts taken in their officer capacities at
18 Frank.  Under the Frank bylaws, proceedings related to
19 these actions are subject to advancement, and
20 Plaintiffs' right to advancement accrued when they
21 took those actions.
22          Defendants' position seems to be that
23 third-party beneficiaries can waive their advancement
24 rights under the Frank bylaws by benefiting from

1   provisions of an agreement to which they were not
2   parties.  But that approach misuses the concept of
3   third-party beneficiary status.
4              I'm also worried about this argument
5   in light of Section 145(f) of the DGCL.  That statute
6   provides that a right to advancement arising under a
7   corporation's bylaw shall not be impaired by an
8   amendment, repeal, or elimination of such bylaws after
9   the occurrence of the act or omission that is the
10  subject of the action for which such advancement is
11  sought.  This court has previously interpreted that
12  provision to mean that indemnitees' right to
13  advancement vests as soon as the indemnitee engages in
14  the covered action.  I cite to *Marino v. Patriot Rail*
15  *Company* as one example.
16             Defendants argue that Section 145(f)
17  is inapplicable because Frank's bylaws were not
18  amended.  But Section 6.2(i), as they argue it, had
19  the same effect.  I'll note that it's a separate
20  question as to whether a covered person could agree to
21  waive rights provided to them under a bylaw through
22  private ordering.  I don't think the third-party
23  beneficiary status argument gets the Defendants there,
24  but I think there might be a more viable argument to

1  that effect.  So let me turn to the Defendants' next
2  argument.
3              The Defendants argue that the
4  Plaintiffs' execution of the resignation letters
5  rendered them personally bound to the merger agreement
6  because the letters referenced Section 6.2 of the
7  merger agreement.
8              In my view this argument fails not
9  categorically -- it's not as if the parties could not
10 have done this through a resignation letter -- but,
11 rather, based on the plain language of the resignation
12 letter.
13             As with Section 6.2(i), the placement
14 of a comma in the resignation letter divides the
15 parties' positions.  The resignation letter contains a
16 broad release of claims against Defendants "from any
17 and all claims as a director or officer of the Company
18 Group that I have in such capacity as a director or
19 officer (or any comparable position) as of the
20 Closing."
21             Preceding this clause is a carve-out
22 list of claims excepted from this provision, including
23 "accrued and unpaid compensation, expense
24 reimbursements, accrued and owing benefits and rights

33

<u>CERTIFICATE</u>

1
2
3       I, JEANNE CAHILL, RDR, CRR, Official
4  Court Reporter for the Court of Chancery of the State
5  of Delaware, do hereby certify that the foregoing
6  pages numbered 3 through 32 contain a true and correct
7  transcription of the proceedings as stenographically
8  reported by me at the hearing in the above cause
9  before the Chancellor of the State of Delaware, on the
10 date therein indicated.
11      IN WITNESS WHEREOF I have hereunto set
12 my hand at Wilmington, Delaware, this 9th day of May,
13 2023.
14
15
16           /s/ Jeanne Cahill
             -----------------------------
17           Jeanne Cahill, RDR, CRR
             Official Chancery Court Reporter
18           Registered Diplomate Reporter
             Certified Realtime Reporter
19
20
21
22
23
24