UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CHARLIE JAVICE and OLIVIER AMAR,

Defendants.

23-cr-00251-AKH

**MEMORANDUM OF LAW IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S MOTION TO QUASH DEFENDANTS' RULE 17(C) SUBPOENAS**

Greg D. Andres
Sidney Bashago
Katherine Swan
Michelle Adler
Christian Hines
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

February 3, 2025              *Attorneys for JPMorgan Chase Bank, N.A.*

# TABLE OF CONTENTS

P<span>AGE</span>

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ............................................................................................................................ 1

LEGAL STANDARD..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

CONCLUSION ............................................................................................................................... 6

i

## TABLE OF AUTHORITIES

CASES      PAGE(S)

*Bowman Dairy Co. v. United States*,
    341 U.S. 214, 220 (1951) ............................................................................................... 2

*United States v. Avenatti*,
    No. 19-CR-373, 2020 WL 508682 (S.D.N.Y. Jan. 31, 2020) ........................................ 5

*United States v. Bergstein*,
    No. 16-CR-746, 2017 WL 6887596 (S.D.N.Y. Dec. 28, 2017) ................................. 2, 3

*United States v. Bergstein*,
    788 F. App'x 742, 746 (2d Cir. 2019) ........................................................................... 3

*United States v. Blakstad*,
    No. 19-CR-486, 2020 WL 5992347 (S.D.N.Y. Oct. 9, 2020) ....................................... 3

*United States v. Carton*,
    No. 17-CR-680, 2018 WL 5818107 (S.D.N.Y. Oct. 19, 2018) ..................................... 4

*United States v. Cherry*,
    876 F. Supp. 547 (S.D.N.Y. 1995) ................................................................................ 3

*United States v. Constantine*,
    No. 21-CR-530, 2023 WL 3045408 (S.D.N.Y. Apr. 21, 2023) ..................................... 4

*United States v. Donziger*,
    Nos. 19-CR-561, 11-CV-691, 2021 WL 1865376 (S.D.N.Y. May 10, 2021) ............... 5

*United States v. Jasper*,
    No. 00-CR-825, 2003 WL 1107526 (S.D.N.Y. Mar. 13, 2003) .................................... 5

*United States v. Maxwell*,
    No. 20-CR-330, 2021 WL 1625392 (S.D.N.Y. Apr. 27, 2021) ..................................... 4

*United States v. Mendinueta-Ibarro*,
    956 F. Supp. 2d 511 (S.D.N.Y. 2013) ........................................................................... 3

*United States v. Nixon*,
    418 U.S. 683 (1974) ................................................................................................... 1, 2

*United States v. Weissman*,
    No. 01-CR-529, 2002 WL 31875410 (S.D.N.Y. Dec. 26, 2002) ................................... 5

*United States v. Xu*,
    No. 23-CR-133-5, 2024 WL 4504352 (S.D.N.Y. Oct. 16, 2024) .................................. 3

STATUTES & RULES

Fed. R. Crim. P. 16 .............................................................................................................. 2

Fed. R. Crim. P. 17 ............................................................................................................... *passim*

**PRELIMINARY STATEMENT**

Defendants Charlie Javice and Olivier Amar have issued Rule 17(c) subpoenas to nonparty JPMorgan Chase Bank, N.A. ("JPMC" or the "Bank") seeking documents from the JPMC or Frank personnel files of ███████, ███████, and 12 other individuals expected to be called as witnesses at trial. Because these sweeping requests are precisely the type of "fishing expedition" precluded under Rule 17(c), and Defendants seek this evidence for the sole purpose of impeaching potential witnesses at trial, the Court should quash these portions of the subpoenas consistent with well-established principles under *United States v. Nixon*, 418 U.S. 683 (1974), and the case law in this District.

**BACKGROUND**

On January 13, 2025, Defendants served the Bank with a subpoena (the "January 13 Subpoena"), pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, seeking "[d]ocuments contained within the personnel file(s)" of ███████, a ███████ and later the ███████ at Frank (and subsequently a ███████ at the Bank), and ███████, the former ███████ and ███████ at Frank. (Ex. A at 6.)[1] In particular, Defendants seek documents "that pertain to [███████] employment at Frank" (and also, in ███ case, JPMC), "including documents that reflect [their] responsibilities, reviews of [their] performance, complaints or disciplinary actions initiated by or made against [them] or that otherwise relate to [them] (whether made formally or informally)," and, in the case of ███████, "termination of his employment." (*Id.*)[2]

---

[1] Page citations for the subpoenas discussed in this Motion refer to the PDF pagination.

[2] On January 27, in partial response to this subpoena, the Bank produced ███ employee profile, offer letters, and resumé.

1

On January 29, 2025, Defendants served the Bank with another Rule 17(c) subpoena that seeks, in relevant part, "[a]ny and all documents contained within the Frank and JPMC personnel file(s)" of 12 specified individuals, whom the Bank understands to be potential witnesses for the Government,

> including documents pertaining to the hiring process, that reflect job responsibilities, reviews of job performance, supervisory notes and complaints or disciplinary actions initiated by or made against said employee[s] or that otherwise relate to said employee[s] (whether made formally or informally), including but not limited to any action to terminate said employee[s].

(Ex. B at 6.)³

## LEGAL STANDARD

Rule 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). This Rule serves "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials," but "it was not intended to provide a means of discovery for criminal cases," and therefore may not be used to pursue a "general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 698–700 (1974); *see also, e.g., United States v. Bergstein*, No. 16-CR-746, 2017 WL 6887596, at *4 (S.D.N.Y. Dec. 28, 2017) ("In other words, Rule 17(c) was not intended to undermine the limited right of discovery under Rule 16, Fed. R. Crim. P., by providing 'a right of discovery in the broadest terms.'" (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951))). "Consistent with this limited purpose," *id.*, Rule 17(c) provides that, "[o]n motion made promptly, the court may quash or modify the subpoena if

---

³ The 12 individuals are ████, ████, ████, ████, ████, ████, ████, ████, ████, ████, ████, and ████.

2

compliance would be unreasonable or oppressive[,]" Fed. R. Crim. P. 17(c)(2). To survive such a motion, a party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699–700. "A court may quash a motion for a Rule 17(c) subpoena based on a failure to satisfy one of these prongs." *Bergstein*, 2017 WL 6887596, at *4. Finally, "[c]ourts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment." *United States v. Blakstad*, No. 19-CR-486, 2020 WL 5992347, at *11 (S.D.N.Y. Oct. 9, 2020) (quoting *United States v. Cherry*, 876 F. Supp. 547, 553 (S.D.N.Y. 1995)).

## ARGUMENT

The Court should quash the January 13 and January 29 Subpoenas insofar as they request documents from the personnel files of ▓▓▓▓▓, ▓▓▓▓▓, and 12 other potential witnesses. As a threshold matter, Defendants' sweeping requests for documents from the potential witnesses' personnel files "are plainly 'overly broad' and, thus, the kind of 'fishing expedition' that Rule 17(c) does not permit." *United States v. Xu*, No. 23-CR-133-5, 2024 WL 4504352, at *3 (S.D.N.Y. Oct. 16, 2024) (quoting *United States v. Bergstein*, 788 F. App'x 742, 746 (2d Cir. 2019) (summary order)) (quashing Rule 17(c) subpoenas that called "for the production of 'any' and 'all' documents and communications relating to broad topic areas," and noting that "courts have repeatedly rejected" such "sweeping language . . . as enabling impermissible fishing expeditions"); *see also United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("Subpoenas seeking 'any and all' materials, without mention of

3

'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*." (citation omitted)). Although Defendants' broad requests for personnel files include sub-categories of particular interest (e.g., documents pertaining to job responsibilities, performance reviews, or complaints and disciplinary actions), "an overly broad subpoena is not cured by its inclusion of a narrower category of materials that could potentially be the subject of a more carefully tailored request." *Xu*, 2024 WL 4504352, at *3 n.3. The Court can and should quash Defendants' requests on this basis alone.[4]

Moreover, Defendants appear to be seeking evidence that "would only be relevant for purposes of impeaching [these individuals'] testimony," and is therefore "not the proper subject of a Rule 17(c) subpoena." *United States v. Constantine*, No. 21-CR-530, 2023 WL 3045408, at *2 (S.D.N.Y. Apr. 21, 2023) (citation omitted). As noted, the admissibility standard of Rule 17(c) has "consistently" been interpreted to "preclude production of materials whose evidentiary use is limited to impeachment." *Cherry*, 876 F. Supp. 547, 553 (S.D.N.Y. 1995) (gathering cases); *see also, e.g.*, *United States v. Maxwell*, No. 20-CR-330, 2021 WL 1625392, at *2 (S.D.N.Y. Apr. 27, 2021) (declining to authorize service of proposed Rule 17(c) subpoena requests where "[t]he only plausible theory of relevance set forth in [the defendant's] papers [was] that the[] documents [were] necessary for purposes of impeachment"); *United States v. Carton*, No. 17-CR-680, 2018 WL 5818107, at *1, *6 (S.D.N.Y. Oct. 19, 2018) (observing that "[i]t is well established that Rule 17(c) does not provide a basis for pretrial production of materials whose evidentiary use is limited to impeachment" and quashing a Rule 17(c) subpoena in part on this basis (citation, ellipsis, and internal quotation marks omitted)); *United States v.*

---

[4] It is also worth noting that the breadth of Defendants' request for personnel files would sweep in plainly irrelevant details, including sensitive healthcare and financial information.

4

*Weissman*, No. 01-CR-529, 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) ("[S]everal cases articulate an absolute prohibition on the use of a Rule 17(c) subpoena solely for impeachment purposes.").[5]

The court's decision in *United States v. Jasper*, No. 00-CR-825, 2003 WL 1107526 (S.D.N.Y. Mar. 13, 2003), is instructive as to Defendants' request for the personnel files of potential witnesses. In *Jasper*, as in this case, the defendant had served subpoenas on a third party to request the personnel files of potential government witnesses. *Id.* at *1–2.[6] "Since the defendant has failed to show that the documents sought in this subpoena will be used for anything other than impeachment purposes," Judge Leisure wrote, "the Court finds that the subpoena for these documents must be quashed at this time." *Id.* Here too, in addition to the fact that the requested personnel files constitute inadmissible hearsay, Defendants plainly seek these materials for the sole purpose of impeaching potential witnesses at trial. Consistent with *Jasper* and the weight of authority in this District, the Court should quash the January 13 and January 29 Subpoenas insofar as they seek the personnel files of ███████, ███████, and other potential witnesses.[7]

---

[5] To the extent the Court finds Defendants' requests permissible under Rule 17(c), "subpoenas for impeachment material are returnable only after a witness takes the stand, not prior to trial or even on the first day of trial." *United States v. Donziger*, Nos. 19-CR-561, 11-CV-691, 2021 WL 1865376, at *4 (S.D.N.Y. May 10, 2021); *see also, e.g.*, *Maxwell*, 2021 WL 1625392, at *2 (explaining that "the need to impeach witnesses generally 'is insufficient to require [materials'] production in advance of trial[,]" (quoting *Nixon*, 418 U.S. at 701) (first alteration in original), and observing that "[m]any courts have held that impeachment material does not become relevant until after the witness testifies" (gathering cases)); *United States v. Avenatti*, No. 19-CR-373, 2020 WL 508682, at *4–5 (discussing the rule "that production of impeaching evidence pursuant to Rule 17(c) is not required until after the witness testifies" and gathering cases regarding same).

[6] Although the defendant in *Jasper* characterized the subpoenas as "trial subpoenas" rather than Rule 17(c) subpoenas, the court "consider[ed] [them] . . . to be subpoenas for the production of documentary evidence under Rule 17(c) of the Federal Rules of Criminal Procedure." 2003 WL 1107526, at *1 n.1.

[7] The Bank also notes that it has informed counsel for Defendants that it has not identified any responsive files for ███████.

5

## **CONCLUSION**

For the reasons set forth above, the Court should quash Defendants' January 13 and January 29 Subpoenas insofar as they seek the personnel files of ████████, ██████, ██████, and other potential witnesses.