quinn emanuel trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

February 23, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Opening statements confirmed what Ms. Javice already knew: Olivier Amar's defense is mutually exclusive to hers, warranting severance. ECF Nos. 185, 219 (Motion for and Reply in Support of Severance). Mr. Amar's counsel—on no few than 15 occasions—directly invited the jury to believe Mr. Amar, at Ms. Javice's expense. *See* 02/20/2025 Trial Tr. 66:16-18; 66:24; 67:1-5; 67:19-25, 68:1-3; 69:7-12; 73:8-24; 74:1-4; 79:10-21; 79:22-25, 80:1-2; 80:6-9; 80:15-17; 84:1-9; 84:17-23.

This is a quintessential mutually exclusive defense. *See United States v. Casamento*, 887 F.2d 1141, 1153 (2d Cir. 1989) (defenses are mutually exclusive when "in order to believe one defendant, [the jury] must necessarily disbelieve the testimony offered on behalf of his co-defendant" (cleaned up)). For example, after saying "[Mr. Amar] is an innocent man who has been wrong accused," Mr. Amar's counsel characterized this case as one "that's really about [Mr. Amar's] boss," meaning Ms. Javice, and that Mr. Amar has "been lumped into [it] . . . through nothing but speculation and innuendo." 02/20/2025 Trial Tr. 66:16-18. Because Mr. Amar's articulated defense will inhibit the jury from evaluating the evidence against Ms. Javice based on her own acts and statements, before concluding that the government has proven its case beyond a reasonable doubt, severance is necessary.

It is no longer a theoretical possibility that Ms. Javice will be forced to defend against not only the government, but also by Mr. Amar. "[H]aving to wage a defense on two fronts, in a single

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

trial, before the jury" substantially prejudices Ms. Javice and compels severance. *United States v. Shkreli*, 260 F. Supp. 3d 247, 257 (E.D.N.Y. Apr. 17, 2017). Mr. Amar's counsel has now made clear that they "intend[] to assert a defense that will be an 'echo chamber' for the prosecution by presenting evidence [and argument] of multiple instances of [Ms. Javice's] purported lies, deceptions, and misrepresentations." *Id.* at 256. For example, Mr. Amar's counsel told the jury that "he, as an employee of the company, like many employees, got assignments from his boss, handed those assignments in, did his job, without full visibility into all of the discussions that were going on." 02/20/2025 Trial Tr. 74:1-4. Meaning that Mr. Amar was yet another victim of Ms. Javice's alleged fraud. *Shkreli*, 260 F. Supp. 3d at 256 (granting defendants' severance where the co-defendant argued he was "just another victim" of the alleged fraud). This "compounded effect of hearing the government's case in chief twice, once from the government and then again from" Amar "rises to the level of legally cognizable prejudice" that denies Ms. Javice her constitutionally-guaranteed right to a fair trial. *Id.* at 257 (cleaned up).

Further, a joint trial will present extensive evidentiary obstacles—including those implicating the Sixth Amendment—and judicial economy principles do not justify denying severance. *See* ECF No. 185 at 7-12. These concerns have only crystallized following opening statements by Mr. Amar's counsel.

For these reasons, Ms. Javice respectfully renews her motion to sever her trial from that of Mr. Amar.

Respectfully,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc:     All Counsel of Record

2