**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

February 23, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Consistent with Mr. Olivier Amar's antagonistic posture, Defendant Charlie Javice anticipates her co-defendant will elicit testimonial and inculpatory testimony against her through his cross-examination of government witnesses. ECF Nos. 185, 219, 283. Ms. Javice is entitled to meaningfully challenge these assertions on recross-examination to protect her Fifth and Sixth Amendment rights. *Maryland v. Craig*, 497 U.S. 836, 845 (1990). As such, Ms. Javice respectfully requests the opportunity to conduct recross-examination of the government's witnesses to secure her rights to confront witnesses against her and to a fair trial.

Cross-examination is the cornerstone of our adversarial system, and the primary engine by which a criminal defendant may secure her due process right to a fair trial. *Davis v. Alaska,* 415 U.S. 308, 316 (1974); *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). This is particularly true where, as here, a criminal defendant faces prosecution by not just one party, but two. In this instance, courts in this Circuit routinely permit a co-defendant to conduct recross-examination. *See, e.g.*, *United States v. Dupigny*, (S.D.N.Y. Furman, J.) No. 18-cr-528, ECF No. 262 at 103 (after denying defendants' motion to sever, permitting recross after government's redirect); *United States v. Tuzman*, (S.D.N.Y. Gardephe, J.) No. 15-cr-536, ECF No. 642 at 476 (same); *US v. Sezanayev*, (S.D.N.Y. Swain, J.) No. 17-cr-262, ECF No. 363 at 155 (same); *United States v. Carton*, (S.D.N.Y. McMahon, J.) No. 17-cr-680, ECF No. 140 at 187 (same); *United States v. Chierchio*, (E.D.N.Y. Garaufis, J.) No. 20-cr-306, ECF No. 258 at 54-55 (same); *United States v. Webb*, (E.D.N.Y. Chen, J.) No. 15-cr-252, ECF No. 1276 at 161-70 (same); *United States v.*

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

*Codner*, (E.D.N.Y. Gonzalez, J.) No. 18-cr-609, ECF No. 524 at 2314 (same).  For good reason.  Without recross-examination, Mr. Amar's counsel would be permitted to elicit inculpatory testimony against Ms. Javice from government witnesses without that testimony being "test[ed] in the crucible of cross-examination."  *Crawford v. Washington*, 541 U.S. 36, 61 (2004).  This would permit evidence against Ms. Javice to be admitted without being subject to the "rigorous testing in the context of an adversary proceeding before the trier of fact" in violation of Ms. Javice's Sixth Amendment right to confront witness against her.  *Craig*, 497 U.S. at 845.

To secure the baseline requirement of the Confrontation Clause to a "full and fair opportunity" to confront witnesses against her, Ms. Javice respectfully requests that she be permitted to conduct recross-examination of government witnesses.  *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam).

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida.  A member in good standing in Maryland and the District of Columbia.

cc: All Counsel of Record