UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHARLIE JAVICE and OLIVIER AMAR,<br><br>Defendants. | Case No.: 1:23-cr-00251-AKH<br><br>MOTION FOR RECONSIDERATION TO PERMIT CROSS-EXAMINATION ON ISSUES OF WITNESS CREDIBILITY PURSUANT TO BINDING PRECEDENT |

## INTRODUCTION

Defendant Charlie Javice respectfully seeks reconsideration of the Court's tentative order denying the right to elicit cross-examination testimony bearing on witness credibility and bias through the form of benefits conferred by the alleged victim in this case, JP Morgan Chase. ECF No. 285. Specifically, JPMC's payment of government witnesses' legal fees. A criminal defendant must be permitted "to expose to the jury the facts from which jurors could appropriately draw inferences relating to the reliability of the witness." *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986) (cleaned up). This includes benefits—either direct or indirect—received by the witness. To rule otherwise not only violates Ms. Javice's Sixth Amendment rights but also "undermine[s] the fact-finding and truth-seeking function of the trial." *Cotto v. Herbert*, 331 F.3d 217, 257-58 (2d Cir. 2003).

For the reasons set forth below, precluding Ms. Javice from cross-examining witnesses on the "highly relevant" matter of witnesses' potential credibility and bias, *United States v. Reed*, 437 F.2d 57, 59 (2d Cir. 1971), is contrary to binding Second Circuit and Supreme Court precedent and constitutes grounds for mistrial or reversal.

1

## ARGUMENT

The Sixth Amendment's Confrontation Clause guarantees criminal defendants' right to cross-examine witnesses on issues of credibility and bias. *See Henry v. Speckard*, 22 F.3d 1209, 1214 (2d Cir. 1994); *see also Brinson v. Walker*, 547 F.3d 387, 392 (2d Cir. 2008) ("It is a clearly established principle of Supreme Court jurisprudence that the Confrontation Clause requires that a criminal defendant be afforded a meaningful opportunity to cross-examine witnesses against him in order to show bias or improper motive for their testimony.") (collecting Supreme Court cases). This is a broad right. The jury "has historically been entitled to assess *all evidence* which might bear on the accuracy and truth of a witness' testimony." *United States v. Figueroa*, 548 F.3d 222, 228 (2d Cir. 2008) (emphasis added) (brackets omitted) (quoting *United States v. Abel,* 469 U.S. 45, 52 (1984)); *see also Ellis v. Capps*, 500 F.2d 225, 227 (5th Cir. 1974) ("Evidence to show bias or interest of a witness . . . covers a wide range and the field of external circumstances from which probable bias or interest may be inferred is indefinite. . . . [Even f]acts wholly immaterial, or prejudicial to one of the parties on the main issue, may be material as affecting the credibility of a witness."). Payment of witnesses' legal fees categorically falls within the scope of constitutionally guaranteed cross-examination.

Compensation of a witness—meaning any benefit given to a witness, including paying for legal representation—always bears on witness credibility. *Kaplan v. S.A.C. Cap. Advisors, L.P.*, 2015 WL 5730101, at *2 (S.D.N.Y. 2015); *Brocklesby v. United States*, 767 F.2d 1288, 1293 (9th Cir. 1985); *see also Concepcion v. City of New York,* 2006 WL 2254987, at *4 (S.D.N.Y. 2006) (permitting plaintiff to "explore the potential bias or prejudice of adverse parties" via disclosure of an indemnification agreement); *Wilson v. Attaway*, 757 F.2d 1227, 1243 (11th Cir. 1985) (finding the trial court committed no error when it permitted defense counsel to examine plaintiffs' attorney's fees arrangements). For instance, in *United States v. Reed*, 437 F.2d 57, the Second

2

Circuit held that the district court erred in disallowing a defendant from cross-examining a government witness about the witness's possible financial stake in the case's outcome, which it found "highly relevant." *Id.* at 58-59. Indeed, it is error to preclude criminal defendants from cross-examining witnesses who are compensated by the government. *See United States v. Anty*, 203 F.3d 305, 312 (4th Cir. 2000) (citing *Davis v. Alaska*, 415 U.S. 308, 315-17 (1974)); *United States v. Ihnatenko*, 482 F.3d 1097, 1100 (9th Cir. 2007); *United States v. Harris*, 210 F.3d 165, 167 (3d Cir. 2000). This is the case whether the benefit conferred on the witness is monetary or not. *See, e.g.*, *United States v. Padgent*, 432 F.2d 701, 704-05 (2d Cir. 1970) (reversing and remanding for a new trial when defendant was prevented from cross-examining on lenient treatment by government officials promised for witness's testimony). The same is true where, as here, the witnesses are compensated by an interested third-party.* In either instance, a criminal defendant must be permitted to expose information that may influence the jury's assessment of a witness's testimony. *Cotto*, 331 F.3d at 257-58 (explaining cross-examination on witness credibility and bias is the bedrock means through which jurors assess witness credibility).

Cross-examination bearing on witness credibility is such an important "means of testing accuracy . . . that the absence of proper confrontation at trial calls into question the ultimate integrity of the fact-finding process." *Ayala v. Leonardo*, 20 F.3d 83, 92 (2d Cir. 1994) (quoting *Ohio v. Roberts*, 448 U.S. 56, 64 (1980)). As part of its truth-seeking function, the jury is entitled

---

* By the same logic, courts routinely find in the discovery context that "fee-payment arrangements [of witnesses] are relevant to credibility and bias." *Berger v. Seyfarth Shaw, LLP*, 2008 WL 4570687, at *1 (N.D. Cal. 2008) (citing cases); *see also Bryant v. Mattel, Inc.*, 573 F. Supp. 2d 1254, 1274 (C.D. Cal. 2007) (similar); *United States v. PG&E Co.*, 2016 WL 1212091, at *7 (N.D. Cal. 2016) ("[T]he fact of PG&E's payment of witnesses' attorneys might be relevant to the witnesses' bias as witnesses could feel they owe something to PG&E or fear financial exposure without PG&E's assistance."). In short, when a party pays a witness's legal fees, the Court's preclusion of the defendant's right to cross-examination concerning the source of funding violates a defendant's right to elicit questions of credibility or possible bias.

to a full picture of the factors animating a witness's testimony. This is particularly true here, since JPMC is paying legal fees not only for its current and former employees, but also unaffiliated third parties who never worked for JPMC. What's more, the government helped facilitate at least some of these attorney-client relationships. For example, one government witness declined an FBI interview, citing lack of counsel. The government contacted a JPMC-affiliated attorney whom the witness retained and conducted the interview, all on JPMC's dime. Such action is far from "routine." ECF No. 285 at 1. Ms. Javice must be permitted to bring these facts to light for the juror's assessment of the government witnesses' testimony. "[A] mere judicial determination" regarding the reliability of witness testimony is no substitute for the "constitutionally prescribed method of assessing reliability" through meaningful cross-examination. *Crawford v. Washington*, 541 U.S. 36, 62 (2004).

Indeed, Ms. Javice has the right to "engag[e] in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness." *United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008) (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 680 (1986)). A witness's financial fee arrangement is exactly that. *See Crowe v. Bolduc*, 334 F.3d 124, 132 (1st Cir. 2003) (finding that district court erred in "impos[ing] a burden on the cross-examiner to show some evidence that a witness might color his testimony due to financial incentives before permitting cross-examination. . . . The offered evidence [of the fee arrangement] is, of course, classic evidence of bias, which is routinely permitted on cross-examination."); *Wilson v. Attaway*, 757 F.2d 1227, 1243 (11th Cir. 1985) (citing *United States v. Reed*, 439 F.2d 1, 3-4 (2d Cir. 1971)) (similar). "Where such inquiry is improperly restricted, the right of confrontation has been denied." John Gleeson *et al.*, 1 Second Circuit Criminal Handbook § 9-2 (24th ed. 2025) (citing *Olden v. Kentucky*, 488 U.S. 227 (1988); *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986); and

4

*Davis*, 415 U.S. at 320).  Because well-established Sixth Amendment jurisprudence leaves no question about Ms. Javice's right to "impeach, i.e., discredit, the [government's] witness[es]," *Davis*, 415 U.S. at 316, the Court should permit the defense to cross-examine witnesses about topics related to their credibility and bias, including the payment of legal fees.

## CONCLUSION

To prevent reversal or mistrial on Sixth Amendment grounds, Ms. Javice respectfully requests the Court grant her motion for reconsideration.

[*Intentionally left blank.*]

DATED: February 24, 2025

                                                                        Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Kirsten R. Nelson*

Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

Erica Perdomo (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
ericaperdomo@quinnemanuel.com

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**

David Siegal
Ellen Shapiro
919 Third Avenue
New York, NY 10022
Telephone: (212) 935-3000
dmsiegal@mintz.com
eshapiro@mintz.com

Eóin P. Beirne (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
epbeirne@mintz.com

**BAEZ LAW FIRM**

Jose Baez (*pro hac vice*)
Rosemarie E.W. Peoples (*pro hac vice*)
1200 Brickell Avenue
Miami, FL 33131
Telephone: (305)-999-5100
jose@baezlawfirm.com
rosemarie@baezlawfirm.com

**RONALD SULLIVAN PLLC**

Ronald Sullivan (*pro hac vice*)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 313-8313
rsullivan@ronaldsullivanlaw.com

*Counsel for Defendant Charlie Javice*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion for reconsideration complies with Local Rules 6.3 and 7.1(c) because it contains 1,333 words.

By: */s/ Kirsten R. Nelson*
     *Counsel for Defendant Charlie Javice*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, I caused a copy of the foregoing document to be served via ECF on counsel of record.

By: */s/ Kirsten R. Nelson*
*Counsel for Defendant Charlie Javice*