quinn emanuel trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

February 26, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

At his first opportunity—indeed with the first question asked of the first witness—Olivier Amar's counsel crystalized his role:  As a second prosecutor seeking to prove Charlie Javice's guilt.  02/25/2025 Trial Tr. 315:5-8; *United States v. Shkreli*, 260 F. Supp. 3d 247, 257 (E.D.N.Y. 2017) (granting severance).  By his counsel's own admission, Mr. Amar is pursuing an irreconcilably "antagonistic defense" where he intends to prove that Ms. Javice had "full knowledge of" the alleged fraud and "intentionally siloed" Mr. Amar, making him yet another victim of her alleged crime.  02/25/2025 Trial Tr. at 347:20-24.  Requiring Ms. Javice to stand trial while facing prosecution by not just one but two parties violates her Fifth Amendment right to a fair trial.  A mistrial as to Ms. Javice and severance from Mr. Amar is the only remedy.

A "trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear."  *United States v. Rittweger*, 524 F.3d 171, 179 (2d Cir. 2008) (Sotomayor, J.) (quoting *Schaffer v. United States,* 362 U.S. 511, 516 (1960)).  Precisely so here.  Mr. Amar's counsel is an "echo chamber" for the prosecution.  *Shkreli*, 260 F. Supp. 3d at 256.  His questioning repeated and amplified the government's theory of prosecution, and in some instances, even relied on the same government exhibits.  *See* 02/25/2025 Trial Tr. 315:5-8; 318:7-25; 319:3-9; 331:16-23.  Indeed, Mr. Amar's counsel highlighted that the witness "testified *multiple times* [on direct examination] that the person who" allegedly made one of the central alleged misrepresentations underlying the scheme to defraud "was Ms. Javice[.]"  02/25/2025 Trial Tr. 315:5-8 (emphasis added).  Counsel's inflammatory line of questioning continued throughout the remainder of cross-

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH
11703-00001E/15649039.1

examination.  *See id.* at 318:16-319:9; 319:24-320:5; 324:10-325:-7; 325:19-24; 328:13-20; 331:19-23; 336:1-7.

As in *Shkreli*, Mr. Amar's counsel has—and will continue to—present evidence of "multiple instances of [Ms. Javice's] purported lies, deceptions, and misrepresentations."  *Shkreli*, 260 F. Supp. 3d at 257.  Where, as here, the co-defendant's defense "contradict[s his co-defendant]'s story in all significant respects," severance is mandated.  *United States v. Serpoosh*, 919 F.2d 835, 838 (2d Cir. 1990); *see also Zafiro v. United States*, 506 U.S. 534, 542-44 (Steves, J., concurring) (describing "mutually antagonistic" defenses as those as to which "acceptance of one . . . necessarily precludes acceptance of the other and acquittal of the codefendant").  It is clear that Mr. Amar will only continue to argue his own innocence by attempting to prove Ms. Javice's guilt.  This presents a situation more severe than routine accusations and blame-shifting between co-defendants.  *United States v. Nordlicht*, No. 16 Cr. 640 (BMC), 2018 WL 1796542, at *4 (E.D.N.Y. Apr. 16, 2018) (granting severance).

Forcing Ms. Javice to wage "a defense on two fronts, in a single trial, before the jury," *Shkreli*, 260 F. Supp. at 257, constitutes "legally cognizable prejudice" denying her a constitutionally fair trial, *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  For these reasons, Ms. Javice respectfully renews her motion for a mistrial and severance.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida.  A member in good standing in Maryland and the District of Columbia.

cc:     All Counsel of Record

2