# MINTZ LEVIN

One Financial Center
Boston, MA  02111
617-542-6000
617-542-2241 fax
www.mintz.com

**Eóin P. Beirne** | 617 348 1707 | ebeirne@mintz.com

February 27, 2025

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10017

**RE:**  *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Ms. Javice is in full compliance with her disclosure obligations under Rules 16 and 26.2 and the Court's orders.

Ms. Javice has and will continue to produce any non-attorney-work product "statements" of witnesses she intends to call in her case-in-chief as any such material is developed. There is no additional material to discover at this time.

With respect to her expert witnesses, Ms. Javice had produced expert reports for each of her previously disclosed expert witnesses, Kostas Psounis, Carla Holtze-Cell and Jeffrey Haas. Ms. Javice has determined that she will not call Kostas Psounis in her case-in-chief.

Prior to the final pre-trial conference on February 4, 2025, Ms. Javice supplemented the report from Ms. Holtze-Cell and following the pre-trial conference, provided a further second supplemental report of Ms. Holtze-Cell. The government, it seems, will not be satisfied unless we provide a veritable transcript predicting precisely what Ms. Holtze-Cell's words will be should she need to testify. Ms. Javice has provided all required disclosures regarding her expected testimony and will update those disclosures if her expected testimony changes based on the testimony of government witnesses to come.

As made clear by Ms. Javice's disclosures, Ms. Holtze-Cell will assist the jury in understanding technical concepts that we have already seen coming up in testimony of the first two witnesses, Messrs. Cowan and Panthaki, but which may be beyond the understanding of the typical juror. For example, should there be any confusion remaining after all the government's witnesses, Ms. Holtze-Cell could testify about how Google defines and counts "users," vs. "sessions," vs "impressions," vs. "events," as well as "raw counts" and "goals." We expect there to be testimony elicited in the government's case-in-chief about other technical internet and digital marketing concepts. We hope that either the government or defense counsel can also elicit proper explanations of those concepts in order for the jury to understand them. If not, Ms. Holtze-Cell will be available to provide helpful testimony for the jury and may be then cross-examined by the government.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | LOS ANGELES | SAN FRANCISCO | SAN DIEGO | TORONTO

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

February 27, 2025
Page 2

To be clear, Ms. Holtze-Cell is not performing an analysis of any kind that would require the government to retain its own expert to understand and challenge her testimony. She is not offering some controversial opinion. She will provide, if needed, helpful explanations of specialized concepts that the jury will need to understand to properly evaluate the evidence in this case. Given their own advanced knowledge of those same concepts, the well-able Assistant U.S. Attorneys on this case will be well-capable of cross examining Ms. Holtze-Cell.

Professor Haas will also provide relevant and helpful testimony to the jury regarding a complex field. Despite its complaints, the government has not articulated any prejudice as a result of the timing of disclosing him as an expert witness. Ms. Javice's disclosure was made weeks before Professor Haas will take the stand. Nor should there be any surprise regarding the subject of his testimony, as co-defendant Amar previously disclosed a similar expert. Further, Professor Haas was disclosed days after he was retained by Ms. Javice, which was prompted by a change in defense strategy in this case, which in part includes showing that the quantity and quality of Frank's user data was not part of the merger agreement and thus not material to a reasonable purchaser.

Each opinion that Ms. Javice will elicit from Professor Haas regarding industry standards or customs and practices relate to the complex process for arriving at the terms in a merger agreement were fully disclosed in both a Rule 16 disclosure and a more expansive expert report[1] that complied with Rule 26 of the Federal Rules of Civil Procedure and were accompanied by his curriculum vitae and a list of every case for which he has been retained as an expert dating back to 1999. Professor Haas has authored a casebook and articles in the field of mergers and acquisitions law and has practiced since 1988, and continues to practice, mergers and acquisition law.

The government, without any basis, asserts, as it does regarding Ms. Holtze-Cell, that there should be more to disclose regarding Professor Haas's expected testimony when in fact Ms. Javice has clearly detailed the specific opinions she will elicit from Professor Haas and the bases for them. At this time, there are no other opinions she will solicit on direct examination from Professor Haas.[2] And, because his testimony relates to industry standards or customs and practices, it is based on "his more than 35 years' experience practicing and teaching merger and acquisitions law, which includes negotiating and drafting merger agreements for both purchasers and sellers, and

---

[1] The government wrote that Ms. Javice "failed to provide a corresponding expert report" for Professor Haas only to attach the report, and not his Rule 16 disclosure, to its motion. Attached hereto as Ex. A is the Rule 16 disclosure for Professor Haas. An unredacted version of his c.v. was provided to the government.

[2] The government in footnote 5 of its motion misrepresents the testimony Ms. Javice will elicit from Professor Haas. Professor Haas did write the quoted opinion in his extensive report but preceded it with "my understanding at this time is that I will not be asked on direct examination to offer these opinions."

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

February 27, 2025
Page 3

his research and studies in the field of mergers and acquisitions that have enabled him to author books in that area."

The government elicited from Ms. Wims-Morris her subjective opinion about the importance of Frank's user data to the acquisition. See, e.g., Tr. at 554:11-20. Professor Haas's expert testimony will directly rebut this and similar assertions of government witnesses by explaining that it "is industry standard for a purchaser to both conduct due diligence and require 'representations and warranties' from the seller in the merger agreement that cover business points that are important to the acquisition and valuation of the seller's business." This testimony is admissible[3] and critical to Ms. Javice's defense because it will assist the jury in interpreting the merger agreement according to industry standards and discern the importance of the fact that there is no representation or warranty regarding user data. There is, however, an extraneous representation disclaimer clause as well as an integration clause, which undermine the subjective testimony of Ms. Wims-Morris and other anticipated government testimony.

The government brought this case, and it has the appropriately high burden of proof. Ms. Javice has a constitutional right to present a defense to include calling witnesses and the effective assistance of counsel which includes retaining experts to provide helpful and admissible testimony supporting her defense. The Court has imposed reasonable requirements on Ms. Javice's counsel to ensure an efficient trial and one without unfair surprise. We are in compliance with the spirit and letter of the Court's and the rules' requirements and will continue to be.

Respectfully submitted,

Eóin P. Beirne
Counsel for Ms. Javice

Cc:    All Counsel of Record

---

[3] Ms. Javice understands the government's motion to be a procedural challenge to Professor Haas. Should the Court question the admissibility of his testimony, Ms. Javice joins the government in requesting the opportunity to brief this issue. Ms. Javice respectfully asserts that Professor Haas's testimony is clearly admissible under the Federal Rules of Evidence. *See, e.g., United States v. Litvak*, 808 F.3d 160, 176 (2d Cir. 2015) (reversing and remanding for new trial where district court excluded expert testimony of business professor on sophisticated security market prices because it unfairly tipped the scales against the defense's theory of materiality by preventing the defense from challenging subjective opinions of victim counterparties).