# Korody Law, p.a.

118 W. Adams Street, Ste 500
Jacksonville, FL 32202
(904) 383-7261 • (904) 204-9548 (fax)
www.korodylaw.com

Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah Fergenson
Georgia Kostopoulos
Assistant United States Attorneys
Southern District of New York
The Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278

Re:   Expert Witness Professor Jeffrey J. Haas
      *United States v. Charlie Javice*, *et al*, 23-cr-00251-AKH (S.D.N.Y)

Dear Counsel:

Ms. Javice hereby provides notice of her intent to call Professor Jeffrey J. Haas in her case-in-chief as an expert witness and provides the below information pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C).

Professor Haas's qualifications, including a list of all publications authored in the previous 10 years and a list of cases in which he has served as an expert, are included in enclosures (1) (Curriculum Vitae) and (2) (Expert Witness Experience of Professor Jeffrey J. Haas).  He has not testified as an expert at trial or by deposition in the past 4 years.

Ms. Javice will elicit the following opinions from Professor Haas at trial regarding the merger and acquisition process and merger and acquisition agreements:

- Representations and warranties are standard clauses in a merger agreement and are negotiated between the purchaser and the seller. Some representations and warranties are commonplace while others are specifically tailored to the given transaction.
- A "representation" in a merger agreement is an informational assertion regarding the current state of the business. It is industry standard for "representations" to be made by the seller to the purchaser in the merger agreement about business points that are important to the acquisition and valuation to include, among others, validity and quality of contracts; ownership and condition of assets or intellectual property; inventory; accuracy of customer relationships or contracts; liabilities; product lines; and, authority to enter into the agreement.  "Representations" by the purchaser are often fewer in number and relate more to the purchaser's authority to enter into the agreement and financial ability to close on the purchase.
- A "warranty" in a merger agreement is a guarantee that a given "representation" is accurate.  It is industry standard for "representations" contained in a merger agreement to

- also be warranted. As a result, it is industry standard that a substantial section of a merger agreement is entitled "Representations and Warranties."
- "Representations" and "warranties" are in addition to due diligence efforts by a purchaser to evaluate a seller's business. It is industry standard for a purchaser to both conduct due diligence and require "representations and warranties" in the merger agreement about business points that are important to the acquisition and valuation of the seller's business.
- An extraneous representation and warranty disclaimer is a clause in a merger agreement that prevents parties from relying on representations or warranties that are not explicitly included in the agreement. It is industry standard that the parties may negotiate to include or exclude an extraneous representation and warranty disclaimer in a merger agreement.
- Most purchasers of a business where user or customer data, which can be defined to include, for example, name, contact information, and other identifying information, is an important reason for the purchase and valuation of the business would require the seller to make a representation and warranty regarding said data in the merger agreement.

The basis and reasons for Professor Haas's opinions are his more than 35 years' experience practicing and teaching merger and acquisitions law, which includes negotiating and drafting merger agreements for both purchasers and sellers, and his research and studies in the field of mergers and acquisitions that have enabled him to author books in that area. Professor Haas has reviewed two case related documents: GX2000 (the Agreement and Plan of Merger by and among JPMorgan Chase and TAPD, Inc.) and the Superseding Indictment.

Sincerely,

*Patrick Korody*
ID jGM1uB65ua9xQ9rDCHP1Qsvt          2/5/2025

Patrick K. Korody
FL Bar # 0107361

Enclosures:
1. Curriculum Vitae
2. List of Cases

Expert Approval

I have reviewed and approve this disclosure.

[signature]
ID nXBFizxzbenUy66p7Tq7CN87          2/5/2025

Jeffrey J. Haas

## eSignature Details

**Signer ID:** nXBFizxzbenUy66p7Tq7CN87
Signed by:      Jeff Haas
Sent to email:  jhaas@swlaw.edu
IP Address:     72.219.132.114
Signed at:      Feb 5 2025, 5:27 pm EST

**Signer ID:** jGM1uB65ua9xQ9rDCHP1Qsvt
Signed by:      Patrick Korody
Sent to email:  patrick@korodylaw.com
IP Address:     174.228.176.135
Signed at:      Feb 5 2025, 6:53 pm EST

# JEFFREY J. HAAS



**LEGAL PRACTICE EXPERIENCE:**

**J**EFFREY **J. H**AAS**, A**TTORNEY AT **L**AW, New York, New York (Oct. 1995 to present):

> Diverse legal practice focusing on mergers and acquisitions, corporate governance, securities regulation, contract drafting and negotiation, licensing, entity formation, modification and dissolution, and litigation consulting.

**L**ATHAM **& W**ATKINS, New York, New York (July 1993 to Sept. 1995), Corporate Attorney:

> Wide-ranging corporate and securities practice, including mergers and acquisitions (both friendly and hostile), extensive general corporate counseling, private and public securities offerings (including equity derivative securities and "tracking" stock), restricted stock monetizations and related hedging activities, banking and secured lending, and contract drafting.

**C**RAVATH**, S**WAINE **& M**OORE, New York, New York (Sept. 1988 to June 1993), Corporate Attorney (see Latham description above).

**DIRECTORSHIPS/TRUSTEESHIPS:**

**Uncommon Investment Family of Mutual Funds** (2020 – 2022)
  Chair of the Board of Trustees
  Audit Committee Member

**American Independence Family of Mutual Funds** (2005 – 2019)
  Chair of the Board of Trustees
  Nominating Committee Chair
  Audit Committee Member

**HSBC Family of Mutual Funds** (1999 – 2002)
  Audit Committee Member

**Wegener Corporation** (ticker: WGNR) (2007 – 2013)
  Compensation Committee Chair
  Audit Committee Member
  Strategic Alternatives Committee Member

**PUBLICATIONS:**

***BOOKS*:**

LEARNING BUSINESS ASSOCIATIONS (work in progress for West)

THE LAW OF MERGERS AND ACQUISITIONS (5th Edition, West 2018), co-authored with Dale Oesterle (6th Edition forthcoming in 2025)

MERGERS AND ACQUISITIONS IN A NUTSHELL (3rd Edition, West 2019), co-authored with Dale Oesterle (4th Edition forthcoming in 2025)

CORPORATE FINANCE HORNBOOK (2nd Edition, West 2020; 1st Edition, West 2014)

INVESTMENT ADVISER REGULATION (West 2008) (co-authored with Steven Howard)

CORPORATE FINANCE AND GOVERNANCE: CASES, MATERIALS, AND PROBLEMS FOR AN ADVANCED COURSE IN CORPORATIONS (Carolina Acad. Press 3rd ed. 2006) (co-authored with Ezra E. Mitchell and Lawrence A. Cunningham)

CORPORATE FINANCE IN A NUTSHELL (3rd Edition, West 2015; 2nd Edition 2011; 1st Edition 2004)

***OTHER WRITINGS*:**

*Reimagining the Definition of a "Security"* (work in progress)

*Saving the Independent Law School* (work in progress)

*ABA Position Paper on Securities Act Rules 144 and 145*, delivered to Securities and Exchange Commission on September 6, 2007 (co-authored with Peter Romeo, John Huber et al.)

*When the Endowment Tanks–Some Lessons for Nonprofits,* BUSINESS LAW TODAY, Amer. Bar Assoc. (May-June 2003).

*Nonprofit Directors' Duties as Endowment Performance Declines,* N.Y.L.J., Jan. 17, 2003, at 4.

*The Heartland Funds' Receivership and Its Implications for Independent Mutual Fund Directors*, 51 EMORY L.J. 153 (2002) (co-authored with Steven Howard)

*The Heartland Funds: Factors That Trigger a Mutual Fund Receivership,* INVESTMENT LAWYER, June 2002, at 13 (co-authored with Steven Howard)

*Fiduciary Duties of Tracking Stock Directors Under Delaware Law,* DIRECTOR'S MONTHLY (Nat'l Assoc. of Corp. Directors), May 2001, at 7.

*Tracking Stocks: What Directors Need To Know,* THE CORPORATE BOARD, Nov./Dec. 1999, at 6.

*Tracking Stock as a Strategic Choice,* SECURITIES REGULATORY UPDATE (CCH), Oct. 4, 1999, at 1.

*How Quantum, DLJ and Ziff-Davis Are Keeping on Track with "Tracking Stock,"* WALLSTREETLAWYER.COM, Sept. 1999 (Part I), at 1; Oct. 1999 (Part II), at 8.

*"Suitability" in the Self-Managed Internet Offering Context,* WALLSTREETLAWYER.COM, Jan. 1999, at 10

*Small Issue Public Offerings Conducted Over the Internet: Are They 'Suitable' for the Retail Investor?,* 72 SO. CAL. L. REV. 67 (1998) (reprinted in 2000 CORP. PRAC. COMM. 419)

*ABA Position Paper on Securities Act Rules 144 and 145*, delivered to Securities and Exchange Commission on May 9, 1997 (written with John Huber)

*Directorial Fiduciary Duties in a Tracking Stock Equity Structure: The Need for a Duty of Fairness*, 94 MICH. L. REV. 2089 (1996) (reprinted in THE BEST IN SECURITIES OFFERINGS (Bowne & Co. 2001 ed. & 1998 ed.) and THE BEST IN D&O DUTIES AND LIABILITIES (Bowne & Co. 1997))

*ABA Position Paper on Securities Act Rule 144*, delivered to Securities and Exchange Commission on September 6, 1995 (written with Peter Romeo, John Huber, et al.)

*Introduction to Tracking Stocks*, PLI B4-7051 (1993) (written with Erica Steinberger)

*Insights into Lender Liability: An Argument for Treating Controlling Creditors as Controlling Shareholders*, 135 U. PA. L. REV. 1321 (1987)

**TEACHING EXPERIENCE:**

*TENURED POSITION*:

**New York Law School** (July 1996 to December 2024)
Professor of Law (May 2000 to December 2024)
Associate Professor of Law (July 1996 to April 2000)

3

Courses taught include Mergers & Acquisitions, Securities Regulation, Corporations/Business Organizations, Contracts, Corporate Finance, and Mutual Fund Regulation.

**Awards:** 2017 Excellence in Teaching Award
2015 Excellence in Teaching Award
2010 Excellence in Teaching Award

*VISITORSHIPS*:

**Southwestern Law School** (beginning Spring 2025 and scheduled to last through Spring 2028)
Distinguished Visiting Professor of Law

**University of Southern California Gould School of Law** (Fall 2023 & Spring 2024)
Visiting Professor of Law (teaching Mergers & Acquisitions, Business Organizations and Contracts)

**Florida State University College of Law** (Fall 2003)
Visiting Professor of Law (taught Business Associations and Corporate Finance)

**Cardozo School of Law** (Spring 2002)
Visiting Professor of Law (taught Securities Regulation and Corporate Finance)

*ADJUNCT POSITIONS*:

**University of Pennsylvania Law School** (Spring 2005 & 2002)
Adjunct Professor of Law (taught Securities Regulation and Corporate Finance)

**Fordham University School of Law** (Fall 2017; Spring 2016 & 2015)
Adjunct Professor of Law (taught Mergers & Acquisitions and Corporations)

**Cardozo School of Law** (Spring 2018, 2013, 2012, 2011, 2008, 2007, 2006, 2004 & 1999; Fall 2012, 2009 & 2004)
Adjunct Professor of Law (taught Mergers & Acquisitions, Corporate Finance and Corporations)

**Awards:** *Best Adjunct Professor 2006-2007*
*Best Adjunct Professor 2005-2006*

**St. John's University School of Law** (Fall 2022, 2021, 2020, 2019, 2018 & 2016; Spring 2015)
Adjunct Professor of Law (taught Business Organizations and Contracts)

    **Seton Hall University School of Law** (Spring 2010 & 1996)
    Adjunct Professor of Law (taught Corporate Finance and Business Planning)

**EDUCATION:**

    **UNIVERSITY OF PENNSYLVANIA LAW SCHOOL**, Philadelphia, Pennsylvania
    J.D.–1988 *cum laude*

        **Activities:** *Law Review*–Comment Editor (3L): Associate Editor (2L)
        **Awards:** *Block Award* for highest grade in Wills, Trusts and Estates

    **FLORIDA STATE UNIVERSITY**, Tallahassee, Florida
    B.S.–1984 *summa cum laude* (double major in Finance and Classical Civilizations)

        **Honors:** Rotary Foundation Scholar; Phi Beta Kappa; Phi Kappa Phi
        **Awards:** *Kathleen Rankin Memorial Prize in Classics*; Florida Bankers Association Scholar

    **THE UNIVERSITY OF MELBOURNE**, Victoria, Australia
    1983–Rotary Foundation Scholar (Monetary and International Economics)

**BAR MEMBERSHIP:**

    Member in Good Standing, New York Bar (admitted 1989)

**MEDIA:**

    Quoted in over 75 different publications worldwide, including the *New York Times* and the *Wall Street Journal*, and has appeared on the CBS Evening News, CNBC, Nightly Business Report, CNN fn, The Wall Street Journal Television Report and National Public Radio.

## Expert Witness Experience of Professor Jeffrey J. Haas

*OTA, LLC, et al. v. WillScot Mobile Mini Holdings Corp.* (N.Y. Supreme Court 2022) (Index No. 60128/2021) (expert for plaintiffs in case involving contractual interpretation of a cashless exercise formula found in a warrant agreement covering publicly-traded warrants)

*Canada Water Ice Company, Ltd. v. Rita's Francise Company, LLC et al.* (American Arbitration Association 2020) (Case No. 01-18-0004-6989) (expert for respondent in case involving successorship in asset acquisitions)

*Rita's Franchise Company, LLC v. Velicer Ice Kent, LLC, et. al* (American Arbitration Association 2020) (Case No. 01-19-0000-0256) (expert for claimant in case involving successorship in asset acquisitions)

*Chef Cloe LLC v. ESquared Hospitality LLC* (American Arbitration Association 2019) (Case No. 01-19-0000-7965) (expert for claimant in case involving contractual interpretation of undefined terms)

*Barbara Watts as Executrix for the Estate of John Watts and Barbara Watts as Spouse v. A&J Plumbing & Heating Supplies Corp.* (N.Y. Supreme Court 2018) (Index No. 16-190281) (expert for plaintiffs in case involving successorship in asset acquisitions)

*Accounting by Lucille v. Corrier, as the Administratrix of the Estate of Ivan Allan Ezrine* (N.Y. Surrogate's Court 2017) (File No. 2013-3789/F) (expert for the objectants in case involving validity of corporate names under the New York Business Corporation Law)

*Proctor, et. al. v. Alcoa, Inc., et al.* (Sup. Ct. N.Y. 2015) (expert for plaintiffs in case involving issues of successorship in asset acquisitions and merger transactions)

*Antonellis, et. al. v. J.B. Hanauer, et al.* (Sup. Ct. N.J. 2011) (expert for plaintiffs in case alleging fraudulent concealment and breach of fiduciary duty)

*Pershing LLC v. Harrisdirect, LLC, E*Trade Securities LLC et al.* (NASD arbitration; 2007) (expert for defendants in arbitration involving breach of contract allegations)

*Van Roden v. Genzyme Corp.* (S.D.N.Y. 2006) (expert for plaintiffs in case alleging breach of directorial fiduciary duties)

*Ronald Perelman and Coleman (Parent) Holdings Inc. v. Morgan Stanley & Co. Inc.* (Cir. Ct. Fla. 2005) (expert for defendant in case involving hedging of concentrated equity position)

*Spahn v. Federated Investors, Inc.* (W.D. Pa. 2005) (expert for plaintiffs in case involving mutual fund regulation)

*Pinal Creek Group v. Newmont Mining Corp.* (D. Ariz. 2005) (expert for plaintiffs in case involving corporate successor liability for CERCLA violations)

*In re AT&T Corp. Securities Litigation* (D. N.J. 2003) (expert for plaintiffs in case involving tracking stock capital structure)

*May v. Prost* (Del. Ch. 2003) (expert for defendant in case involving investment adviser regulation)

*Reiner v. Wenig* (N.Y. Sup. Ct. 2001) (expert for defendant in case involving option agreement, registration rights, and public offering of securities)

*Day v. Meyer* (S.D.N.Y. 2001) (expert for plaintiff in case involving option agreements)

*Peters v. Smith* (N.Y. Sup. Ct. 1999) (expert for plaintiff in case involving investment adviser compensation)

*Connell v. Spencer* (D. Maine 1999) (expert for plaintiff in case involving breach of contract allegation)

In addition to the foregoing, Professor Haas has served as an expert in numerous FINRA (formerly NASD) securities arbitrations alleging broker-dealer misconduct.