

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 2, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

  The Government respectfully writes regarding the testimony of former Frank employee ▓▓▓▓▓ ("Engineer-1"). For the reasons set forth below, the Government respect the following relief:

  *First*, the Court should permit the Government to elicit certain prior consistent statements of Engineer-1, pursuant to Federal Rule of Evidence Rule 801(d)(1)(B). These prior consistent statements will be elicited from two witnesses during their direct examinations: Engineer-1 himself, and another former Frank Employee ("Former Employee-1").[1] Engineer-1's prior consistent statements are also contained in text messages between Engineer-1 and Former Employee-1, which should likewise be admitted under Rule 801(d)(1)(B).

  *Second*, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## I. The Court Should Permit the Government to Elicit Prior Consistent Statements During its Direct Examinations of Engineer-1 and Former Employee-1

### A. Relevant Facts

  As the Government previewed in its opening statement, Engineer-1 is expected to testify that, on or about August 2, 2021, Amar and Javice asked Engineer-1 to generate millions of records of fake data—a request which Engineer-1 refused. In his opening statement, Amar attacked Engineer-1's expected testimony as false and encouraged the jury to reject that testimony.

---

[1] Former Employee-1 is expected to testify on Monday, March 3, 2025.

Specifically, Amar told the jury they should not credit Engineer-1's testimony that Amar requested Engineer-1 to create fake data, arguing the following:

> The other thing that the prosecutor told you about the week before the deal gets finalized is that Mr. Amar supposedly said to an engineer at Frank: I want you to make a fake list up. That simply, ladies and gentlemen, you will see, is not true. I don't doubt that in fact that engineer is going to come into this courtroom and tell you that that is what was said but I ask you to do this: Listen to that witness testify on direct examination and then listen to how he does on cross-examination.
>
> There is another expression which is that cross-examination is the greatest legal engine ever created for the determination of truth. Listen to what he says on direct and then listen to what he says on cross-examination. The prosecutor told you that that witness was concerned and he thought he was being asked to do something illegal. Again, that may be what he says now, but if he was actually concerned at the time you will hear he told no one, not anyone else at Frank, not Matt Glazer the lawyer, not anyone at JPMorgan, not anyone at LionTree, not a memo written to himself. No one.

Trial Transcript ("Tr.") at 82-83. Further in the defense opening, Amar's counsel encouraged the jury to consider the following: "You are going to hear in this case that some witnesses have changed their story over time, said one thing when they first started talking to the prosecutors in the beginning of this investigation and are saying a very different thing now. Listen to that." Tr. 83.

Contrary to Amar's opening, the Government expects Engineer-1 to testify that he had, in fact, discussed the defendants' fake data request with others, including: (1) in early August 2021, Former Employee-1, over the phone and by text message, and (2) his former supervisor ("Supervisor-1") in approximately January 2022, after Javice and Amar approached Engineer-1 for Frank user data in connection with JPMC's request for Frank's user list to initiate a marketing campaign. In addition, Former Employee-1 is expected to corroborate Engineer-1's testimony, and will testify that Engineer-1 communicated with Former Employee-1 on August 2, 2021, expressing his concerns about a request that Engineer-1 received from Javice and Amar.

In connection with these direct examinations, the Government also seeks to introduce text messages between Engineer-1 and Former Employee-1 on August 2, 2021, where, among other things, Engineer-1 asked Former Employee-1 to download an encrypted messaging application to discuss his concerns. *See* Exhibit A.

    B.   **Applicable Law**

A witness's prior consistent statements are not hearsay and are admissible for their truth if the witness's credibility is attacked by the defense on any ground. *See* Fed. R. Evid. 801(d)(1)(B)

(defining as "not hearsay" any statement that "is consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground"); *see also United States v. Purcell*, 967 F.3d 159, 195-97 (2d Cir. 2020) ("Rule 801(d)(1)(B) was amended in 2014 to include subsection (ii), which expands the purposes for which prior consistent statements may be offered."). The Second Circuit has "relied on subsection (ii) of the amended Rule 801(d)(1)(B) in finding that the district court did not abuse its discretion in admitting prior consistent statements that were introduced to rebut 'defendants' attacks on [the declarant's] credibility and memory,' notwithstanding that 'challenges to [the declarant's] memory were brief and were not their main challenges." *Id.* at 196 (*quoting United States v. Flores*, 945 F.3d 687, 705-06 (2d Cir. 2019)).

"Prior consistent statements that are admissible under Rule 801(d)(1)(B) are substantive evidence." *United States v. Caracappa*, 614 F.3d 30, 40-41 (2d Cir. 2010) (internal citations and quotation marks omitted). Furthermore, "a prior consistent statement need not be identical in every detail to the declarant's [] testimony at trial" to be admissible under Rule 801(d)(1)(B). *United States v. Vest*, 842 F.2d 1319, 1329 (1st Cir. 1988).

The admissibility of a prior consistent statement may be triggered by a party's opening statement. *United States v. Zito*, 467 F.2d 1401, 1404 (2d Cir.1972) (prior consistent statements admitted to rebut defense counsel's suggestions during opening and on cross-examination that witness fabricated testimony). In addition, consistent statements for the purpose of rehabilitation have been allowed on direct examination where the defense opened on a theory that a Government witness had changed their story to appease the Government. *See United States v. Foster*, 652 F.3d 776, 787 (7th Cir. 2011) ("Foster clearly implied in his opening statement that Anderson would lie about Foster's involvement in the robbery in order to curry favor with the government. By implying that Anderson's plea agreement gave him an incentive to lie, Foster opened the door to the admission of Anderson's prior consistent statements on direct examination, before Foster had an opportunity to challenge Anderson's credibility on cross-examination."); *United States v. LeBlanc*, 612 F.2d 1012, 1017 (6th Cir. 1980) (holding witness's prior consistent statement admissible where defense counsel implied in his opening statement that witness "should not be believed because of the favorable consideration he received from the government in his plea bargaining agreement").

### C. Discussion

Amar's opening statement opened the door to the introduction of Engineer-1's prior consistent statement. Amar's counsel forcefully argued that Engineer-1's testimony is false. He encouraged the jury to focus on Engineer-1's demeanor during his direct and cross-examination, and further asserted that Engineer-1 had not told anyone about the defendants' fake data request. Accordingly, the admissibility of Engineer-1's prior consistent statements has been triggered by Amar's opening statement. *See Zito*, 467 F.2d at 1404.

Engineer-1's prior statements are consistent with his expected trial testimony. He is expected to testify that he told Former Employee-1 (in early August 2021) and Supervisor-1 (in January 2022) that defendants asked him to create fake data. In addition, Former Employee-1 is

also expected to testify that Engineer-1 communicated with her on August 2, 2021 expressing concerns about a request that Engineer-1 received from Javice and Amar. This testimony is further corroborated by text messages between Engineer-1 and Former Employee-1 (attached as Exhibit A), including Engineer-1's texts stating that he "[n]eed[s] to talk to [Former Employee-1] today" and "really [doesn't] feel good since yesterday" and asking Former Employee-1 to download an encrypted messaging application to discuss his concerns.[2]

Accordingly, these statements rebut Amar's allegation that Engineer-1 has falsified his testimony. In addition, these statements also rebut Amar's allegation that Engineer-1 did not tell anyone about his concerns regarding the fake data request. They are therefore as admissible as prior consistent statements under Rule 801(d)(1)(B). *See, e.g., United States v. Burrell*, 43 F. App'x. 403, 406 (2d Cir. 2002) (prior consistent statement was "admissible because [defendant] argued in her opening statement that the cooperating witness had a motive to lie"); *United States v. Mack*, 13 Cr. 54 (MPS), 2016 WL 4373695, at *10-11 (D. Conn. Aug. 15, 2016) (admitting a prior consistent statement on the ground that the defendant had attacked the witness's credibility by suggesting that the witness had fabricated his story in order to curry favor with the government); *Kanani v. Phillips*, 03 Cv. 2534 (PKC), 2005 WL 2431416, at *2 (S.D.N.Y. Oct. 3, 2015) (no improper bolstering when prior inconsistent statements admitted to rebut claim of recent fabrication).

II. ███████

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

---

[2] The text messages contained in Exhibit A are separately admissible as non-hearsay, because they are not being offered for the truth of a matter asserted therein.



## Conclusion

For the foregoing reasons, the Government respectfully submits that: (1) Engineer-1's prior consistent statements should be admitted pursuant to Federal Rule of Evidence Rule 801(d)(1)(B) during both his direct examination and the direct examination of Former Employee-1; and (2)

       Respectfully submitted,

       MATTHEW PODOLSKY
       Acting United States Attorney


By:    /s/_____
       Rushmi Bhaskaran
       Nicholas W. Chiuchiolo
       Micah F. Fergenson
       Georgia V. Kostopoulos
       Assistant United States Attorneys
       212-637-2439 / -1247 / -2190 / -2212

# Exhibit A



**11:05**

< 1   last seen today at 10:28 AM

**Aug 2, 2021**

Kind of  9:38 AM

🚫 This message was deleted. 9:39 AM

Were you too called yesterday for that kind of topic?  9:40 AM

Need to talk to you today  10:51 AM

SURE  10:52 AM ✓✓

personal or work  10:52 AM ✓✓

Are you on signal?  10:53 AM

what signal?  10:57 AM ✓✓

yes i got called and asked to do something  10:57 AM ✓✓

Signal The app  10:57 AM

oh i dont have it  10:57 AM ✓✓

i guess i'll download  10:58 AM ✓✓

Thx [redacted]  10:58 AM

I really don't feel good since yesterday  10:59 AM

GOVERNMENT EXHIBIT 803-14  S1 23 Cr. 251 (AKH)

USAO_00033984





