quinn emanuel trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 5, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Charlie Javice respectfully renews her request to cross-examine government witness Jennifer Wong on matters relevant to and probative of the government's burden to prove falsity, materiality, and intent to defraud. For ease of review, Ms. Javice submits the relevant excerpts of the trial transcript listed below as Exhibit A. Specifically, Ms. Javice respectfully requests the Court permit cross-examination on the topics below, which were curtailed today.

- ***Testimony related to claims review processes is relevant and probative of falsity, materiality, and intent***.

    - ***JPMC claims review***: Defense counsel intended to elicit testimony that JPMC accepted Frank's substantiation of the representations on its website, including the number of students who used the site. Specifically, that "Frank has helped millions with their search for college financial aid." CJ-0507. Ms. Wong was familiar with claims review processes; the government questioned her about them during direct examination. Ex. A at 2 (Trial Tr. 1038:6-11). When defense counsel attempted to elicit a similar line of questioning about JPMC's legal claims review, however, the Court sustained the government's objections. *See* Ex. A at 3-4 (Trial Tr. 1191:20-1192:12).

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

- A false or fraudulent misrepresentation must relate to a "material" fact.[1] *See, e.g.*, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313. Materiality "asks what the reasonable investor would have found significant in the *total mix of information made available to him*," *Hwang* Jury Charge at 5368–69 (securities fraud), 5390 (applying same to wire fraud) (emphasis added), "as of the time of the transaction and not upon a 20-20 hindsight view long after the event," *United States v. Martoma*, 993 F. Supp. 2d 452, 457 (S.D.N.Y. 2014) (internal quotation marks omitted). Defense counsel's cross-examination on this topic is relevant to materiality and to negate intent. It is proper cross-examination and should be permitted.

- *Sallie Mae partnership and claims review*: Defense counsel attempted to question Ms. Wong about Frank's partnership with Sallie Mae and its claims review process. The same alleged misrepresentations to JPMC were communicated to Sallie Mae as part of a claims review process. Sallie Mae independently substantiated Frank's user numbers. However, the Court prevented defense counsel from eliciting testimony on this topic, seemingly out of a concern that defense counsel was being inefficient with its time. Ex. A at 5-8 (Trial Tr. 1163:2-17, 1163:25-1165:10, 1165:7-10, 1193:7-10). This topic, however, cuts to the heart of the case. This is why the Court allowed testimony on this topic with other witnesses, including Ms. Leslie Wims Morris, Ex. A at 9 (Trial Tr. 696:6-20) (cross-examination), at 10-11 (Trial Tr. 553:20-554:9) (direct examination), as well as during Ms. Wong's direct examination, Ex. A at 12-13 (Trial Tr. 1048:18-1049:10). Defense counsel's cross-examination is relevant to falsity, materiality, and intent and should be permitted.

- ***Testimony related to the Search Engine Optimization ("SEO") Presentation is relevant and probative of materiality and intent***. The Court sustained several of the government's objections to defense counsel's questions about an SEO presentation Ms. Wong made in November 2021 to several JPMC employees. Ex. A at 14-16 (Trial Tr. 1184:1-1187:2). The presentation memorializes JPMC's motivating factors for the acquisition that were independent of Frank's existing user data. Ms. Wong's testimony on the matter is relevant to materiality and to negate intent.

- ***Testimony related to JPMC's distribution of a privacy policy email to all of Frank's users is relevant and probative of falsity, materiality, and intent***. The Court sustained this line of questioning without an objection. Ex. A at 16 (Trial Tr.

---

[1] Notably, the government does not dispute that fraudulent statements must relate to a material fact. *See* Gov't Proposed Jury Charge, ECF No. 198 at 11 (wire fraud); at 28, 32 (bank fraud); at 36 (securities fraud).

1187:3-7). The Court, however, permitted the government to discuss the privacy policy exercise during Ms. Wong's direct examination. Ex. A at 17 (Trial Tr. 1112:6-16). Defense counsel should be permitted to cross-examine Ms. Wong on topics the government have clearly recognized as relevant.

All of these topics strike at the heart of Ms. Javice's defense: That the alleged misrepresentations were not material, and she lacked the requisite intent to defraud. Ms. Javice is entitled to meaningfully challenge these assertions on cross-examination to protect her Fifth and Sixth Amendment rights. *Maryland v. Craig*, 497 U.S. 836, 845 (1990). As such, Ms. Javice respectfully requests the opportunity to cross examine Ms. Wong on the above topics to secure her rights to confront witnesses against her and to a fair trial.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc: All Counsel of Record