**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 9, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Defendant Charlie Javice respectfully moves to preclude government witness Patrick Vovor from testifying about a conversation between himself, Ms. Javice, and co-defendant Olivier Amar that is memorialized in GX 300, which the government intends to introduce into evidence. The government on at least one occasion played an edited recording of the conversation for Mr. Vovor and showed him an English transcription of the conversation based on this altered version. Whatever testimony he may now offer is impermissibly clouded by these unduly suggestive interview tactics. Furthermore, Mr. Vovor's testimony is unnecessary and cumulative because the government intends to offer, without objection from Ms. Javice, the original recording. *See* GX 300. The original audio is the most accurate memorialization of the conversation and speaks for itself; the jury gains nothing by hearing Mr. Vovor's cumulative and unreliable testimony.

*The Government's Unduly Suggestive Procedures*
*Impermissibly Tainted the Accuracy of Mr. Vovor's Testimony*

GX 300 is an approximately nine-and-and-half minute, surreptitious audio recording made by Mr. Vovor of a video conference between himself and Mr. Amar. Mr. Vovor and Mr. Amar were connected by video conference. Ms. Javice, by contrast, was not physically present with either of them, but instead appears to have called Mr. Amar and spoken to him briefly while on speakerphone. As a result, while Mr. Amar's and Mr. Vovor's voices are clear and discernable, Ms. Javice's voice is faint and garbled. Most, if not all, of her words are unintelligible. The

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

government attempted to "enhance" GX 300 by amplifying Ms. Javice's voice to make her more clearly audible. Their efforts were largely unsuccessful. Because Mr. Amar and Mr. Vovor speak in French for a portion of the conversation, the government created an English translation of the conversation.

The government now seeks to avoid the enhanced recording and related transcript's clear reliability and authentication issues by admitting the original recording, as supplemented and annotated through testimony from Mr. Vovor. Mr. Vovor's testimony as to the inaudible English portions, however, is unreliable and should be precluded.

Mr. Vovor was not physically present with Mr. Amar or Ms. Javice during the conversation; his understanding of Ms. Javice's statements is no broader than the few words that can be discerned from the recording itself. In other words, Mr. Vovor does not have an accurate, independent recollection of Ms. Javice's statements beyond the original audio recording. Notwithstanding this, witness interview notes reflect that the government attempted to impermissibly bolster his understanding by playing Mr. Vovor the "enhanced" audio recording and showing him the English translation of the same. Mr. Vovor now has an "enhanced" understanding of what Ms. Javice may have said, supplemented by the government's audibility aids.

Mr. Vovor's testimony is tainted. It is impossible to distinguish between what would have been Mr. Vovor's genuine—and limited—recollection of the conversation, and his impression of Ms. Javice's statements from the "enhanced" recording and transcript. Admitting his testimony poses "a very substantial likelihood of irreparable misidentification" of Ms. Javice's statements during the conversation, in violation of Ms. Javice's due process right. *Perry v. New Hampshire*, 565 U.S. 228, 232 (2012) (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)). His testimony should be precluded.

### *Federal Rules of Evidence 1002 and 403*
### *Preclude Mr. Vovor from Testifying about the Contents of the Recording*

Federal Rule of Evidence 1002 requires that an "an original . . . recording . . . is required in order to prove its content unless these rules or a federal statute provide otherwise." The government intends to elicit testimony from Mr. Vovor about the contents of the audio recording, namely the contents of its inaudible portions. This violates Rule 1002's original recording requirement. Fed. R. Evid. 1002. These concerns are particularly acute given the government's unduly suggestive interview tactics. The original audio recording itself is the best and only accurate representation of the contents of the conversation between Ms. Javice, Mr. Amar, and Mr. Vovor. Mr. Vovor's testimony is also unduly cumulative and repetitive. Fed. R. Evid. 403. The audio recording speaks for itself. The jury is free to analyze and interpret the audio recording as is.

*   *   *

For the reasons stated above, Ms. Javice respectfully requests that the Court preclude Mr. Vovor's testimony as to the inaudible English portions recorded in GX 300.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida.  A member in good standing in Maryland and the District of Columbia.

cc:     All Counsel of Record