

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 9, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Streets
New York, New York 10007

    Re:    *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

    The Government respectfully writes in opposition to defendant Olivier Amar's motion for a mistrial or, alternatively, to admit an exhibit previously ruled inadmissible. *See* Dkt. 316. The Court should deny Amar's motion because there is no basis for a mistrial or to admit the exhibit. That said, the Government has no objection to a curative instruction should Amar or Charlie Javice request one, reiterating that a defendant has no burden to testify or otherwise offer evidence and no adverse inference may be drawn from such choices.

    During Jennifer Wong's cross-examination, Amar's counsel sought to introduce GX 802-5, a slack conversation between Wong and Amar. The Government's hearsay objection to GX 802-5 sought to point to the rationale for the hearsay rule,[1] and in no way did the Government argue, as Amar claims, that a "defendant must testify in order to rebut the Government's allegations." Dkt. 316 at 2. Indeed, the objection occurred in the third week of the Government's ongoing case-in-chief, while a Government witness was on the stand. Even where comments potentially suggesting burden-flipping are made in summations—after a defendant has chosen not to testify—a mistrial is not warranted if the jury is appropriately instructed. *See, e.g.*, *United States v. Dore*, 586 F. App'x 42, 45–46 (2d Cir. 2014); *see also United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (legal standard for summations); *United States v. Rosa,* 17 F.3d 1531, 1549 (2d Cir. 1994) (Improper remarks are "not ground for reversal . . . unless the remarks caused the defendant substantial prejudice. Determination of whether there should be a reversal requires an evaluation of the severity of the misconduct, the curative measures taken, and the certainty of

---

[1] The Government notes that the rapid and at-times nearly simultaneous back and forth among counsel and the Court—counsel for defendant Charlie Javice also objected on hearsay grounds, and the Court then conducted its own inquiries—is not captured by the transcript, and particularly Amar's edited version of it. *See* Tr. 1228-1233. The colloquy before the jury regarding the admissibility of this document spanned three transcript pages, and culminated in a sidebar at which the Court sustained the Government's and Javice's objections. *See id.*

conviction absent the misconduct."). The sole case cited by Amar in his letter demonstrates the point. *See United States v. Shoreline Motors*, 413 F. App'x 322, 324–25 (2d Cir. 2011) (holding that "the trial court's excellent curative instructions were ample to prevent any denial of due process").

The risk that jurors have a misimpression of the burden of proof or a defendant's right not to testify is particularly low here given the Court's prior instructions to the jurors. For example, on February 19, 2025, the Court instructed the potential jurors explicitly that:

> Defendant is not required to call any witnesses, produce any evidence, or take the witness stand, and if the defendant does none of these things, that is, not produce evidence, does not take the stand, you may not take any adverse inference against that defendant. The reason is that the government has the burden to prove guilt beyond a reasonable doubt. It is the government's burden, not the defendants' burden.

Feb. 19, 2025 Tr. at 391. The Court then asked the potential jurors if there was "[a]nybody who cannot accept that?" and no potential juror responded affirmatively. The Court has at several other times also made note to the jury of the Government's burden. *See, e.g.*, Feb. 18, 2025 Tr. at 6 ("The defendants deny that they violated these laws. They are presumed to be innocent. The government has the burden to prove the allegations against each defendant beyond a reasonable doubt, and the jury will determine if the government has satisfied that burden."); Trial Tr. at 3 ("At the end of the case and following my instructions, you will be judging those facts and you will be asking yourselves if the government, as to each of the counts, as to each of the defendants, has or has not proved the case beyond a reasonable doubt."); Trial Tr. at 4 ("Your job is to determine, from all the evidence, whether the government has or has not proved its burden of proof.").

In short, the jury has already been properly instructed and will be properly instructed again at the close of the case, prior to deliberations.[2] *See Chalmers v. Mitchell*, 73 F.3d 1262, 1267 (2d Cir. 1996) ("We assume that a jury applies the instructions it is given."). Accordingly, Amar has identified no grounds for a mistrial. Nevertheless, the Government has no objection to an appropriate instruction should either defendant request one. On the other hand, Amar's alternative request that he be allowed to admit hearsay over the objection of the Government and co-defendant

---

[2] The only direct misstatement regarding the burden of proof occurred in counsel for Amar's opening statement, which concluded by stating to the jurors: "You all gave Judge Hellerstein your word that you would and could consider the evidence fairly and impartially and hold the government to its burden, that you would and could presume Olivier Amar innocent unless he is proven, beyond and to the exclusion of *all* doubt, guilty." Trial Tr. at 85 (emphasis added). The Government requested a curative instruction, which the Court declined because "[i]t is not going to make a difference in the jury and we w[i]ll clear it up at the end and during the trial." *Id.* at 87. While such misstatements can occur in attorney remarks, especially extemporaneous remarks in the course of lengthy trials, "[t]he law recognizes a strong presumption that juries follow . . . instructions." *United States v. Snype*, 441 F.3d 119, 129 (2d Cir. 2006).

Javice should be rejected, as Amar's letter provides no basis to reconsider this Court's prior ruling.[3]  See Trial Tr. at 1232.

    For the above reasons, Amar's motion should be denied.

                                               Respectfully submitted,

                                               MATTHEW PODOLSKY
                                               Acting United States Attorney

                           By:    /s/_____
                                 Rushmi Bhaskaran
                                 Nicholas W. Chiuchiolo
                                 Micah F. Fergenson
                                 Georgia V. Kostopoulos
                                 Assistant United States Attorneys
                                 212-637-2439 / -1247 / -2190 / -2212

---

[3] Amar summarily asserts that the chat he sought to admit is "exculpatory evidence," Dkt. 316 at 2, but does not attempt to explain why.