Case 1:23-cr-00251-AKH    Document 321    Filed 03/10/25    Page 1 of 4



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 10, 2025

**BY EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Streets
New York, New York 10007

      Re:    *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

      The Government respectfully writes to request that the Court preclude the defendants from admitting into evidence a WhatsApp message—reproduced below on page two—for two related reasons.

      First, the message is privileged, and the holder of the privilege is asserting the privilege. The WhatsApp message reflects legal advice that Javice received from Frank's outside counsel, an attorney ("Outside Attorney-1") at Sidley Austin LLP, about whether approval by Frank's board of directors was necessary for the purchase of student data from a third-party provider.

      Second, the message should be excluded under Rule 403. Through over a year of litigation, the defendants have *never* claimed to have an advice-of-counsel defense related to Sidley and cannot now use a privileged text involving Sidley as both a sword and shield to mislead the jury. Admitting this legal advice into evidence would mislead the jury into believing Outside Attorney-1 approved the defendants' purchase and use of third-party student data in connection with a diligence request by JPMorgan Chase ("JPMC"). And because the legal advice that Javice received remains privileged, the Government would be unable to seek and admit evidence to correct this misimpression. The same would be true even if Amar were to claim that he relied on Javice's telling of the legal advice and not on the legal advice itself.

      Accordingly, the Court should exclude the defendants' proposed admission of this isolated text message, given the assertion of privilege and the substantial danger of creating a sideshow that will mislead the jury, confuse the issues, and unfairly prejudice the Government.

    1.  **Background**

      In April 20223, law enforcement agents seized Amar's cellphone and created a forensic image of the cellphone's contents, pursuant to a judicially-authorized search warrant. A "filter

team" within the United States Attorney's Office reviewed the cellphone's contents and redacted potentially privileged communications. After the filter team's review, and after potentially privileged materials were removed from the forensic image, the prosecution team began its review. In discovery, the Government produced to Amar the complete forensic image of the cellphone (which the prosecution does not and has never had access to), as well as materials from the cellphone that the prosecution team identified as responsive to the search warrant.

A month before the trial began, Amar produced in discovery lengthy WhatsApp messages (861 pages) between Javice and Amar. During its review of those messages, the Government learned, for the first time, that Amar had unredacted a message that the Government's filter team had previously identified as potentially privileged and withheld from the prosecution team. Specifically, Amar unredacted a text message from Javice to Amar on August 3, 2021: [redacted]

|     |                | | |
|-----|----------------|---|---|
|     |                | | 8/3/2021, 12:22 PM |
| OA  | Olivier Amar<br>I have the 3m at 5 cents | | 8/3/2021, 12:34 PM |
| OA  | Olivier Amar<br>so 150K | | 8/3/2021, 12:34 PM |
| CJ  | Charlie Javice<br>Do it | | 8/3/2021, 12:35 PM |
| OA  | Olivier Amar<br>Also, please sign the form on your email so that I can get it off to them | | 8/3/2021, 12:35 PM |
| OA  | Olivier Amar<br>Just needs your signature | | 8/3/2021, 12:35 PM |
| CJ  | Charlie Javice<br>Signing | | 8/3/2021, 12:35 PM |
| CJ  | Charlie Javice<br>Yep | | 8/3/2021, 12:35 PM |

Given the context of the surrounding messages, the legal advice appears to relate to a purchase of student data from a third-party data provider. The relevant text messages and the purchase of third-party data occurred just days after JPMC's request to validate Frank's user data and at the same time Javice and Amar were actively attempting to purchase 4.5 million student records from third-party data providers to cover up their lies to JPMC.

The Government has learned that Amar unilaterally unredacted this message and produced it to the Government without consulting the privilege holder, Shareholder Representative Services LLC ("SRS"), an entity that holds the privilege that existed between Frank and its outside counsel, Sidley Austin LLP, prior to the JPMC acquisition. The Government identified the text message for SRS, and SRS later confirmed its position that the message is privileged ("the particular

message reflects legal advice from [Outside Attorney-1] regarding whether a certain purchase of data required board approval or not and is therefore privileged.").

The Government has consulted with counsel for Javice and Amar. Counsel for Amar responded, "We intend to offer that statement. We do not believe it is privileged." Counsel for Javice responded that, to the extent Javice has a personal privilege concerning the WhatsApp message, she is not waiving that privilege. However, Javice does not oppose the admission of the message in evidence. In other words, Javice is using the existence of the privilege to block any inquiry beyond the text message into the actual legal advice she received.

2. Discussion

The WhatsApp message concerning Outside Attorney-1's legal advice to Javice should be precluded for multiple reasons. *First*, Outside Attorney-1's legal advice, which is reflected in the August 3, 2021 WhatsApp message from Javice to Amar, is privileged. SRS, the privilege holder, has confirmed that the message is privileged. Neither Javice nor Amar, who are not the privilege holders, can vitiate the privilege. This is so even if Javice or Amar believe that the message is somehow exculpatory or can be used to show alleged good faith. *See United States v. Wells Fargo Bank*, 132 F. Supp. 3d 558, 565 (S.D.N.Y. 2015) (defendant's right to assert alleged defense was not sufficient to overcome bank's assertion of attorney-client privilege).

*Second*, the WhatsApp message and Outside Attorney-1's legal advice "regarding whether a certain purchase of data required board approval or not" has no relevance in this case. Neither defendant has explained how this legal advice has any relevance to issues properly before the jury.

*Third*, admitting the WhatsApp message creates a high risk of misleading the jury into believing that Outside Attorney-1 sanctioned the defendants' intended use of the purchased student data—misleading JPMC into believing that Frank possessed customer data for 4.5 million students. Without further context—including Javice's specific request for legal advice and additional details about Outside Attorney-1's advice, both of which are shielded by the attorney-client privilege and continue to be withheld from the Government—Outside Attorney-1's bare legal conclusion has no relevance and has the potential to be highly misleading. *See SEC v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013) (A "jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly 'blessed' the legality of all aspects of a transaction."). By seeking to use the ultimate legal advice, but effectively blocking the Government from all of the surrounding details, Javice and Amar are using the attorney-client privilege as both a sword and shield, which they cannot do. *See United States v. Doe (In re Grand Jury Proceedings)*, 219 F.3d 175, 182 (2d Cir. 2000) ("[F]airness considerations arise when the party attempts to use the privilege both as 'a shield and a sword.' In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party."). For the same reasons, allowing Javice and Amar to admit the WhatsApp message may cause delay. The Government would likely need to litigate the application of the crime-fraud exception to the attorney-client privilege, collect additional records concerning the legal advice, and call Outside Attorney-1 as a rebuttal witness. The Government understands that Outside Attorney-1 would testify that he never advised anyone at Frank that they

could purchase student data and pass it off as Frank's customers but, beyond that basic fact, the attorney client privilege prevents the Government from learning additional facts about the legal advice that Outside Attorney-1 conveyed to Javice about the purchase.

*Fourth*, to this day, Javice and Amar have failed to notice an advice of counsel defense concerning Outside Attorney-1 or Sidley Austin LLP. As the Court knows, the parties have extensively litigated advice-of-counsel issues for more than a year. The Court previously directed the defendants to provide notice of contemplated advice-of-counsel evidence or arguments, including: (i) the identity of the attorneys who gave the advice; (ii) when they gave the advice; (iii) the substance of the advice (if oral); and (iv) the documents that contain the advice (if written). (Dkt. 149). On September 6, 2024, and December 6, 2024, the defendants purported to notice their intent to "present advice-of-counsel or presence-of-counsel evidence or arguments at trial based on legal advice rendered by [Frank's] Chief Legal Officer and Chief Operating Officer of Frank . . . ." The defendants have never noticed an intent to rely on an advice of counsel defense concerning Outside Attorney-1 or the substance of the legal advice that they now seeks to admit. Had the defendants provided proper notice, the Government could have litigated these and other issues in advance of trial. Instead, the defense never provided notice, and buried the unredacted, privileged messages in a production of 861 pages of WhatsApp messages.

In short, the defendants should be precluded from putting before the jury a WhatsApp message that reflects legal advice from Outside Attorney-1. The message, which is privileged, and the defendants have no right to use, reflects legal advice that has no relevance to issues properly before the jury. Furthermore, the WhatsApp message would very likely mislead the jury into believing that Outside Attorney-1 sanctioned portions of the defendants' conduct, a conclusion that the Government believes is inaccurate but has no way to meaningfully investigate because both the message and the surrounding communications are shielded by the attorney client privilege. The Court should preclude the defendants' use of the WhatsApp message.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:   /s/
Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia V. Kostopoulos
Assistant United States Attorneys
212-637-2439 / -1247 / -2190 / -2212