**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 13, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

    Defendant Charlie Javice respectfully moves to partially join the arguments advanced by co-defendant Olivier Amar in his anticipated motion in opposition to the government's motion to preclude, due to the Court by noon today. *See* ECF No. 321 (government motion). Ms. Javice requests that the Court deny the government's motion to preclude from evidence a single-line statement sent via text message from Ms. Javice to Mr. Amar (the "Statement").[*] Ms. Javice, with Mr. Amar's consent, requests that the Court enter the enclosed proposed order memorializing a disclosure of the Statement without attorney-client-privilege waiver pursuant to Federal Rule of Evidence 502(d), which authorizes a federal court to enter an order that attorney-client privilege is not waived by disclosure connected with the litigation pending before the court. *See* Exhibit B.

    As Mr. Amar correctly asserts, the government lacks standing to assert privilege over the Statement on behalf of the corporate privilege holder, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Nevertheless, the government moved to preclude defendants from admitting the Statement into evidence claiming, *inter alia*, that the Statement "is privileged, and the holder of the privilege is asserting the privilege." ECF No. 321. This fails to paint a complete picture. Without waiving attorney-client privilege, ▇▇▇ authorized the use of the Statement in this proceeding and consents to the Court's entry of an order providing for such disclosure pursuant to Rule 502(d). *See* Exhibit A (filed under seal). Specifically:

---

[*] The Statement—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—is included in exhibits presently marked for identification in this proceeding as GX801-9 and OA 178. *See* ECF 321.

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

DRAFT-PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT PRIVILEGE

> ███ *consents to the use of the text message at issue in this criminal proceeding so long as the use of that message does not constitute a broader waiver of* ███ *'s privilege.*

Exhibit A (emphases added).  Ms. Javice and Mr. Amar agree that because there are no privilege issues preventing the Statement's use, the government's motion to preclude should be denied.

Even absent a limited disclosure pursuant to Rule 502(d), justice and fundamental fairness require that privilege yield to Ms. Javice's constitutional rights.  The attorney-client privilege "may be overcome, 'in exceptional circumstances,' by a criminal defendant's constitutional right to present a defense."  *United States v. Weisberg*, No. 08-cr-347 (RML), 2011 WL 1327689, at *5 (E.D.N.Y. Apr. 5, 2011) (quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 408 n.3 (1998).  The Sixth Amendment compels such a result here.  The Statement is "of such probative and exculpatory value as to compel admission of the evidence over [a company's] objection as the attorney-client privilege holder."  *United States v. Grace*, 439 F. Supp. 2d 1125, 1143 (D. Mont. 2006); *see also United States v. Herrell*, No. 21-cr-13, 2024 WL 2954408, at *4 (E.D. Ky. June 12, 2024) ("[T]his Court finds that the attorney client privilege may be pierced if a criminal defendant's interest in his Sixth Amendment rights outweighs the privilege-holder's interest in maintaining the privilege.").

Ms. Javice partially joins in Mr. Amar's motion and respectfully requests that the Court deny the government's motion to preclude and enter the attached proposed Rule 502(d) order.

Respectfully submitted,

/s/ Kirsten R. Nelson
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida.  A member in good standing in Maryland and the District of Columbia.

cc:     All Counsel of Record