UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>CHARLIE JAVICE, and<br>OLIVIER AMAR,<br><br>　　　　　　Defendants. | Case No.: 1:23-Cr-00251 (AKH)<br><br>**NON-PARTY GOOGLE LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH DEFENDANTS' TRIAL SUBPOENAS** |

## I. INTRODUCTION

Non-party Google LLC ("Google") moves to quash two distinct trial subpoenas issued to it by each of the Defendants in this case. Mr. Amar's subpoena (the "Amar Subpoena") is for trial testimony and includes no identification of a particular witness, information request, or indication of topics to be addressed. Mr. Amar's counsel has indicated that he intends to use the Amar subpoena to attempt to elicit what would amount to expert testimony regarding information that may otherwise be obtained from publicly available sources or through a retained expert. Ms. Javice's subpoena (the "Javice Subpoena") calls for the testimony of Cory Gaddis ("Mr. Gaddis"), a Google records custodian, who has already testified at trial and whom both Defendants have previously had the opportunity to examine. Ms. Javice's counsel has failed to adequately articulate the necessity of compelling further testimony from Mr. Gaddis.

Because the Amar and Javice Subpoenas burden non-party Google and seek testimony that can and should be obtained from other sources, the subpoenas should be quashed. *See* Fed.R. Crim. P. 17(c)(2) (courts may "quash or modify [a] subpoena if compliance would be unreasonable or oppressive").

## II. FACTUAL SUMMARY

### A. The Amar Subpoena

Google received the Amar Subpoena on February 11, 2025. The Amar Subpoena is a subpoena for testimony addressed to Google that does not otherwise designate a specific witness or identify the nature or scope of the testimony sought. *See* Declaration of Andrew S. Pak in Support of Motion to Quash Trial Subpoenas ("Pak Decl."), Exhibit 1.

On February 17, 2025, Google's outside counsel conferred with Mr. Amar's counsel in an effort to understand the purpose and scope of the subpoena. *Id.* ¶ 4. During that call, Mr. Amar's counsel indicated that while the Amar Subpoena did not identify a specific witness, they understood that a Google witness—Cory Gaddis—would be called by the Government during its case in chief, and that his testimony may satisfy their needs. *Id.* ¶¶ 4–5; *see also* Pak Decl., Exhibit 2. Mr. Amar's counsel also noted that it was unclear when Mr. Amar would need a Google witness to testify, because the Government would first need to close its case in chief. *Id.* Google's counsel noted that Google would likely move to quash the subpoena. In response, Mr. Amar's counsel agreed to provide to Google a list of topics that Mr. Amar sought to address through either Mr. Gaddis's testimony or that of another Google witness. *Id.*

Mr. Amar's counsel provided this list of topics on February 17, 2025, and counsel for Mr. Amar and Google conferred again on February 18, 2025. Google's counsel explained that, based on Google's review of the list, it appeared that Mr. Amar was seeking improper expert testimony from a Google witness, and that Google would consequently seek clarification from this Court by way of a motion to quash. *Id.* ¶ 6. Mr. Amar's counsel again suggested that Mr. Gaddis's upcoming testimony could resolve the necessity of the subpoena and further agreed to edit the list of topics. *Id.*; *see also* Pak Decl., Exhibit 3. Google's counsel has repeatedly requested the edited list but has not received it by the date of this filing.

B. The Javice Subpoena

Google received the Javice Subpoena on February 26, 2025. The Javice Subpoena is a subpoena for testimony directed to "Cory Gaddis" courtesy of Google's outside counsel, which provides the place and date of appearance, but does not identify the nature or scope of the testimony sought. Pak Decl., Exhibit 4.

Following receipt of both subpoenas, Google's counsel conferred with counsel for Ms. Javice and Mr. Amar as well as the Government to encourage the parties to resolve outstanding issues without unnecessary involvement of non-party Google. *Id.* ¶¶ 2-10. The Government indicated to Google that it did subsequently confer with Ms. Javice's counsel. *Id.* ¶ 8. Mr. Gaddis testified on March 3, 2025. *Id.* Following his testimony, counsel for Ms. Javice emailed Google's counsel stating, "[a]s you may have heard, Mr. Gaddis testified today so we're all set." *Id.* ¶ 9; *see also* Pak Decl., Exhibit 5. However, Ms. Javice's counsel subsequently refused to withdraw the pending Javice Subpoena due to the "outside chance we will need to recall him." *Id.*

### III. LEGAL STANDARD

Rule 17(c)(2) of the Federal Rules of Criminal Procedure permits a court to "quash or modify" a subpoena for documents and objects "if compliance would be unreasonable or oppressive." While the subpoenas Google challenges here are subpoenas for testimony, courts have "routinely . . . entertained" motions to quash or modify subpoenas for testimony under Rule 17(c)(2), "decid[ing] them by reference to comparable principles." *United States v. Bebris*, 4 F.4th 551, 559 n.5 (7th Cir. 2021) (quoting *Stern v. U.S. Dist. Court for Dist. of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000)); *United States v. Chang*, 2024 WL 3567006, at *1 (E.D.N.Y. 2024) ("Although Rule 17(c) applies by its terms only to subpoenas duces tecum, 'courts have

repeatedly, when the interest of justice have so warranted, heard and granted (and denied) motions to quash subpoenas to compel testimony.'") (quoting *United States v. Goldstein*, No. 21-CR-550 (DC), 2023 WL 3662971, at *5 (E.D.N.Y. May 25, 2023)); *see, e.g., U.S. v. Bergeson,* 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Washington*, No. CR 11–61–M–DLC, 2012 WL 3061519 (D. Mont. July 26, 2012) (granting motion to quash witness subpoena under Rule 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky. Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.").

In assessing whether compliance with a witness subpoena under Rule 17 would be "unreasonable or oppressive," it is useful to look to precedent under Rule 45 of the Federal Rules of Civil Procedure, as the two standards are "substantially the same." Advisory Committee Notes, 1944 Adoption of Rule 17. *See, e.g. United States v. Chambers*, 2017 WL 4857599, at *2 (S.D.N.Y. 2017) (modifying a Rule 17(c) subpoena to the extent it created an "undue burden"). Under Rule 45, a subpoena cannot subject a person to "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The relevant "test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 James Wm. Moore et al., Moore's Federal Practice § 45.32 (3d ed. 2007) citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.*, 333 F.3d 38, 40 (1st Cir. 2003); *see also Schaaf v. SmithKline Beecham Corp.*, No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena).

## IV.  ARGUMENT

The Javice and Amar Subpoenas unnecessarily burden non-party Google and are consequently unreasonable and oppressive and should be quashed. As an initial matter, neither the subpoenas themselves, nor discussions with defense counsel for either Defendant, have revealed any clear sense of what sort of evidence or testimony the Defendants seek to solicit from either Mr. Gaddis or an unidentified Google witness. Neither subpoena indicates the nature or scope of testimony sought, and indeed, the Amar Subpoena fails to name a witness at all.  Moreover, the Javice Subpoena is wholly unnecessary, given Ms. Javice's counsel's representation that they were "all set" following Mr. Gaddis's testimony on March 3. Finally, discussions with Mr. Amar's counsel indicate that the topics he initially sought to address via compelled testimony are: (i) duplicative of information that was either previously addressed, or could have been addressed, by Mr. Gaddis during his testimony; (ii) obtainable through reasonable due diligence based on publicly available information; and (iii) otherwise amount to an improper demand for expert testimony.

Because compliance with the subpoenas could require Mr. Gaddis to testify again, or require Google to produce a witness capable of providing expert testimony—removing Google employees from their job responsibilities on the "outside chance" they are needed—the subpoenas impose an unreasonable burden on Google and should be quashed.

**A.  The Subpoenas Impose an Unreasonable Burden on Google that Outweighs the Alleged Need for Testimony.**

**1.  The Javice Subpoena**

Counsel for Ms. Javice has failed to articulate any specific basis or need for forcing Mr. Gaddis to testify once more at trial. Mr. Gaddis testified at trial on March 3, 2025. The Javice Subpoena was presumably issued to Mr. Gaddis to seek testimony from Mr. Gaddis. *See* Pak

Decl. ¶¶ 5–6. Indeed, counsel for Ms. Javice confirmed to Google's counsel that Ms. Javice was "all set" with regard to Mr. Gaddis following his testimony. *Id.* ¶ 9. Yet, Ms. Javice refuses to withdraw the subpoena because there is an "outside chance" that she will need to call Mr. Gaddis once more. Mr. Gaddis should not continue to be yoked to these proceedings because Ms. Javice failed to take advantage of the previous opportunity to question him, and cannot now identify a clear need for examining him once more. The burden imposed on Google by the Javice Subpoena is unreasonable and it should therefore be quashed.

### 2. The Amar Subpoena

The Amar Subpoena was initially used by Mr. Amar's counsel as a basis to address a list of topics that defense counsel believed, at least in mid-February, could have been covered by Mr. Gaddis's then-forthcoming testimony. Pak Decl. ¶ 5. This list of topics included topics like "[f]eatures and capabilities of Google services for businesses" or "Google Analytics' features and capabilities," Pak Decl., Exhibit 2, which are matters that are covered by public sources such as https://support.google.com/analytics?sjid=5658073960674527608-NC#topic=14090456, which was provided to counsel on March 4, 2025, Pak Decl. ¶ 10, Exhibit 6, and explanation of the information contained in those sources should be provided by witnesses retained by Defendants.

These topics are outside the scope of knowledge of a Google Custodian of Records and are either publicly available or require expert testimony. In terms of any need to understand or explain these publicly available materials, Defendants are not entitled to procure an expert witness from a third party to the extent that the information is itself otherwise available. *See American Marriage Ministries v. Google*, LLC, No. 21-mc-80040-SK, 2021 WL 1526757, at *2 (N.D. Cal. Apr. 12, 2021) ("Courts routinely refuse to enforce deposition subpoenas to nonparty service providers where the testimony sought would be duplicative of records that have already

been produced, or when a party or public source can just as readily provide the same information."); *United States v. Cox*, No. 1:18-CR-83-HAB, 2020 WL 6382536, at *5 (N.D. Ind. Oct. 30, 2020) (rejecting government's argument that "only a Facebook employee can explain to a jury how Facebook works" and finding "no reason why [a government agent] and the other investigators cannot provide the testimony the Government seeks."). If Defendants have lingering questions that are not covered by Google's publicly available sources, they bear the burden of retaining an expert to explain them. *See Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218-19 (N.D. Cal. 2015) (quashing deposition subpoena because a litigant "is not entitled to elicit expert testimony from [a service provider], particularly where it can retain its own expert witness to explain these issues[,]" and service providers "should not bear the burden of providing testimony in all cases in which [an account holder's documents] are at issue."); *Young v. U.S.*, 181 F.R.D. 344, 346 (W.D. Tex. 1997) ("just because a party wants to make a person work as an expert does not mean that, absent the consent of the person in question, the party generally can do so.").

It is unduly burdensome for Google to take an employee away from their primary job priorities and dedicate significant resources and personnel to prepare them to testify as an expert witness. Moreover, Mr. Amar's counsel indicated that the initial list of topics were likely to be covered, at least partially, during Mr. Gaddis's testimony. Pak Decl., Exhibit 3. Following his testimony, Google's counsel provided Mr. Amar's counsel with a link to publicly available information relating to the list of topics provided on February 18, 2025, and requested that Mr. Amar's counsel either produce a revised list of topics they sought to address through a Google witness, or otherwise withdraw the Amar Subpoena. To date, Google has not received a revised list of topics from Mr. Amar's counsel.

- 8 -

Accordingly, like the Javice Subpoena, there is simply no basis to assess the Defendant's actual need for a Google witness, and therefore no weight behind Defendant Amar's request to pit against the burden upon non-party Google.

## V. CONCLUSION

For the reasons stated, Google respectfully requests that the Court quash the trial subpoenas issued by Defendants Amar and Javice to Google in this matter.

Dated:  March 13, 2025
Los Angeles, California

Respectfully Submitted,

PERKINS COIE LLP

*/s/ Andrew S. Pak*
Andrew S. Pak
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel.  212.261.6865
APak@perkinscoie.com

*Attorney for Non-Party Google LLC*