**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 17, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

During the morning of March 17, 2025, Ms. Javice and the government stipulated to the admission of GX 2023 and GX 2024. These records are certificates of insurance from the Federal Deposit Insurance Corporation for JP Morgan Chase Bank, NA and Capital One, NA. Shortly thereafter, within the presence of the jury, the Court engaged in the following colloquy:

```
 6          THE COURT:  What did we learn from these two exhibits?
 7          MS. KOSTOPOULOS:  Your Honor, these are just FDIC
 8   records that are related to JPMorgan Chase's status.  This is
 9   one of the legal elements that the government is required to
10   prove.
11          THE COURT:  That Chase is a national bank?
12          MS. KOSTOPOULOS:  Exactly.  And so these are the
13   records that satisfy that requirement.
14          THE COURT:  Okay.  Chase is a national bank.
```

03/17/2025 Trial Tr. 2362:6–14.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

11703-00001E/15702981.2

This improperly lessens the government's burden to establish the elements of bank fraud. 18 U.S.C. § 1344.  The government must present "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the accused] is charged." *In re Winship*, 397 U.S. 358, 364–65 (1970).  A stipulation does not establish as a matter of law that "Chase is a national bank."  A stipulation is merely "'evidence introduced by both of the parties,' so neither may 'complain on appeal that the evidence was erroneously admitted.'" *United States v. Smith*, 632 F.3d 1043, 1047 (8th Cir. 2011) (citation omitted).  "[E]ven where there is a stipulation to the elemental facts," under the Sixth Amendment, "it is still the Government's burden to prove each element of the offense and, likewise, generally the jury must make a finding as to each element." *United States v. Ray*, 803 F.3d 244, 259 (6th Cir. 2015).  The failure to properly instruct the jury as to the government's burden is a structural error, mandating reversal. *See Sullivan v. Louisiana*, 508 U.S. 275, 281 (1993) (addressing whether a constitutionally-deficient reasonable-doubt instruction may be harmless error).

Ms. Javice respectfully requests that the Court give the jury the following curative instruction:

> The government has the burden to show guilt beyond a reasonable doubt to each and every element of the crime.  A stipulation is evidence, just like any other.  The jury may accept it, reject it, or give it any weight it deems appropriate based on its experience and the other circumstances of the case.

Adapted from *United States v. Hwang*, 22-cr-240, ECF No. 313,  July 9, 2024, Trial Tr. 5408:24–5409:5.

Regardless of the parties' stipulations as to particular facts, instructing the jury to find any element of a charged offense is a fundamental constitutional violation. *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 572–573 (1977) ("[A] trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict . . . regardless of how overwhelmingly the evidence may point in that direction.").  For these reasons, Ms. Javice respectfully requests the Court give the jury a curative instruction that, regardless of stipulations, the government must prove each element of the charged offenses beyond a reasonable doubt.

[*Intentionally left blank*]

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida.  A member in good standing in Maryland and the District of Columbia.

cc:   All Counsel of Record