**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 18, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

Yesterday, the Court excluded Summary Witness-1 after determining that the government's proposed charts and testimony were unduly argumentative. 03/17/2025 Tr. 2606:14–21, 2608:12–13. As the Court noted: "***This document is for summation. This is not a document for evidence***." 03/17/2025 Tr. 2608:12–13 (emphases added). Ms. Javice agrees.

Summary Witness-1's testimony and twelve proposed charts are argumentative and cumulative. When presented with a similarly argumentative, misleading, and cumulative witness after a lengthy white collar fraud trial, the Court commented the government's summary witness was not "going to be able to tell [the jury] anything anyhow *except* how he made [his summary] chart." *United States v. Hwang*, 22-cr-240 (AKH), 05/25/2024 Tr. 4438:19–22 (emphasis added). Just like in that case, "[W]e don't need a witness. The government attorney putting this on can do it himself or herself and read what is relevant to the jury." *See id.* 05/21/2024 Tr. 4016:12–18. The same is true here.

Ms. Javice respectfully requests that the Court follow its instincts and preclude Summary Witness-1 from testifying. Summary Witness-1's anticipated testimony is argumentative, cumulative, has little to no probative value, and will cause undue delay and waste time. Fed. R. Evid. 401, 403, 403.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

### *The Government Should Not Be Permitted to*
### *Preview its Summation Through a Summary Witness*

The government must demonstrate that its summary evidence is not closing argument dressed up in Rule 1006 clothing. "A party offering summary evidence must . . . establish that the summary is accurate and *nonprejudicial*. . . ." *UPS Store, Inc. v. Hagan*, 2017 WL 3309721, at *5 (S.D.N.Y. Aug. 2, 2017) (emphasis added and citation omitted). Indeed, "[t]he government cannot sidestep Rule 1006 merely by smuggling an argumentative summary of voluminous records into a hybrid exhibit. . . ." *United States v. Hawkins*, 796 F.3d 843, 866 (8th Cir. 2015); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 630 (S.D.N.Y. 2018) (excluding summaries under Rule 1006 that were "impermissibly based on defense counsel's own interpretation of the underlying spreadsheet" and omitted key context for the underlying data). The Court must take "great care" "to ensure that the proposed summary contains no annotation or suggestion, even inferential, that may be considered argumentative." *UPS Store*, 2017 WL 3309721, at *5 (citation omitted).

This is particularly true here. Throughout trial, the Court has curtailed defense counsel's relevant cross-examinations, deeming it improper argument. 02/25/2025 Trial Tr. 299:6–13, 311:5–8; 02/26/2025 Trial Tr. 463:4–8; 02/27/2025 Trial Tr. 672:7–11, 672:18–673:3; 03/03/2025 Trial Tr. 965:16–24; 03/10/2025 Trial Tr. 1650:3–1650:14; 03/11/2025 Trial Tr. 1798:7–13. The same principles should apply with equal force to the government. The government should not have a second opportunity to present closing argument under the guise of Rule 1006.

Further, the government's argument that it should be permitted to introduce argumentative, cumulative, and misleading evidence because Ms. Javice intends to the same is as misleading as its proposed charts. Gov't Mot. at 8 (no ECF number available at the time of filing). Ms. Javice has no intention of calling a summary witness.

### *Summary Witness-1's Twelve Charts are Unduly Cumulative*

The sheer number of summary charts the government seeks to admit through Summary Witness-1 also favors preclusion. Summary Witness-1's *twelve* proposed summary charts are unduly cumulative and repetitive of evidence already in the case through percipient witness testimony or stipulation. *See* GX2750, GX2751, GX2752, GX2753, GX2754, GX2755, GX2756, GX2757, GX2758, GX2759, GX2760, GX2761, and GX2762.[*] The proffered summary charts provide misleading chronologies of communications between the defendants and testifying witnesses. This information has either been presented in a less argumentative manner through witnesses with personal knowledge, such as Leslie Wims Morris, Alex Sweeney, Patrick Vovor, Jen Wong, Adam Kapelner and representatives from Google, ASL Marketing, and Exact Data. Or, by stipulation where the Court has permitted the government to publish and highlight to the jury portions of documents it would like—regardless of how voluminous they may be. *See, e.g.*, 03/17/2025 Tr. 2362:15–13 (permitting the government to publish, callout portions, and narrate

---

[*] Ms. Javice reserves her substantive objections to the particular summary exhibits pending the Court's ruling on Summary Witness-1's testimony and the government's disclosure of the final charts it intends to present.

exhibits admitted by stipulation over defense objection). Neither the government nor the jury have any need for an additional witness to read admitted evidence into the record. Any summation of the existing evidence can be done by the government attorneys in closing argument.

For these reasons, courts routinely preclude evidence that would be duplicative or repetitive of that which is already in the record. *See, e.g., Jeanty v. Cerminaro*, 2023 WL 325012, at *7 (2d Cir. Jan. 20, 2023) (plaintiff's proposed in-court reconstruction was unnecessary in light of his own admitted exhibit that sufficiently depicted the evidence sought); *Carrasquillo v. City of Troy*, 251 F. App'x 688, 690 (2d Cir. 2007) (witness testimony precluded where it "would duplicate testimony given by earlier witnesses"); *Carroll v. Trump*, 124 F.4th 140, 175 (2d Cir. 2024) (transcript precluded where its admission would have been "largely cumulative of excerpts read verbatim into the record"); *United States v. Kalume*, 684 F. App'x 80, 82–83 (2d Cir. 2017) (any probative value associated with admission of video evidence would have been "cumulative of evidence already before the jury"). The Court should do the same here.

### *The Summary Witness Should be Precluded Under Rule 403*

Any probative value associated with Summary Witness-1's testimony is substantially outweighed by its unfair prejudicial effect. Summary Witness-1's testimony adds nothing new to the case: its dual purposes are to summarize exhibits that have already been admitted into evidence and to invite a third party to argue the government's theory of prosecution before the close of evidence. That these facts are already in evidence presented in their proper context significantly reduces the probative value of this testimony. Fed. R. Evid. 401 (evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence"). The jury has sat through weeks of the government's case-in-chief, including over a dozen witnesses during which this information has already been presented. Because this evidence is cumulative, it also wastes the jury's time.

Finally, Summary Witness-1's testimony will cause undue delay and waste the jury's time. Fed. R. Evid. 403. As this case enters the fifth week of trial, the government calling an additional, repetitive witness will needlessly expend more of this Court and the jury's time without reason. The Court "retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence." *United States v. Holmes*, 44 F.3d 1150, 1157 (2d Cir. 1995). This Court should exercise that discretion here.

### *Conclusion*

For the reasons outlined above and discussed yesterday in court, Ms. Javice respectfully requests that the Court follow its original instincts and preclude the government's proposed summary witness from testifying.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc:     All Counsel of Record