KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 24, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Charlie Javice and Olivier Amar*,
                  23 Cr. 251 (AKH)

Dear Judge Hellerstein:

      Defendant Olivier Amar respectfully submits this letter in further support of his motion to introduce four summary charts through his summary witness, Jesse Candel. *See* ECF No. 346. Ms. Javice filed a response at ECF No. 352, and the Government filed a response at ECF No. 357, but these responses go to the weight of the charts, not their admissibility.

      The Government's response ignores the amendments to the Federal Rules of Evidence effective December 1, 2024, whereby Rule 1006 now states that summary charts may be admitted "whether or not the [underlying materials] have been introduced into evidence."

      Ms. Javice claims that the charts are not accurate, purporting to support this claim by attaching to her response seven calendar invitations that contain no substantive information.[1] Nothing about these calendar invitations undermines the reliability or admissibility of these charts pursuant to Rule 1006. Non-substantive calendar invitations are not emails, and, accordingly, the searches underlying the summary charts that Mr. Amar seeks to offer through Mr. Candel

---

[1] All of these emails are from the Government's productions and are equally available to all of the parties. In any event, Mr. Amar specifically made every email underlying these charts available to counsel for Ms. Javice several days ago upon request, as Rule 1006 requires.

Americas (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
APAC (Hong Kong, Seoul, Shanghai), Caribbean (BVI, Cayman Islands), EMEA (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 24, 2025
Page 2

intentionally excluded calendar invites without body text or attachments.[2] Importantly, there was nothing selective about this process—calendar invites such as these were excluded from all of the searches, regardless of whether the search involved Mr. Amar, Mr. Glazer, or Ms. Javice. Moreover, Mr. Candel is prepared to testify regarding the types of documents that he personally removed from the searches, and counsel for Ms. Javice is free to inquire from Mr. Candel as to other decisions in crafting the searches, to the extent he is aware.

As to authenticity and admissibility, there is no serious dispute that the emails underlying the searches are authentic, and Mr. Amar is not seeking to introduce any of the emails underlying the charts through this witness, save for six emails between Mr. Amar and JPMC (and the parties are free to object to introduction of those emails at the proper time, should they choose to do so). Moreover, Mr. Amar is not seeking to use *any* of these emails for their truth (including the six emails between Mr. Amar and JPMC)—for purposes of these summary charts, these emails are merely an exercise in counting.

Mr. Amar's summary charts are proper Rule 1006 summary charts, as opposed to those that the Government sought to introduce through Ms. Danko. The Government's summary charts selectively identified and tabulated phone calls between and among various individuals, and then sought to combine those phone records with culled portions of emails, WhatsApp messages, and Slack messages and present them in an argumentative fashion designed to suggest relationships between those communications that are unsupported by the evidentiary record. Mr. Amar's proposed summary charts summarize all emails and simply tabulate counts of those emails during relevant time periods. There is no selective culling such that the charts are not in and of themselves argumentative, but are rather accurate summaries of email counts, and therefore are more akin to Dr. Salve's charts, which the Court found were proper under Rule 1006. *See* Mar. 18, 2025 Tr. at 2724:20-2725:9 ("What a witness would be able to do, under Federal Rule of Evidence 1006, summarizing large exhibits and putting them together in a coherent fashion for the jury to consider, is an appropriate point of admissibility."). Accordingly, the Court should reject the Government's argument and deny their attempt to recall Ms. Danko to introduce the Government's improper summary charts.

Ms. Javice also misses the thrust of these summary charts, claiming that the charts "invite[] the jury to make the inappropriate inference that because Ms. Javice had more communications, she is more likely to have committed fraud than Mr. Amar." The charts do no such thing, but instead simply support Mr. Amar's relative lack of involvement in any of the diligence workstreams and processes as compared to Ms. Javice.

---

[2] That this is the only "deficiency" in the searches that counsel for Ms. Javice has been able to identify in the several days that they have been in possession of the emails underlying the searches (during which time they of course retained access to the full database of the Government's productions) speaks volumes to the accuracy of these searches.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 24, 2025
Page 3

    For the foregoing reasons, and those detailed in ECF No. 346, Mr. Amar requests that the Court allow Mr. Amar to introduce the four summary charts attached to ECF No. 346 through Mr. Candel.

    Respectfully yours,

    <u>/s/ Sean S. Buckley</u>
    Sean S. Buckley
    Jonathan D. Cogan
    Matthew I. Menchel
    Alexandria E. Swette
    Michael Cinnamon
    KOBRE & KIM LLP
    800 Third Avenue
    New York, NY 10022
    Tel: (212) 488-1200

    *Counsel for Defendant Olivier Amar*