

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 1, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Streets
New York, New York 10007

**Re: *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)**

Dear Judge Hellerstein:

The Government respectfully writes in support of its motion to modify the defendants' bail conditions to require both defendants to resume location monitoring following the jury's unanimous guilty verdict last Friday on all four counts of the superseding indictment. The defendants—both of whom face lengthy prison sentences as a consequence of their convictions—are citizens of foreign countries that do not extradite to the United States. As such, the defendants have both the motive and means to flee the United States. The Government seeks only a modest modification of the bail terms, GPS location monitoring, which is consistent with the bail conditions originally ordered by the Court. (Dkts. 3, 31-32.)

## I. Legal Standard

The Bail Reform Act, 18 U.S.C. § 3143(a), provides that,

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (emphasis added). This statute "establishes a presumption in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) ("Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal.") (quotation marks omitted).

"Post-conviction, a defendant no longer has a substantive constitutional right to bail pending sentencing," because "the defendant is no longer entitled to the presumption of

innocence." *United States v. Madoff*, 316 F. App'x 58, 59 (2d Cir. 2009) (affirming denial of bail) (internal quotations omitted); *accord United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018) (same). "Unless the applicable Guidelines would not call for a term of imprisonment, the court "shall order that a person who has been found guilty of an offense and who is awaiting imposition . . . of sentence . . . be detained." *United States v. Nouri*, No. 07 Cr. 1029 (DC), 2009 WL 2924334 (S.D.N.Y. Sept. 8, 2009), at *2 (quoting 18 U.S.C. § 3143(a)(1)). "Accordingly, § 3143(a) places the burden on a defendant to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others or the community." *Madoff*, 316 F. App'x at 59.

## II. Discussion

Both Javice and Amar have significant foreign ties with countries that do not have extradition treaties with the United States and face substantial penalties as a result of their convictions. Their current bail conditions are also secured, at least in part, by assets that are either the proceeds of fraud or are likely to be the subject of criminal forfeiture in light of their convictions. Under these circumstances, the defendants are unable to rebut the statutory presumption, and a modest modification to their bail conditions to require both defendants to be subject to location monitoring is warranted.

First, both defendants have significant foreign ties with countries that do not extradite to the United States. Javice is a dual French and American citizen, with passports from both countries and both personal and professional ties to France. Javice's travel history reflects significant foreign travel to France, among other countries, in the years prior to Javice's arrest. Indeed, Javice was arrested at Newark Liberty International Airport, where she was booked to board an overseas flight. Amar, on the other hand, is not a U.S. citizen—he is an Israeli and Canadian citizen with lawful permanent resident status in the United States, and with significant ongoing ties to Israel. The Government understands that Amar has family who reside in both Israel and Canada, and Amar himself has lived in and traveled to Israel at various times throughout his life, including numerous trips to both Israel and Canada in the years prior to his arrest. As a result of his legal status, Amar is likely to be subject to removal from the United States after he serves any sentence imposed by this Court. Given that neither France nor Israel generally extradites their own citizens, were either or both of the defendants to flee to either country, "there would be no practical way for the United States to apprehend them." *United States v. Amanat*, 454 F. Supp. 3d 358, 363 (S.D.N.Y. 2020) (citing *United States v. Boustani*, 356 F. Supp. 3d 246, 255 (E.D.N.Y. 2019), *aff'd*, No. 19-344, 2019 WL 2070656 (2d Cir. Mar. 7, 2019)).

Second, and as a function of Friday's guilty verdicts, which reflect a significant change in the posture of this case, both defendants now face substantial prison sentences. Both defendants were convicted of conspiracy to commit wire and bank fraud, as well as substantive counts of wire fraud, bank fraud, and securities fraud. Both defendants played a central role in orchestrating and perpetuating the scheme. While the Government and the Probation Department have yet to calculate the applicable Guidelines ranges, there are multiple aggravating factors—including astronomical loss to the primary victim—that will yield lengthy advisory prison sentences for both defendants. The threat of a substantial prison sentence "that far exceed[s] the time they have spent in custody to date" only compounds both defendants' risk of flight. *Amanat*, 454 F. Supp. 3d 358, 363 (S.D.N.Y. 2020) (remanding defendants following conviction for various fraud-related

offenses where both defendants faced lengthy prison terms); *see also United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 3410015, at *2 (S.D.N.Y. July 12, 2018), *aff'd*, 738 F. App'x 32 (2d Cir. 2018) ("Defendant's conviction of crimes with an overall guidelines range of 87-108 months is a factor that increases his risk of flight. Defendant faces the prospect of a long imprisonment that very likely may make him reluctant to willingly submit to incarceration.") (citing *United States v. Londono-Villa*, 898 F.2d at 329-30 (2d Cir. 1990)). "[A] district court does not clearly err in concluding that a defendant facing a potentially lengthy prison sentence possesses a strong motive to flee." *United States v. Khusanov*, 731 F. App'x 19, 21 (2d Cir. 2018) (summary order).

Third, the defendants' current bail packages are not sufficient to address the risk of flight. Javice's $2 million bail package is secured by her personal residence in Miami, as well as two co-signers. Amar's $1 million bail package is secured by his residence on Long Island, as well as additional co-signers. Both properties—and in particular, Amar's residence, which was purchased and renovated in late 2021 using fraud proceeds—are likely to be subject to forfeiture in light of the defendants' convictions. While those conditions were sufficient to address the defendants' risk of flight prior to their convictions, the defendants' convictions are a significant change in circumstance that warrant modification of their current conditions. Nor do Javice's arguments that an ankle monitor inhibits her ability to teach an exercise class in any way override the statutory detention provisions of the Bail Reform Act. (Dkt. 371.)

Therefore, for the reasons set forth above, the Government respectfully requests that the Court modify the defendants' bail conditions to require both defendants to resume GPS location monitoring.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: _/s/_________________________
Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia V. Kostopoulos
Assistant United States Attorneys
212-637-2439 / -1247 / -2190 / -2212