# EXHIBIT A

```
 1              (In the robing room)

 2              THE COURT:  So who do we have here?

 3              MR. COGAN:  Johnathan Cogan, Sean Buckley and

 4  Mr. Amar.

 5              THE COURT:  Okay.

 6              MR. COGAN:  Maybe I could just give 30 seconds of

 7  context for what we have and what we can share.

 8              THE COURT:  Yeah.

 9              MR. COGAN:  So as was discussed outside in open court,

10  we, after reviewing the 3500 material that was produced by the

11  government at the end of last year, December, determined that

12  we had a defense that was, in our view, substantially

13  antagonistic to Ms. Javice.

14              THE COURT:  How so?

15              MR. COGAN:  And that we currently expect to run.

16              I am willing to share a written declaration or to tell

17  you verbally.  I want to be clear, particularly given what the

18  government just said before I do.  We don't want the government

19  or Ms. Javice's counsel to hear the details of our defense.  We

20  think that that would be prejudicial.  We want your Honor to

21  hear it so that you can make a determination about whether a

22  severance is appropriate.  But we would ideally like to share

23  this information with your Honor on the understanding that the

24  Court will keep it under seal and in camera until the trial

25  starts.
```

1          THE COURT:  This is under seal.  I decline to give any

2    kinds of representations because it would compromise my ability

3    to be a judge.  You're going to have to trust me.  And if you

4    don't, it's up to you.

5          MR. COGAN:  Understood, your Honor.

6          Then maybe what I can do is I can start with some

7    information, and you'll tell me to what extent you need to hear

8    more information.

9          I think what I can say is that we expect to argue at

10   trial, and to elicit evidence at trial, showing that Ms. Javice

11   misled not only the alleged victims in this case, the two

12   banks, but also Mr. Amar, about a number of different

13   representations that were being made to the banks about the

14   company that they were in the process of selling, and also

15   about the reason she was asking him to do certain things.

16          And so at a high level, as your Honor probably

17   appreciates, what the government is contending in this case is

18   that Ms. Javice tricked JP Morgan, another bank, an investment

19   adviser that was advising Frank, their company, and various

20   other sophisticated people, including Frank's general counsel,

21   and various other very sophisticated people about fundamental

22   information about Frank's business.  That's the government's

23   case.

24          Our defense is that she deceived us as well, and we

25   plan on both eliciting evidence to that effect and also arguing

1    to the jury that for the same reason the government is saying

2    that they should convict her for having deceived all of those

3    people, they should find that she deceived us as well; that we

4    are essentially a pawn in this and a victim ourselves, not a

5    co-accomplice.

6            THE COURT:  The material proposition is not whether

7    she deceived you.  The material proposition is whether you

8    knowingly deceived the government.  So the issue is Mr. Amar's

9    knowledge.  You will be able to elicit testimony of what

10   Ms. Javice said, but the conclusion whether they were deceptive

11   or not will be the jury's.  And it does not necessarily touch

12   upon Mr. Amar's knowledge.  So the government is going to have

13   to prove what Amar said or did or joined and that it was

14   knowing.  I don't see that it rises to a point of obstruction

15   or interference of either side's defense.  It is not sufficient

16   to prevent a jury trial.

17           MR. BUCKLEY:  Your Honor, if I may, one additional

18   point, and we fully appreciate everything the Court just said,

19   but --

20           THE COURT:  I want to tell you this:  This does not

21   preclude your ability at the time you exercise it to decide

22   whether or not Mr. Amar should testify.  Nothing you say here

23   is going to restrict you in any way.

24           MR. COGAN:  Thank you.

25           MR. BUCKLEY:  Thank you, Judge.  One additional

1  concern we have that goes to part of what your Honor just said

2  is █████████████████████████████

3  ████████████████████████████████████████

4  ███████████████████████████████████████

5  ███████████████████████████████████████

6  ████████████████████████████████████████

7  ███████████████████████████████████████

8  █████████████████████████████████████████

9      ████████████████████████████████████

10         ███████████████████████████████

11         THE COURT:  ████████████████████████

12  ██████████████████████████████████████

13  ████████████████████████████████████████

14  ██████    I don't see that as rising to the point where I have

15  to have a separate trial.

16         MR. BUCKLEY:  Understood, Judge, but just --

17         THE COURT:  I am fully advised.

18         MR. BUCKLEY:  Okay.  If I could just have one moment.

19  The only other point is not just with regard to Ms. Javice's

20  statements, but █████████████████████████

21  ████████████████████████████████████████

22  ██████████████████████████

23         THE COURT:  Well, I don't know if that's going to be

24  relevant or not and I can't say now.  But this is not stuff

25  that requires me to sever, and I'm not going to.

1              Okay.  Let's go out.

2    *          *          *          *          *          *

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25