# RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

April 27, 2026

**VIA ECF**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Defendant Charlie Javice respectfully moves this Court to modify her conditions of release to remove the requirement of GPS location monitoring and keep in place all other conditions including the $2 million bond, passport surrender, travel restrictions, and regular Pretrial Services check-ins.

## **BACKGROUND**

At the initial appearance and bond hearing on April 4, 2023, before Magistrate Judge Barbara C. Moses, the Court imposed several conditions of release, including a $2 million personal recognizance bond secured by Ms. Javice's personal residence in Miami and cosigned by her mother and father, the surrender of all passports with an agreement not to apply for new travel documents, and travel restrictions, among other conditions. ECF No. 3, 8, 9. No electronic monitoring was imposed at that time. See ECF No. 8 at 7.

Since April 2023, Ms. Javice has fully complied with all conditions of her release. In recognition of that compliance, the Court has twice modified her conditions to remove restrictions that were no longer necessary.

First, in December 2023, Ms. Javice moved to remove the curfew condition and, in its place, accept 24-hour location monitoring via GPS. ECF No. 71. The Court granted the motion. ECF No. 76

## RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

Second, in November 2024, Ms. Javice moved to remove GPS monitoring based on its adverse impact on her health and her ability to work as a fitness instructor. See ECF No. 173. The Court granted the motion. ECF No. 174.

Following the verdict in March 2025, the Government moved to reimpose GPS location monitoring. See Trial Tr. 3918:5–14; ECF No. 372. Ms. Javice opposed the application. See ECF No. 371. After a hearing on April 1, 2025, the Court ordered GPS monitoring reimposed but expressly invited Ms. Javice to propose an alternative package, stating:

> *So if you come up with a successful package you would be able to change the terms. All the conditions, plus ankle monitoring, will be imposed on Ms. Javice, but I intend to review those on the submission to me of the package approved by the pretrial service officers in Florida, the Southern District of Florida, that will give satisfactory evidence that there will not be flight or danger to the community.*

> ECF No. 378 at 37.

Ms. Javice now proposes an alternative package. In the immediate aftermath of the verdict and the approach of sentencing, Ms. Javice was confronting pressing personal and health matters that required her immediate attention, and she focused on those issues. Accordingly, she has endured the GPS ankle monitor for more than a year.

At sentencing on September 29, 2025, this Court granted Ms. Javice's application for release pending appeal pursuant to 18 U.S.C. § 3143(b). In doing so, the Court determined, among other things, that Ms. Javice has demonstrated by clear and convincing evidence that she is not likely to flee. ECF 450 at 77.  There is no dispute that Ms. Javice does not pose a danger to any other person or the community. See 18 U.S.C. § 3143(b)(1). The Court further found that Ms. Javice's appeal raises a substantial question of law or fact that can result in reversal or an order for a new trial. ECF 450 at 76.

**<u>ARGUMENT</u>**

2

RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

### I.    The Court Invited Ms. Javice to Propose an Alternative to GPS Monitoring That Would Be Deemed Satisfactory by Florida Pretrial Services

When the Court reimposed GPS monitoring on April 1, 2025, it did not treat the ankle bracelet as a permanent condition of release. To the contrary, the Court expressly directed Ms. Javice to propose an alternative package that would be satisfactory to Pretrial Services in Florida in assuring that she would not pose a flight risk or a danger to the community. ECF No. 378 at 37. Ms. Javice is now supervised by Probation, and presents an alternative package approved by her probation officer.

#### A. This Court Has Already Expressed Its Conviction That Ms. Javice Will Not Flee

This Court has already answered the central question posed by this motion. At sentencing, the Government urged the Court to find Ms. Javice a flight risk, pointing to the length of her sentence and the absence of an extradition treaty with France. This Court rejected that argument. After hearing from both sides, the Court stated: "I am convinced that she will not flee, that her life is here." ECF 450 at 77. The Court explained that fleeing would mean Ms. Javice would "have to make an entirely new and different life, separated from all her contacts, all her friends, her parents, and never be able to come to the United States again." *Id.* "I don't think she would want to do that." *Id.* And Ms. Javice confirmed what the Court already knew: "I intend to stay here and serve my sentence with dignity." *Id* at 78.

That was seven months ago. Since then, Ms. Javice has remained in full compliance with every condition of her release. If anything, the passage of time has only reinforced what this Court already found to be true.

#### B. Probation Does Not Oppose This Application

We have contacted Ms. Javice's Florida Probation Officer, Giuliana Lopez, to discuss the modification of her conditions. Officer Lopez has confirmed that Probation does not oppose Ms. Javice's request to remove GPS monitoring and does not recommend any alternate form of location monitoring. The Court's own directive at the April 1, 2025 hearing was that the package be "approved by the pretrial service officers" in Florida. ECF No. 378 at 37.

3

# RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

**II.    GPS Monitoring Is No Longer Necessary and Should Be Removed**

The Bail Reform Act requires that conditions of release be the least restrictive necessary to reasonably assure the defendant's appearance and the safety of any other person or the community. See 18 U.S.C. § 3142(c)(1)(B). This framework applies post-verdict because § 3143(b) provides that, if release is permitted, it must be ordered "in accordance with" § 3142(b) or (c).

This Court's decision to grant release pending appeal already embodies a judicial determination that Ms. Javice is not a flight risk. By granting bail under § 3143(b), the Court found, by clear and convincing evidence, that Ms. Javice is not likely to flee. This finding, combined with the factual record set forth below, renders GPS monitoring unnecessary.

### A. Three Years of Perfect Compliance Demonstrate Ms. Javice Is Not a Flight Risk

Ms. Javice's compliance record over the past three years has been, in the Court's own words, "perfect." ECF No. 378 at 5:3–5 (THE COURT: "She's had a perfect record up to now regarding court appearances."). She has appeared at every one of the pre-trial and post-trial hearings, was present for each of the 25 days of trial, and has consistently checked in with Pretrial Services as required. She has never missed a court appearance, never violated any condition of her bond, and has diligently reported to Pretrial Services as directed. The Government has never alleged otherwise. Her passports remain in the custody of the United States Government. Her bond remains secured by her home and her parents. This extended track record of full compliance is the most persuasive evidence available that Ms. Javice will continue to appear as required.

### B. The Several Remaining Conditions of Release Are Robust and Sufficient, and GPS Monitoring Provides Negligible Incremental Security

Even without GPS monitoring, the previously described conditions of Ms. Javice's release provide ample assurance of both her appearance and the safety of the community. Taken together, they offer far more meaningful deterrence against flight than an ankle bracelet. If Ms. Javice were to flee, she would forfeit her home, her parents' financial security, and her $2 million bond. She has no passport and no practical means of leaving the country. Moreover, Ms. Javice does not *want* to flee, she wants her appeal to be heard. Her family, her friends, and her entire life are in the United

# RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

States. A GPS monitor will not be the reason Ms. Javice does not flee; it is all of these other factors that ensure she will not.

GPS monitoring adds minimal security value beyond the conditions already in place. The GPS bracelet does not prevent flight, it merely records location. GPS monitoring is thus not a preventive measure but a tracking tool, and one whose marginal benefit is negligible where the defendant has no passport, a $2 million bond, and an unbroken three-year record of compliance.

### III.     The Government's Position

The Government has indicated its opposition to this application.

**<u>CONCLUSION</u>**

For the foregoing reasons, Ms. Javice respectfully requests that this Court modify her conditions of release to remove the requirement of GPS location monitoring. The existing conditions of release, including her $2 million bond co-signed by her parents, passport surrender, travel restrictions, and regular Pretrial Services check-ins, are more than sufficient to assure her appearance.

Respectfully submitted,

**Ronald S. Sullivan Jr.**
Ronald Sullivan Law PLLC
1300 I Street NW, Suite 400E
Washington, DC 20005
rsullivan@ronaldsullivanlaw.com
(202) 313-8313