# RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

June 2, 2026

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Defendant Charlie Javice respectfully renews her motion to modify her conditions of release to remove the requirement of GPS location monitoring. On May 28, 2026, the Court denied Ms. Javice's prior application, finding that she had "not presented an alternative bail package" as the Court had invited her to do in April 2025. ECF No. 508. Ms. Javice now presents that package: a doubled bond of $4 million, the SmartLINK phone-based location verification application recommended by her Florida Probation Officer, and the continuation of all other existing conditions of release.

## BACKGROUND

The procedural history of Ms. Javice's conditions of release is set forth in detail in her prior submission, ECF No. 500, and is incorporated by reference here. The following facts are most pertinent to this renewed application.

On April 1, 2025, after reimposing GPS monitoring, the Court expressly invited Ms. Javice to propose an alternative package, stating: "So if you come up with a successful package you would be able to change the terms. All the conditions, plus ankle monitoring, will be imposed on Ms. Javice, but I intend to review those on the submission to me of the package approved by the

## RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

pretrial service officers in Florida, the Southern District of Florida, that will give satisfactory evidence that there will not be flight or danger to the community." ECF No. 378 at 37.

At sentencing on September 29, 2025, the Court granted Ms. Javice's application for release pending appeal and found that she is not likely to flee. The Court stated: "I am convinced that she will not flee, that her life is here." ECF 450 at 77. The Court awarded bail "on the same terms and conditions as have been applying to date." ECF No. 457 at 81.

On May 28, 2026, the Court denied Ms. Javice's motion to remove GPS monitoring, finding that she had not presented the type of alternative proposal the Court had previously contemplated. ECF No. 508. Ms. Javice now does so.

**ARGUMENT**

**I.      Ms. Javice Now Presents the Alternative Bail Package Contemplated by the Court**

Ms. Javice's alternative bail package consists of three components.

First, Ms. Javice proposes to **double her bond from $2 million to $4 million**, secured by her personal residence in Miami and co-signed by both of her parents.

Second, Ms. Javice proposes to enroll in the **SmartLINK application** as an alternative to an ankle-mounted GPS device. SmartLINK is a smartphone application offered to this Court through the Southern District of Florida to monitor a defendant's location and identity. In practical terms, instead of wearing a bracelet on her ankle at all times, Ms. Javice would install an application on her cell phone. At random times, the application prompts her to "check in" by taking a live photograph of herself, and it simultaneously records the phone's GPS location; this allows Pretrial Services to confirm both that the person using the phone is in fact Ms. Javice and that where she is physically present. On information and belief, SmartLINK was first launched in or around 2018 and has been used since then in various federal supervision programs, so it is neither

2

experimental nor new. The Court and counsel discussed the SmartLINK option on the record at the April 1, 2025, hearing. See ECF No. 378 at 18–21.

Third, all other existing conditions of release would remain in full force: passport surrender, geographic and travel restrictions, no-contact conditions, and ongoing Florida Probation supervision.

This package directly responds to the Court's April 2025 directive and its May 2026 order. It provides location verification through SmartLINK, doubles the financial stake through the increased bond, and preserves every other condition currently in place.

## II.    Probation Supports This Package

Ms. Javice has resided in Miami and been supervised by the Southern District of Florida since April 2023. Ms. Javice's Florida Probation Officer, Giuliana Lopez, has been consulted regarding this proposed package. Officer Lopez initially confirmed that Probation does not believe GPS monitoring is necessary and does not oppose its removal. After being advised that the Court had denied Ms. Javice's prior request to remove GPS monitoring, Officer Lopez supported the alternative package proposed here: replacing the ankle monitor with SmartLINK and doubling the bond to $4 million.  Officer Lopez also provided the standard language Probation uses for the SmartLINK condition: "Virtual Mobile Application. You must allow pretrial services or supervising officer to conduct initial and periodic inspection of the mobile device and mobile application to verify that (1) the monitoring software is functional, (2) the required configurations, including location services, are unaltered, and (3) no efforts have been made to alter the mobile application."

The Court's April 2025 directive required a package "approved by the pretrial service officers" in Florida. ECF No. 378 at 37. This package carries that approval.

# RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

The Government has indicated its opposition to this application.

**III.     The Proposed Package Satisfies the Bail Reform Act's "Least Restrictive" Standard**

The Bail Reform Act requires that conditions of release be the least restrictive necessary to reasonably assure the defendant's appearance and the safety of any other person or the community. *See* 18 U.S.C. § 3142(c)(1)(B).

The proposed package provides the Court with robust safeguards enough to secure Ms. Javice's presence. A $4 million bond, double the current amount, secured by Ms. Javice's home and co-signed by both parents creates a powerful financial deterrent against flight. It also places real and substantial stakes on those closest to her, making any failure to appear not only personally ruinous but deeply harmful to the parents who have supported her throughout her life and pledged their own security for her compliance. SmartLINK provides real-time location verification without the physical pain and disproportionate burden of an ankle monitor. And the continuation of passport surrender, travel restrictions, and Probation supervision ensures that every other layer of assurance remains intact.

The ankle-mounted GPS device does not prevent flight, it merely records location. SmartLINK accomplishes the same function through less restrictive means. Where the defendant has a $4 million bond, no passport, an unbroken three-year record of compliance, and a phone-based verification system approved by Probation, the ankle monitor is no longer the least restrictive means of assuring her appearance.

## CONCLUSION

For the foregoing reasons, and with the support of Probation, Ms. Javice respectfully requests that this Court grant this renewed motion and modify her conditions of release to replace

## RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

the GPS ankle monitor with the SmartLINK application and to increase her bond from $2 million

to $4 million, with all other conditions of release remaining in place.

Respectfully submitted,

**Ronald S. Sullivan Jr.**
Ronald Sullivan Law PLLC
1300 I Street NW, Suite 400E
Washington, DC 20005
rsullivan@ronaldsullivanlaw.com
(202) 313-8313