U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 24, 2026

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Streets
New York, New York 10007

      Re:    *United States v. Charlie Javice*, **23 Cr. 251 (AKH)**

Dear Judge Hellerstein:

The Government respectfully writes in opposition to defendant Charlie Javice's renewed motion to modify her bail conditions to remove location monitoring. For the reasons that follow, the motion should be denied.

## I.    Legal Standard

The Bail Reform Act, 18 U.S.C. § 3143(a), provides that,

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (emphasis added). In addition, a defendant, like Javice, who has been sentenced to a term of imprisonment, must be detained unless the defendant establishes that her appeal "raises a substantial question of law or fact likely to result in" a new trial or a reduced sentence. *Id.* at § 3143(b)(1)(B). This statute "establishes a presumption in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) ("Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal.") (quotation marks omitted).

"Post-conviction, a defendant no longer has a substantive constitutional right to bail pending sentencing," because "the defendant is no longer entitled to the presumption of

innocence." *United States v. Madoff*, 316 F. App'x 58, 59 (2d Cir. 2009) (affirming denial of bail) (internal quotations omitted); *accord United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018) (same).  "Unless the applicable Guidelines would not call for a term of imprisonment, the court "shall order that a person who has been found guilty of an offense and who is awaiting imposition . . . of sentence . . . be detained." *United States v. Nouri*, No. 07 Cr. 1029 (DC), 2009 WL 2924334 (S.D.N.Y. Sept. 8, 2009), at *2 (quoting 18 U.S.C. § 3143(a)(1)).  "Accordingly, § 3143(a) places the burden on a defendant to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others or the community." *Madoff*, 316 F. App'x at 59.

## II.    Discussion

Javice's renewed motion to remove her ankle monitor should be denied.  As with her original motion, Javice's renewed motion appears to be premised on the apparent inconvenience of wearing an electronic monitor.  But Javice's request to loosen her bail conditions on those grounds is wholly unwarranted.  Nor are the alternative conditions she proposes sufficient.

First, the circumstances that prompted the Court to impose an electronic monitor remain unchanged.  Javice has been unanimously convicted by a jury of all four counts of the superseding indictment; has been sentenced to seven years' imprisonment; and was permitted to remain at liberty while her appeal is pending.  At the time of her conviction, the only modest modification to her bail conditions that the Government sought—with the support of Pretrial Services—was the reimposition of an electronic monitor.  That condition was wholly appropriate here.  Not only has Javice been convicted and sentenced to a substantial term of imprisonment—itself creating a significant risk of flight—Javice is a citizen of a foreign country that does not extradite its nationals. France does not generally extradite its own citizens, and were the defendant to flee to that country, "there would be no practical way for the United States to apprehend them." *United States v. Amanat*, 454 F. Supp. 3d 358, 363 (S.D.N.Y. 2020) (citing *United States v. Boustani*, 356 F. Supp. 3d 246, 255 (E.D.N.Y. 2019), *aff'd*, No. 19-344, 2019 WL 2070656 (2d Cir. Mar. 7, 2019)).  Electronic monitoring is necessary and appropriate under such circumstances, and indeed, is the standard form of monitoring used in the district for similarly situated defendants.

Nor has Javice carried her high burden in demonstrating that electronic monitoring should be removed.  As with her original motion, Javice appears to argue that her not violating her supervision entitles her to less restrictive bail conditions. That is incorrect.  Abiding by her conditions of release has, in effect and at this Court's largesse, allowed Javice to remain at large even following her conviction and sentence during the pendency of her appeal.  That is a significant benefit in itself to Javice, as violations of her pretrial release may have resulted in its revocation and her detention.

Even if Javice could carry her burden in demonstrating that her bail conditions should be further loosened, the proposed alternative conditions Javice proposes are wholly insufficient.  For one, the additional bond she proposes—from $2 million to $4 million—is dwarfed by the multimillion-dollar restitution and forfeiture orders still pending against her.  It is also secured by the same property as her current bail conditions.  Javice's proposal that her electronic monitoring be converted into a smartphone-based program is similarly unwarranted.  Unlike a physical electronic monitor, which immediately alerts Pretrial Services if it leaves a certain location or if it

is tampered with by a defendant, Javice's proposed alternative would reduce her supervision to periodic check-ins on her cellphone.  The ability to supervise Javice or effectively monitor her whereabouts would be all but eliminated if Javice simply left her cellphone behind at home.  It is for this reason that the alternative program Javice proposes is typically reserved for the lowest-risk defendants, and is wholly unsuitable here.

For the reasons set forth above, the Government respectfully requests that the Court deny the defendant's motion to loosen her bail conditions after being found guilty by a jury and sentenced to a substantial term of imprisonment by this Court

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    /s/_____
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia V. Kostopoulos
Assistant United States Attorneys
212-637-1247 / -2190 / -2212