# RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

June 27, 2026

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Ms. Javice respectfully submits this letter in reply to the Government's opposition to her renewed motion to modify her conditions of release. ECF No. 511.

The Government's opposition rests on the premise that because Ms. Javice has been convicted and sentenced, the ankle monitor should remain as a matter of course. But that is not the legal standard. The Bail Reform Act requires that conditions of release be the *least restrictive* necessary to assure the defendant's appearance and community safety. 18 U.S.C. § 3142(c)(1)(B). The question is whether it remains necessary for *this* defendant, given the totality of the conditions in place. It does not. Ms. Javice's Probation Officer has confirmed that she does not believe location monitoring is necessary. Nevertheless, Ms. Javice proposes to maintain regular location monitoring through SmartLINK, along with a doubled bond of $4 million and the continuation of every other existing condition. This is not a request to loosen Ms. Javice's conditions. It is a request to substitute a less burdensome means of accomplishing the same supervisory objective, one that Probation itself recommended.

The Government also argues that SmartLINK is insufficient because Ms. Javice could "simply leave her cellphone behind at home." ECF No. 511 at 3. But SmartLINK's check-in frequency can be tailored by the Court to whatever interval it deems appropriate, and any missed check-in triggers an immediate alert to Probation, just as a tampered ankle monitor would. More fundamentally, continuous real-time tracking is not the least restrictive means of monitoring a

## RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

defendant who has no passport, a $4 million bond secured by her home and her parents, and an unbroken three-year record of compliance. SmartLINK has been in use in federal supervision programs for several years and is recommended here by Ms. Javice's own Probation Officer.

Finally, the Government contends that the $4 million bond is "dwarfed" by outstanding restitution and forfeiture orders. But the purpose of a bond is to deter flight, not to collateralize restitution. Forfeiting $4 million, her home, and her parents' financial security is an overwhelming deterrent. As for France, this Court has already heard and rejected that argument. At sentencing, after the Government raised the absence of an extradition treaty, the Court stated: "I am convinced that she will not flee, that her life is here." ECF 450 at 77. Nothing in the Government's opposition identifies any changed circumstance since that finding.

Probation supports this package. This Court invited it. Ms. Javice respectfully asks that it be granted.

Respectfully submitted,

**Ronald S. Sullivan Jr.**
Ronald Sullivan Law PLLC
1300 I Street NW, Suite 400E
Washington, DC 20005
rsullivan@ronaldsullivanlaw.com
(202) 313-8313

2